1 Michael S. Myers, SBN 305011
Sara Shahbazi, SBN 351498
2 **BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
3 Los Angeles, CA 90067-2915
Telephone: 424.204.4400
4 Facsimile: 424.204.4350
E-mail: myersm@ballardspahr.com
5         shahbazis@ballardspahr.com

6 *Attorneys for Arixa Capital Corporation*, servicer for *Churchill MRA Funding I LLC*

7 **UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
8 **LOS ANGELES DIVISION**

9 In re:                          Case No.: 2:25-bk-15221-BB

10 Mitra Sara Zall,                Chapter 7

11                Debtor.          **MEMORANDUM OF POINTS AND
                                   AUTHORITIES IN SUPPORT OF MOTION
12                                 FOR RELIEF FROM THE AUTOMATIC
                                   STAY**

13

14

15     Arixa Capital Corporation ("Servicer"), on behalf of Churchill MRA Funding I LLC,

16 submits the following memorandum of points and authorities in support of its Motion for Relief

17 From the Automatic (the "Motion").  Relief from the automatic stay is appropriate under 11 U.S.C.

18 § 362(d)(1) to allow Lender to exercise its rights and remedies under California law.

**I.**

19 **BRIEF STATEMENT OF FACTS**

20     On or about July 15, 2021, Crosswind Mortgage REIT, L.P. ("Original Lender") made a

21 loan in the original principal amount of $6,200,000.00 (the "Loan") to 155 N Anita, LLC

22 ("Borrower"), as evidenced by the Secured Note dated of even date (the "Note").  *See* Real Property

23 Declaration ("Roades Decl."), Exhibit A.  The Loan is secured by a Deed of Trust dated as of July

24 15, 2021, recorded in the Official Records of the County of Los Angeles, State of California as

25 Instrument Number 20211138740 (as the same may be amended or modified from time to time, the

26 "Deed of Trust"), encumbering real property located at 155 North Anita Avenue, Los Angeles,

27 California 90049 (the "Property").  *See* Roades Decl., Exhibit B.  The Note, the Deed of Trust, and

28

*(left margin vertical text: Ballard Spahr LLP / 2029 Century Park East, Suite 1400 / Los Angeles, CA 90067-2915)*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

any related documents or instruments executed in connection with the Loan (excluding the Guaranty, which is defined below) are referred to collectively as the "<u>Loan Documents</u>."

According to the Debtor's Schedules, the Debtor is a 98% owner of Borrower.[1]  *See* ECF No. 1 at 12, 15-15 (Schedules A/B).

On or about June 27, 2022, Original Lender assigned the Loan to Crosswind QRS 1 ("<u>Second Lender</u>") pursuant to that certain assignment.  On or about November 1, 2023, Second Lender entered into that certain Modification of Note and Deed of Trust Agreement with Borrower, which among other things increased the principal amount of the Loan to $8,000,000.00.  On or about September 13, 2023, as more fully set forth in the Roades Suppl. Decl. ¶ 7–8, Second Lender assigned the Loan to Crosswind QRS3, LLC (the "<u>Third Lender</u>"), and Third Lender subsequently assigned the Loan to Lender.  *See* Roades Suppl. Decl., Exhibit F.

Borrower defaulted on its obligations under the Note and Loan Documents, and consequently, on March 26, 2025, Lender recorded a Notice of Default and Election to Sell Under Deed of Trust (the "<u>Notice of Default</u>") in the Official Records of Los Angeles County as Instrument No. 20250194358.  *See* Roades Suppl. Decl., Exhibit G.

On June 20, 2025, the Debtor filed a voluntary petition for chapter 7 relief.  The Debtor scheduled Lender[2] as a secured creditor and the Property as real property that she owns or has an interest in, despite the fact that Borrower—not the Debtor—is in fact the owner of the Property.  Out of an abundance of caution, Lender seeks entry of an order confirming that the stay is not in effect as to the Property, or in the alternative, relief from the automatic stay so that Lender may utilize remedies available under applicable state law and the Loan Documents.

**II.**
**<u>ARGUMENT</u>**

**A.    LENDER IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY BECAUSE THE DEBTOR DOES NOT HOLD AN INTEREST IN THE PROPERTY.**

---

[1] The Debtor's husband, Sasha Zall, is the 2% owner of Borrower.  Mr. Zall is a debtor in his own chapter 7 case in this Court under Case No. 25-bk-15218-BR.

[2] The Debtor scheduled Arixa Capital as the creditor holding this obligation.  *See* ECF No. 1 at 21 (Schedule D).  Arixa Capital is the servicer and Lender is the holder of the Note.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

A creditor may be granted relief from a stay "for cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1); *Silver Sage Ptnrs., Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 327 F.3d 930, 935 (9th Cir. 2003). The Bankruptcy Code does not provide a definition of "cause," and thus, courts must determine when discretionary relief is appropriate on a case-by-case basis. *See In re Delaney-Morin*, 304 B.R. 365, 369 (B.A.P. 9th Cir. 2003). The Bankruptcy Code does not define adequate protection, but illustrates what may constitute such protection. Section 361 provides a non-exclusive list of examples, as follows:

> (a) requiring cash payments to the secured creditor to the extent the continuation of the stay results in a decrease in value of the collateral;
> (b) providing the secured creditor with an additional or replacement lien on property to the extent that the continuation of the stay results in a decrease in value of the collateral; or
> (c) granting such relief to the secured creditor as will result in the creditor's realization of the "indubitable equivalent" of its interest in the collateral.

11 U.S.C. § 361. "'In addition to lack of adequate protection, cause can be established by virtue of other factors and is to be determined on a case-by-case basis. *In re Tucson Estate, Inc.*, 912 F.2d 1162 (9th Cir. 1990).

To obtain relief from the automatic stay, the party seeking relief must first establish a prima facie case that "cause" exists for relief under section 362(d)(1). *See Duvar Apt., Inc. v. Fed. Deposit Ins. Corp. (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir. BAP 1996). Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted. *In re Duvar Apt., Inc.*, 205 B.R. 196 (B.A.P. 9th Cir. 1996). The debtor carries the burden of proof to establish adequate protection and that cause does not exist to grant the relief requested. 11 U.S.C. § 362(g).

Relief from the automatic stay is appropriate here because the Debtor does not hold an interest in the Property. Rather, the Debtor discloses in her Schedules that she owns a 98% interest in the limited liability company that owns the Property. As such, it does not appear that the Debtor is even attempting to claim an interest in the Property personally. However, to the extent she is claiming such an interest, it would be incorrect, as the Property is not part of the Debtor's estate.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

The stay operates as to all legal or equitable interests of the debtor in property as of the commencement of the case and it does not operate as to property that is not part of the estate. 11 U.S.C. §§ 362(a), 541(a). A debtor's discharge "does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e). Borrower is a non-debtor and is obligated to Lender on the Loan per the express written terms of the Loan Documents. *See also Ivanhoe Bldg. & Loan Ass'n of Newark, N.J. v. Orr*, 295 U.S. 243 (1935) (claim of creditor against third party obligor not impacted by the treatment of jointly and severally liable claim guarantor). Here, Borrower, a non-debtor entity, not the Debtor, is the obligor under the Loan Documents and the legal owner of the Property.

An individual debtor who owns an interest in a limited liability company is not the owner of real property that is owned by that limited liability company and therefore does not hold an interest in that property. *See In re Schaefers*, 623 B.R. 777, 785 (B.A.P. 9th Cir. 2020) (holding that debtor could not claim homestead exemption in real property owned by limited liability company in which he held an interest as debtor did not own the real property); *In re Breece*, 487 B.R. 599 (B.A.P. 6th Cir. 2013) (holding that debtor's "membership interest in the LLC does not grant her an interest in the real property owned by the same LLC"). *See also In re Brittain*, 435 B.R. 318, 322 (Bankr. D.S.C. 2010) (find that individual debtors had no legal ownership interest in the property as the property was titled in the name of the LLC, the promissory note was made by the LLC, and the LLC granted a lien to the lender).

The Debtor does not hold a legal ownership interest in the Property, therefore good cause exists for relief from the automatic stay under 11 U.S.C. § 362(d)(1) to allow Lender to proceed with the exercise of its state law remedies, including but not limited to, foreclosure under the Deed of Trust.

**B.    BORROWER'S FAILURE TO INSURE THE PROPERTY IS CAUSE FOR RELIEF FROM THE AUTOMATIC STAY.**

Even if Borrower were in bankruptcy such that the automatic stay applied, there would be cause for relief from the automatic stay due to Borrower's failure to insure the Property. What constitutes cause to terminate the stay is determined on a case-by-case basis. *In re Delaney-Morin*,

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

304 B.R. 365, 369 (B.A.P. 9th Cir. 2003). One example of "cause" prescribed by the statute is a lack of adequate protection. *See* 11 U.S.C. § 362(d)(1); *see also In re Ellis*, 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985). A "secured creditor lacks adequate protection if the value of its collateral is declining as a result of the stay. It must, therefore, prove this decline in value -- or the threat of a decline -- in order to establish a prima facie case." *In re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994). "Such 'threats' include the failure to maintain property insurance or the failure to keep the property in a good state of repair. *Id.* at fn. 9 (citing *In re Brown*, 78 Bankr. 499, 503 (Bankr. S.D. Ohio 1987)). Bankruptcy courts have recognized that the failure to pay property taxes and insure property constitute cause for relief from the automatic stay. *See In re Russell*, 567 B.R. 833, 840 (Bankr. D. Mont. 2017) (finding lack of adequate protection where debtor had failed to pay property taxes and insurance). The failure of a debtor to maintain property insurance may also constitute a lack of adequate protection. *See Delaney-Morin*, 304 B.R. at 370 n.3; *Matter of Holly's, Inc.*, 140 B.R. 643, 696 (Bankr. W.D. Mich. 1992) ("[A]s adequate protection, courts require that the debtor maintain adequate insurance. Property insurance coverage is required because of the *foreseeable risk* to the secured creditor—the possible jeopardy to the collateral while it is under the control of a debtor.") (emphasis in original).

Even if the Debtor had some legal ownership interest in the Property or if Borrower had filed bankruptcy, cause exists for relief from the automatic stay due to Borrower's failure to maintain insurance coverage on the Property. Lender requires that Borrower maintain proper insurance coverage and Borrower's failure to do so constitutes cause. Borrower's failure to maintain proper insurance has already harmed Lender and continues to harm Lender. The Property caught fire on or around January 2025 and at the time of the loss there was no property insurance in place. *See* ECF No. 1 at 45 (SOFA). Since the fire, Borrower did not obtain proper insurance and there is a significant risk of further damage to the Property. Borrower's failure to maintain insurance coverage therefore constitutes additional cause for relief from the automatic stay under 11 U.S.C. § 362(d)(1) to allow Lender to proceed with the exercise of its state law remedies, including but not limited to, foreclosure under the Deed of Trust.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

**III.**
**CONCLUSION**

Based on the foregoing, cause exists under 11 U.S.C. § 362(d) to grant Lender relief from the automatic stay.  Lender should be allowed to exercise all of its rights and remedies available to it under applicable non-bankruptcy California law and foreclose on the Property, and granted such other and further relief as requested in the Motion and as the Court may deem appropriate under the circumstances of this case.

Dated: August 6, 2025

By:  */s/ Michael S. Myers*
     Michael S. Myers, SBN 305011
     Sara Shahbazi, SBN 351498
     **BALLARD SPAHR LLP**
     2029 Century Park East, Suite 1400
     Los Angeles, CA 90067-2915
     Telephone: 424.204.4400
     Facsimile: 424.204.4350
     E-mail: myersm@ballardspahr.com
           shahbazis@ballardspahr.com

     Attorneys for *Arixa Capital Corporation*, servicer for *Churchill MRA Funding I LLC*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**