DAVID A. WOOD, #272406
dwood@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
WESLEY H. AVERY

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MITRA SARA ZALL,<br><br>Debtor. | Case No. 2:25-bk-15221-BB<br><br>Chapter 7<br><br>LIMITED OPPOSITION AND REQUEST FOR CONTINUANCE RE: MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY); DECLARATION OF WESLEY H. AVERY IN SUPPORT<br><br>Date:      September 2, 2025<br>Time:      10:00 a.m.<br>Ctrm:      Courtroom 1539<br>Location:  255 E. Temple Street<br>           Los Angeles, CA 90012 |

TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE

OFFICE OF THE UNIED STATES TRUSTEE, DEBTOR, AND ALL INTERESTED PARTIES:

Wesley H. Avery, the duly appointed Chapter 7 Trustee ("Trustee Avery") for the

bankruptcy estate ("Mitra Estate") of Mitra Sara Zall ("Debtor"), bankruptcy case no. 2:25-bk-

15221-BB ("Bankruptcy Case"), respectfully submits this Opposition ("Opposition") to the Motion

for Relief from the Automatic Stay under 11 U.S.C. § 362 ("Motion") regarding the real property

located at 155 North Anita Avenue, Los Angeles, CA 90049 ("Residence") filed by Arixa Capital

Corporation, servicer for Churchill MRA Funding I LLC ("Arixa") on August 6, 2025, as Docket

No. 29.

OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

## 1.    Summary of Argument

Arixa seeks relief from the automatic stay regarding its wish to exercise its nonbankruptcy remedies against collateral, which is residential real property that is currently listed for sale on the Multiple Listing Service. Both the debtor in the above-captioned case, Mitra Zall, and her son, a debtor in an associated bankruptcy case, have fractional interests in the limited liability company that holds title to the collateral, with the Mitra Estate holding a 98% supermajority of the ownership interest in the LLC. While the Bankruptcy Court at a hearing today granted Arixa's motion for relief from the automatic stay with respect to the 2% owner's bankruptcy case, the result before this Court for the 98% owner should be significantly different, because this Debtor has a substantial economic interest in the disposition of the Residence. Based on the schedules and the secured debt set forth in the Motion, there appears to be an equity cushion in the property of around $1 million and insufficient cause stated in the Motion itself to grant relief from the automatic stay. To permit Trustee Avery sufficient time to further investigate the value and benefit of administering the property, Trustee Avery respectfully requests that this Motion be continued for approximately sixty days.

To be transparent, the Honorable Barry Russell has granted relief from stay as to the Sasha Bankruptcy Case (as defined below), which is the companion case to the instant matter. However, Trustee Avery still requests time to investigate the value of the Residence (as defined below) and certain issues related to the underlying loan and documents. Moreover, the Debtor in this case has an interest in the Residence which is 49 times greater than that of her son, who is just a 2% minority owner.

## 2.    Factual Background

On June 20, 2025 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of Title 11, commencing bankruptcy case no. 2:25-bk-15221-BB (previously defined as "Bankruptcy Case"). Wesley H. Avery is the Chapter 7 trustee for the Mitra Bankruptcy Case.

In her Schedules, Debtor disclosed a property owned by 155 N. Anita LLC ("Anita LLC"), of which Debtor owns a 98% interest, which real property is located at 155 N. Anita Ave., Los

OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Angeles, CA 90049 ("Residence"), with an estimated value of $12,300,000. An exemption of $32,000 was claimed in the Residence. Trustee is informed that Debtor and her family formerly lived at the Residence before it was remodeled and substantially upgraded; however, during the remodeling process, Debtor's husband unfortunately passed away.

On the same date, Sasha Zall ("Sasha") also filed a voluntary petition under Chapter 7 of Title 11, commencing Case No. 2:25-bk-15218-BR ("Sasha Bankruptcy Case"). Brad D. Krasnoff is the trustee for the Bankruptcy Case. Sasha disclosed a 2% interest in Anita LLC in his schedules.

On August 6, 2025, as Dk. No. 29, Arixa filed the Motion. As set forth in the Motion, the basis for the debt owed to Arixa is a loan in the original principal amount of $6,200,000 made from Crosswind Mortgage REIT, L.P. on July 15, 2021, which is less than four years prior to the Petition Date. Although the original principal balance of the loan was $6,200,000, the principal amount was "increased" to $8,000,000 on November 1, 2023 (an increase of $1,800,000 in less than 16 months), and further increased to $9,000,000 on or about February 20, 2024 (a further increase of $1,000,000 in three months). Arixa now represents that the outstanding balance owed is $10,905,978.18, which is substantially less than the scheduled value of the Residence. Moreover, Sasha and the Debtor have contended that the debt against the Residence, and the increase in the principal balance of the loan, may violate applicable California and/or federal laws. Trustee requires additional time to investigate these claims, and has sought the opinion of specialized counsel to investigate these claims.

### a. The Sasha Bankruptcy Case Relief from Stay

On July 22, 2025, as Dk. No. 10, Arixa filed a relief from stay in the Sasha Bankruptcy Case ("Sasha RFS Motion"). Request for Judicial Notice ("RJN"), Ex. 1.[1] Trustee Avery filed a limited opposition requesting a 60 day continuance. RJN Ex. 3. At the scheduled hearing on August 19, 2025, the Honorable Barry Russell granted the Sasha RFS Motion, but stated he would hold the order for approximately seven (7) days. Additionally, at the hearing on the Sasha RFS Motion, Arixa represented to the Court that it was open to considering offers from the Debtor and Trustee to cooperate with a consensual sale of the Residence, if possible. Additionally, Arixa stated on the

---

[1] Trustee is attaching the operative pleadings for the related motion as RJN Exhs. 1-4 for the Court's reference.

1  record that it had force-placed insurance on the Residence, which contradicts its statements in the

2  Motion that there is no insurance.

3  **3.    Legal Argument**

4      **A.    The Motion fails to demonstrate adequate cause for relief from stay**

5          **under 11 U.S.C. § 362(d)(1).**

6      Relief from stay may be granted "for cause, including the lack of adequate protection of an

7  interest in property of such party in interest." 11 U.S.C. § 362(d)(1). "In any hearing under

8  subsection (d) or (e) of this section concerning relief from the stay… (1) the party requesting such

9  relief has the burden of proof on the issue of the debtor's equity in property…" 11 U.S.C. §

10  362(g)(1). "[T]he existence of an equity cushion, standing alone, can provide adequate protection…

11  A sufficient equity cushion has been found to exist although not a single mortgage payment had been

12  made." *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984); *In re Avila*, 311 B.R. 81, 84 (Bankr. N.D.

13  Cal. 2004) ("Where a creditor is adequately protected by a large equity cushion, the debtor would

14  suffer a substantial loss in the event of foreclosure, and no economic harm to the creditor would

15  result, relief from stay should not automatically follow a default in payment.").

16      The Motion inaccurately calculates the amount of the equity cushion in the Residence: Arixa

17  states that the fair market value of the Residence is $, which is the scheduled value. *See* Motion, pg.

18  8, ¶ 11(d). Then, Arixa represents that the total debt against the Residence is $11,084,228.18. *See id.*,

19  ¶ 11(e). Subtracting the fair market value that Arixa agrees to, from the total debt owed, the equity

20  cushion is $1,162,163.03 (approximately 9.5% of the FMV); however, Arixa states that the equity

21  cushion is $0 and 0%. *See id.*, ¶ 11(g). No other basis for relief from stay, including that the fair

22  market value is declining, is selected in the Motion.[2] Therefore, the Motion fails to demonstrate that

23  there is good cause for relief from stay based on the record before the Court. Furthermore, the 98%

24  beneficial owner of Anita LLC is the Debtor, and the Debtor has a beneficial and equitable interest

25  in the Residence through her 98% interest in Anita LLC.

26

27  [2] At the hearing on the substantially identical Sasha RFS Motion, Arixa's counsel argued that the
    memorandum of points and authorities made the argument that the Debtor themselves did not own
28  the Residence, and therefore the Court should grant relief from stay.

OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Specifically, if the Residence hypothetically sells for the scheduled value of $12 million, and there are $11 million of liens to be paid, the Debtor's equitable interest in the Residence, through Anita LLC, is 98% of that equity, or $980,000. Granting the Motion, as set forth on the record at the Sasha RFS Motion, might result in further litigation and the filing of a subsequent bankruptcy case for Anita LLC if Arixa insists on immediately seeking to foreclose the Residence without giving the Trustee and the Debtor an opportunity to see if they can maximize the value of the Residence through an open market sale. While a foreclosure is looming, buyers may have no incentive to make an offer to the Trustee, and instead wait to bid on the foreclosure

**B.**     **If Arixa does not stipulate to a continuance, the Court should grant a continuance to permit the Trustee to investigate the value of the Residence, if any.**

As set forth above, there appears to be substantial value over and above the asserted secured debt against the Residence. In addition to the potential non-encumbered value of the Residence, Trustee Avery is investigating whether there is a basis to seek a reduction in the amount of principal, interest, and penalties, including default interest, purportedly charged by Arixa. *See East West Bank v. Altadena Lincoln Crossing, LLC*, 598 B.R. 633, 641 (C.D. Cal. 2019). Indeed, Trustee is informed that there were a number of loan modifications including a fourth modification agreement which provided that a balloon payment of **$9,097,500** was due on ***February 1, 2025***, which is only around four months prior to the Petition Date. The Motion does not provide a methodology for calculating a $2 million addition from the $9,000,000 principal balance, especially over a matter of months.

To that end, Trustee has begun his investigation and discussed the matter with special litigation counsel on the matter. Again, Trustee is still in his initial investigation, but notes that any increased note rate (and any fees/costs for the same) may be usurious unless the extension was "made or arranged" by a DRE licensee or an entity currently registered according to California Finance Lending laws.  *See Milestone Financial, LLC v. Moon (In re Moon)*, 648 B.R. 73, 81-82 (B.A.P. 9th Cir. 2023); See, also, SB 1146 (allowing for ANY broker to secure the extension and exemption); *see also Moore v. Hill*, 188 Cal.App.4th 1267, 1280 (2010). And, prior to maturity (or

1  during any forbearance), default interest and associated late fees may be uncollectible and

2  unenforceable, or unconscionable.  *See* Cal. Civ. Code §§ 1670.5(a), 1671; *De La Torre v. CashCall,*

3  *Inc.*, 854 F.3d 1082, 1085 n.1 (9th Cir. 2017); *OTO, LLC v. Kho*, 8 Ca.5th 111, 126 (2019); *Ridgley*

4  *v. Topa Thrift & Loan Assn*., 17 Cal. 4th 970 (1998); *Garrett v. Coast & Southern Fed. Sav. & Loan*

5  *Assn.,* 9 Cal. 3d 731 (1973); and *Honchariw v. FJM Priv. Mortg. Fund, LLC*, 83 Cal.App.5th 893

6  (2022); See also, Civil Code § 2954.5; Cal Fin Code § 4973. After the hearing on the Sasha RFS

7  Motion, Trustee Avery has verbally requested documents from Arixa to investigate the validity of

8  the secured debt, and is anticipating receiving the requested documents in the near future; if the

9  documents are not produced, Trustee Avery will propound formal written discovery in order to

10  further the investigation.

11      While Trustee Avery investigates the validity and enforceability of this loan, and also

12  explores whether the market value of the Residence is sufficient to generate value in a sale, he

13  respectfully requests that the Motion be continued for approximately sixty days, during which time

14  he can make a determination of whether there is administrable value in Anita LLC, including

15  whether to file litigation against secured creditors to determine the validity, priority, and enforceable

16  extent of the secured claims asserted or negotiate with creditors as well. Furthermore, because the

17  value of the Residence increased from $2,750,000 to over $11-12 million since 2009, there is a

18  concern over whether there is any taxable gain liability that could arise from the sale of the

19  Residence; Trustee Avery has employed accountants to provide a tax opinion.

20  **4.   Conclusion**

21      For the reasons stated above, Trustee requests that the Court enter an order continuing the

22  hearing for approximately sixty days for Trustee Avery to further investigate the value of this

23  property and the Debtor's equitable interest in the Residence through her 98% stake in the LLC.

24  Dated:  August 19, 2025                              MARSHACK HAYS WOOD LLP

25          By:  _/s/ David A. Wood_____

26              DAVID A. WOOD
            TINHO MANG

27              Attorneys for Chapter 7 Trustee,
            WESLEY H. AVERY

28

OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

# Declaration of Wesley H. Avery

I, WESLEY H. AVERY, declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      I am the Chapter 7 Trustee of the Bankruptcy Estate of Mitra Sara Zall ("Debtor"), bankruptcy case no. 2:25-bk-15221-BB. Debtor stated in her schedules that she owned 98% of the membership interest in 155 N. Anita, LLC ("Anita LLC") which in turn owns the real property commonly known as 155 N. Anita Ave., Los Angeles, CA ("Residence"), a real property in which I am informed the debtor and her family lived.

3.      I make this Declaration in support of my Opposition ("Opposition") to the Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Real Property) filed by Arixa Capital Corporation, servicer for Churchill MRA Funding I LLC ("Arixa") on August 6, 2025, as Docket No. 29 in the bankruptcy case of Sasha Zall.

4.      I have been in contact with Brad D. Krasnoff, the Chapter 7 trustee of the related bankruptcy case, Sasha Zall ("Sasha"), Case No. 2:25-bk-15218-BR ("Sasha's Bankruptcy Case"), and also Sasha's counsel Sanaz Bereliani, and have engaged counsel to investigate the validity, extent, and enforceability of the secured debt against the Residence. I require additional time to further investigate the history of the loan, disbursements, and loan modifications, and also determine whether the Debtor accurately scheduled the value of the Residence, which is currently listed for sale. If the Residence sells for the scheduled value, there appears to be over $1 million of unencumbered value just based on the numbers provided by Arixa, of which my bankruptcy estate would receive 98% for the benefit of creditors.

5.      My counsel and I have begun our investigation and discussed the matter with special litigation counsel on the matter. My counsel has requested documents from Arixa as to the same, and is anticipating receiving the requested documents in the near future. If Arixa consents to me proceeding to market the Residence for sale to see if sufficiently high offers can be obtained and negotiated, I believe that is in the best interests of the Estate.

6.      I am informed that the lender stated on the record at a hearing today that it had force-

OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

placed insurance on the Residence.

       7.    I respectfully request that the Court grant a continuance of 60 days to permit me sufficient time to further investigate the value of this Residence. I do not believe that such a continuance will cause undue prejudice to any party, and will help to preserve the assets of this Estate.

      I declare under penalty of perjury that the foregoing is true and correct. Executed on August 19, 2025.

_____
WESLEY H. AVERY

OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Request for Judicial Notice

Wesley H. Avery, the duly appointed Chapter 7 Trustee ("Trustee Avery") for the

bankruptcy estate ("Mitra Estate") of Mitra Sara Zall ("Debtor"), bankruptcy case no. 2:25-bk-

15221-BB ("Mitra Bankruptcy Case"), hereby requests, pursuant to Federal Rule of Evidence 201,

that this Court take judicial notice of the following publicly available records:

| NO. | DOCUMENT |
|-----|----------|
| 1 | Notice of motion and motion for relief from the automatic stay ("RFS"), filed by Creditor Arixa Capital Corporation ("Arixa"), on July 22, 2025, as Dk. No. 10, in the bankruptcy case of Sasha Zall ("Sasha Zall"), Case No. 2:25-bk-15218-BR ("Sasha Bankruptcy Case"). |
| 2 | Opposition to RFS filed by Sasha Zall, on August 5, 2025, as Dk. No. 16, in the Sasha Bankruptcy Case. |
| 3 | Opposition to RFS filed by Wesley H. Avery, on August 5, 2025, as Dk. No. 17, in the Sasha Bankruptcy Case. |
| 4 | Reply in support of RFS filed by Arixa, on August 12, 2025, as Dk. No. 18, in the Sasha Bankruptcy Case. |

Dated:  August 19, 2025

MARSHACK HAYS WOOD LLP

By:  */s/ David A. Wood*
 DAVID A. WOOD
 TINHO MANG
 Attorneys for Chapter 7 Trustee,
 WESLEY H. AVERY

9

OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**EXHIBIT 1**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael S. Myers, SBN 305011<br>Sara Shahbazi, SBN 351498<br>BALLARD SPAHR LLP<br>2029 Century Park E, Ste 1400<br>Los Angeles, CA 90067-2915<br>Telephone: 602-798-5446<br>Fax: 424-204-4350<br>Email:  myersm@ballardspahr.com<br>Email: shahbazis@ballardspahr.com<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>Sasha Zall<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 25-bk-15218-BR<br><br>CHAPTER: 7<br><br>**NOTICE OF MOTION AND MOTION<br>FOR RELIEF FROM THE AUTOMATIC<br>STAY UNDER 11 U.S.C. § 362<br>(with supporting declarations)<br>(REAL PROPERTY)**<br><br>DATE: 08/19/2025<br>TIME:  10:00 AM<br>COURTROOM: 1668 |
|---|---|

**Movant:** Arixa Capital Corporation, servicer for Churchill MRA Funding I LLC

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367      ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

EXHIBIT 1, PAGE 10

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 07/22/2025

Ballard Spahr LLP
Printed name of law firm (if applicable)

Michael S. Myers
Printed name of individual Movant or attorney for Movant

/s/ Michael S. Myers
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 2                    **F 4001-1.RFS.RP.MOTION**

EXHIBIT 1, PAGE 11

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☒ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*specify):*

2. **The Property at Issue (Property):**

   a. Address:

   *Street address*: 155 North Anita Avenue
   *Unit/suite number*:
   *City, state, zip code*: Los Angeles, California 90049

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit __B__ ):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary   bankruptcy petition under chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13 was filed on (*date*) __06/20/2025__ .

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*date*) _____.

   c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay**:

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☒ Movant's interest in the Property is not adequately protected.

   (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

   (B) ☒ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

   (C) ☒ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☐ The bankruptcy case was filed in bad faith.

   (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

   (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

   (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   (F) ☐ Other (*see attached continuation page*).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                Page 3                        **F 4001-1.RFS.RP.MOTION**

EXHIBIT 1, PAGE 12

(3) ☐ (*Chapter 12 or 13 cases only*)

    (A) ☐ All payments on account of the Property are being made through the plan.
        ☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12
        trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not
        been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on (*date*) _____,
    which is  ☐ prepetition  ☐ postpetition.

(6) ☒ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to
    § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or
    30 days after the court determined that the Property qualifies as "single asset real estate" as defined in
    11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay,
    hinder, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or
        court approval; or

    (2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have
    been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed
    with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion:  (D**eclaration(s) MUST be signed under penalty of perjury and attached to this
**motion)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☒ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set
    forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case
    commencement documents are attached as Exhibit  C_____.

d. ☐ Other:

7. ☒ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☒ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date: _07/22/2025_

Ballard Spahr LLP
_____
Printed name of law firm (*if applicable*)
 Michael S. Myers
_____
Printed name of individual Movant or attorney for Movant

/s/ Michael S. Myers
_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) Robert Roades _____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant.

   b. ☒ I am employed by Movant as (*state title and capacity*): Vice President of Risk Management at
      Arixa Capital Corporation ("Servicer"), the servicer for Churchill MRA Funding I LLC ("Lender")

   c. ☐ Other (*specify*):

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (*see attached):*

3. The Movant is:

   a. ☐ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit A____.

   b. ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit B____.

   c. ☒ Servicing agent authorized to act on behalf of the:
      ☒ Holder.
      ☒ Beneficiary.

   d. ☐ Other (*specify):*

4. a. The address of the Property is:

      *Street address*: 155 North Anita Avenue
      *Unit/suite no.*:
      *City, state, zip code*: Los Angeles, California 90049

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
      Instrument No. 20211138740 recorded in the official records of the Recorded of Los Angeles County, California

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 6                    **F 4001-1.RFS.RP.MOTION**

EXHIBIT 1, PAGE 15

5.  Type of property (*check all applicable boxes*):

    a. ☐  Debtor's principal residence          b. ☒  Other residence
    c. ☐  Multi-unit residential                d. ☐  Commercial
    e. ☐  Industrial                       f. ☐  Vacant land
    g. ☐  Other (*specify*):

6.  Nature of the Debtor's interest in the Property:

    a. ☐  Sole owner

    b. ☐  Co-owner(s) (*specify*):

    c. ☐  Lienholder (*specify*):

    d. ☒  Other (*specify*):Property is owned by 155 N Anita, LLC and Debtor is a 2% owner of 155 N Anita, LLC

    e. ☒  The Debtor  ☒ did  ☐ did not   list the Property in the Debtor's schedules.

    f. ☐  The Debtor acquired the interest in the Property by  ☐ grant deed  ☐ quitclaim deed  ☐ trust deed.

        The deed was recorded on (*date*) _____.

7.  Movant holds a  ☐ deed of trust  ☐ judgment lien  ☐ other (*specify*) _____
that encumbers the Property.

    a. ☒  A true and correct copy of the document as recorded is attached as Exhibit  B____.

    b. ☒  A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit  A____.

    c. ☐  A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _____.

8.  Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 9,000,000.00 | $ | $ 9,000,000.00 |
| b. | Accrued interest: | $ 1,700,956.00 | $ 178,250.00 | $ 1,879,206.00 |
| c. | Late charges | $ 42,232.73 | $ | $ 42,232.73 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ 23,634.00 | $ | $ 23,634.00 |
| e. | Advances (property taxes, insurance): | $ 138,155.45 | $ | $ 138,155.45 |
| f. | Less suspense account or partial balance paid: | $[              ] | $[              ] | $[              ] |
| g. | TOTAL CLAIM as of (*date*): | $ 10,905,978.18 | $ | $ 11,084,228.18 |

    h. ☒  Loan is all due and payable because it matured on (*date*) 02/01/2025

9.  Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

    a.  Notice of default recorded on (*date*) 03/26/2025  or ☐ none recorded.

    b.  Notice of sale recorded on (*date*) _____  or ☒ none recorded.

    c.  Foreclosure sale originally scheduled for (*date*) _____  or ☒ none scheduled.

    d.  Foreclosure sale currently scheduled for (*date*) _____  or ☒ none scheduled.

    e.  Foreclosure sale already held on (*date*) _____  or ☒ none held.

    f.  Trustee's deed upon sale already recorded on (*date*) _____  or ☒ none recorded.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a.  Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

    b.  Number of payments that have come due and were not made: _____. Total amount: $_____

    c.  Future payments due by time of anticipated hearing date (*if applicable*):

        An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

    d.  The fair market value of the Property is $ 12,300,000.00 , established by:

        (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

        (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

        (3) ☒ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit C .

        (4) ☐ Other (*specify*):

    e.  **Calculation of equity/equity cushion in Property:**

        Based upon ☐ a preliminary title report ☒ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Churchill MRA Funding I LLC | $ 10,509,603.66 | $ 10,905,978.18 |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | Los Angeles County | $ 60,000.00 | $ |
| Other: | Multiple Mechanic's Liens | $ 171,858.79 | $ |
| **TOTAL DEBT: $** 11,137,836.97 | | | |

    f.  Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit C and consists of:

        (1) ☐ Preliminary title report.

        (2) ☒ Relevant portions of the Debtor's schedules.

        (3) ☐ Other (*specify*):

    g.  ☒ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ 0 and is 0 % of the fair market value of the Property.

    h.  ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
        By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*    Page 8    **F 4001-1.RFS.RP.MOTION**

EXHIBIT 1, PAGE 17

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:


12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
A plan was confirmed on the following date (*if applicable*): _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                    $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:                    $
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:                    $[                    ]

TOTAL POSTPETITION DELINQUENCY:                    $

g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $_____ will come due on _____, and on
the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

$_____ received on (*date*) _____
$_____ received on (*date*) _____
$_____ received on (*date*) _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☒ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B).  More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property.  A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is  ☐ prepetition  ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents.  Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☐ Other (*specify*):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property include:

        1. Case name: _____
           Chapter: _____ Case number: _____
           Date dismissed: _____ Date discharged: _____ Date filed: _____
           Relief from stay regarding the Property ☐ was  ☐ was not  granted.

        2. Case name: _____
           Chapter: _____ Case number: _____
           Date dismissed: _____ Date discharged: _____ Date filed: _____
           Relief from stay regarding the Property ☐ was  ☐ was not  granted.

        3. Case name: _____
           Chapter: _____ Case number: _____
           Date dismissed: _____ Date discharged: _____ Date filed: _____
           Relief from stay regarding the Property ☐ was  ☐ was not  granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 10                    **F 4001-1.RFS.RP.MOTION**

EXHIBIT 1, PAGE 19

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/22/2025 | Robert Roades | _[signature]_ |
|---|---|---|
| *Date* | *Printed name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 11                    **F 4001-1.RFS.RP.MOTION**

EXHIBIT 1, PAGE 20

# Exhibit A

## SECURED NOTE

$6,200,000.00                                                July 15, 2021
                                                    Los Angeles County, California

*Property Address:*          ***155 North Anita Avenue, Los Angeles, California 90049***

     FOR VALUE RECEIVED, the undersigned, 155 N Anita, LLC, a California Limited Liability Company ("Borrower"), whose address is 155 North Anita Avenue, Los Angeles, California 90049, hereby promises to pay to Crosswind Mortgage REIT, L.P., a Delaware Limited Partnership, or order ("Lender"), whose address is 10960 Wilshire Boulevard, Suite 1050, Los Angeles, California 90024, the principal sum of Six Million Two Hundred Thousand and 00/100 Dollars ($6,200,000.00), together with interest on the unpaid principal balance of this Note, as follows:

**1.**   **Credit Line.** Lender hereby establishes for a period extending to February 1, 2023 (the "Maturity Date") a fixed line of credit (the "Credit Line") for Borrower in the maximum principal amount of Three Hundred Thousand and 00/100 Dollars ($300,000.00) (the "Credit Limit") for Borrower to draw down upon from time to time. All sums advanced on the Credit Line pursuant to the terms of this Note (each an "Advance") shall become part of the principal of this Note.

**2.**   **Advances.** Any business day prior to the Maturity Date or the earlier termination hereof, Borrower may obtain advances from Lender under this Note in an aggregate amount not to exceed the Credit Limit (each an "Advance"). Borrower shall not obtain any further advances after the Maturity Date. Although this Note is expressed as payable in the full Credit Line amount, Borrower will be obligated to pay only the amounts actually disbursed hereunder, together with accrued interest on the outstanding balance at the rates and on the dates specified herein and such other charges provided for herein.

    **2.1.**   **Conditions of Advances.** Borrower may not request an Advance on the Line of Credit until the initial Interest Reserve has been fully disbursed/depleted. The Line of Credit will be disbursed as an Interest Reserve. Please refer to Paragraph 2.11 of the Loan and Security Agreement for terms. Interest Payments due and owing under this Promissory Note shall be paid from this Line of Credit for the duration of the of the Line of Credit. Thereafter, interest-only payments shall be made by Borrower.

**3.**   **Interest.** Interest on the unpaid principal balance will accrue from the date the proceeds have been distributed to or on behalf of the Borrower (the "Date of Advance") at an annual rate equal to Seven and 99/100 Percent (7.990%). Interest on this Note is computed on a 30/360 simple interest basis; that is, with the exception of odd days before the first full payment cycle, monthly interest is calculated by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by a month of 30 days. Interest for the odd days before the first full month and any partial month in which the loan is repaid in full is calculated on the basis of the actual days and a 360-day year and shall include the day of payoff. All interest payable under this Note is computed using this method.

**4.**   **Payment Obligations.**

    **4.1.**   **Payments.** Interest-only payments shall be due and payable in consecutive monthly installments calculated on the outstanding amount advanced on the 1st day of each month beginning on September 1, 2021. Such payments shall continue until the entire indebtedness evidenced by this Note and all accrued and unpaid interest and fees are fully paid, with any unpaid principal and interest due and payable on February 1, 2023 (the "Maturity Date").

    Payments due under the Note shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Loan Agreement, the Note or the Security Instrument (as defined herein) is returned to Lender unpaid, Lender may require that any or all subsequent payments due under this Note, the Loan Agreement, and the Security Instrument be made in one or more of the following forms, as selected by Lender: (a) check; (b) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a

---

27

federal agency, instrumentality, or entity; or (c) Electronic Funds Transfer. Lender reserves the right, in its sole and absolute discretion, to require payment in any other manner.

     **4.2.**   **Balloon Payment.** The payment schedule contained in this loan requires that Borrower make a balloon payment of all unpaid principal, interest, fees and costs on the Maturity Date. This balloon payment is more than double the amount of the regular payments.

     **4.3.**   **Delivery of Payments.** Payments due under this Note shall be made to Lender at Lender's address below by one of the forms provided in Section 4.1. If Borrower elects to make payments by electronic funds transfer by automated clearing house payments ("ACH Payments"). Borrower shall at all times maintain a valid account to be used for ACH Payments and shall ensure sufficient funds in the account to cover the amount of each payment or debit entry. Borrower's failure to maintain a valid account to be used for ACH Payments or failure to deposit and/or maintain sufficient funds in the account for each debit entry, shall be a Default under this Note and the Loan Agreement. Lender reserves the right, in its sole and absolute discretion, to require payment in any other manner.

     **4.4.**   **Order of Application of Payments.** Each payment under this Note shall be credited in the following order: (a) costs, fees, charges, and advances paid or incurred by Lender or payable to Lender and interest under any provision of this Note, the Loan Agreement, or the Security Instrument, in such order as Lender, in its sole and absolute discretion, elects, (b) interest payable under the Note, and (c) principal under the Note.

     **4.5.**   **Other Terms.** This Note is subject to the following additional terms as provided for in the Loan Agreement.

          **4.5.1.**   **Construction Reserve;**

          **4.5.2.**   **Conditional Right to Extension;**

          **4.5.3.**   **Interest Reserve.**

**3.**    **Late Charge.** Borrower acknowledges that default in the payment of any sum due under this Note will result in losses and additional expenses to Lender in servicing the indebtedness evidenced by this Note, handling such delinquent payments, and meeting its other financial obligations. Borrower further acknowledges that the extent of such loss and additional expenses is extremely difficult and impractical to ascertain. Borrower acknowledges and agrees that, if any payment due under this Note is not received by Lender within fifteen (15) days when due, a charge of 05 cents ($0.05) for each dollar ($1.00) that is not paid when due would be a reasonable estimate of expenses so incurred (the "Late Charge"). Without prejudicing or affecting any other rights or remedies of Lender, Borrower shall pay the Late Charge to Lender as liquidated damages to cover expenses incurred in handling such delinquent payment.

**4.**    **Default.** On (a) Borrower's failure to pay any installment or other sum due under this Note when due and payable (whether by extension, acceleration, or otherwise), (b) an Event of Default (as defined in the Loan Agreement), or (c) any breach of any other promise or obligation in this Note or in any other instrument now or hereafter securing the indebtedness evidenced by this Note, then, and in any such event, Lender may, at its option, declare this Note (including, without limitation, all accrued interest) due and payable immediately regardless of the Maturity Date. Borrower expressly waives notice of the exercise of this option.

**5.**    **Prepayment.** Borrower may prepay this Note in whole or in part at any time without penalty. All prepayments of principal on this Note shall be applied to the most remote principal installment or installments then unpaid.

**6.**    **Interest on Default.** If Borrower is in default under the Loan Documents, then at the sole and absolute discretion of Lender, the entire unpaid principal balance shall automatically bear an annual interest rate equal to the lesser of (a) Ten and 00/100 Percent above the Note Rate (b) the maximum interest rate allowed by law (the "Default Rate"). If the Maturity Date is accelerated, the unpaid principal shall accrue interest at the Default Rate only until the default is cured and the Security Instrument is reinstated. Borrower acknowledges and agrees that it would be extremely difficult or impractical to fix the actual damages resulting from Borrower's failure to pay the principal, accrued interest and other sums due on the Maturity Date, and therefore Borrower shall pay interest at the Default Rate not as a penalty, but for

© 2007 Geraci Law Firm; All Rights Reserved.
Note
        Rev. 01/16

EXHIBIT 1, PAGE 23

purposes of defraying the expenses incident to handling the past due principal, accrued interest and other sums due under this Note. Interest at the Default Rate represents the reasonable estimate of the loss that may be sustained by Lender due to the failure of Borrower to pay the principal, accrued interest and other sums due on the Maturity Date. Interest at the Default Rate shall be payable by Borrower without prejudice to the rights of Lender to collect any other amounts to be paid under this Note (including, without limitation, late charges), the Loan Agreement, or the Security Instrument.

7.     **Interest on Interest.**  If any interest payment under this Note is not paid when due, the unpaid interest shall be added to the principal of this Note, shall become and be treated as principal, and shall thereafter bear like interest.

8.     **Due-on-Sale.**  If Borrower sells, contracts to sell, gives an option to purchase, conveys, leases with an option to purchase, encumbers (including, but not limited to PACE/HERO loans, any loans where payments are collected through property tax assessments, and super-voluntary liens which are deemed to have priority over the lien of the Security Instrument), or alienates the Property, or any interest in it, or suffers its title to, or any interest in, the Property to be divested, whether voluntarily or involuntarily; or if there is a sale or transfer of beneficial interests in Borrower; or if Borrower changes or permits to be changed the character or use of the Property, or drills or extracts or enters into any lease for the drilling or extracting of oil, gas, or other hydrocarbon substances or any mineral of any kind or character on the Property; or if title to such Property becomes subject to any lien or charge, voluntary or involuntary, contractual or statutory, without Lender's prior written consent, then Lender, at Lender's option, may, without prior notice, declare all sums secured by the Security Instrument, regardless of their stated due date(s), immediately due and payable and may exercise all rights and remedies in the Loan Documents.

9.     **Waiver.**  Borrower, endorsers, and all other persons liable or to become liable on this Note waive diligence, presentment, protest and demand, and also notice of protest, demand, nonpayment, dishonor and maturity and consents to any extension of the time or terms of payment hereof, any and all renewals or extensions of the terms hereof, any release of all or any part of the security given for this Note, any acceptance of additional security of any kind and any release of any party liable under this Note. Any such renewals or extensions may be made without notice to Borrower.

10.    **Notice.**  Any notice required to be provided in this Note shall be given in accordance with the notice requirements provided in the Loan Agreement.

11.    **Assignment.**  This Note inures to and binds the heirs, legal representatives, successors, and assigns of Borrower and Lender; provided, however, that Borrower may not assign this Note or any proceeds of it, or assign or delegate any of its rights or obligations, without Lender's prior written consent in each instance. Lender in its sole discretion may transfer this Note, and may sell or assign participations or other interests in all or any part of this Note, all without notice to or the consent of Borrower.

12.    **Usury.**  All agreements between Borrower and Lender are expressly limited, so that in no event or contingency, whether because of the advancement of the proceeds of this Note, acceleration of maturity of the unpaid principal balance, or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance, or retention of the money to be advanced under this Note exceed the highest lawful rate permissible under applicable usury laws. If, under any circumstances, fulfillment of any provision of this Note, or the Loan Documents, after timely performance of such provision is due, shall involve exceeding the limit of validity prescribed by law that a court of competent jurisdiction deems applicable, then, ipso facto, the obligations to be fulfilled shall be reduced to the limit of such validity. If, under any circumstances, Lender shall ever receive as interest an amount that exceeds the highest lawful rate, the amount that would be excessive interest shall be applied to reduce the unpaid principal balance under this Note and not to pay interest, or, if such excessive interest exceeds the unpaid principal balance under this Note, such excess shall be refunded to Borrower. This provision shall control every other provision of all agreements between Borrower and Lender.

13.    **Capitalized Terms.**  Capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Loan Documents (as defined in the Loan Agreement).

© 2007 Geraci Law Firm; All Rights Reserved.
Note
Rev. 01/16

EXHIBIT 1, PAGE 24

14.    **Loan Agreement.** This Note is also secured by and is subject to the provisions of that certain Loan and Security Agreement of even date herewith (the "Loan Agreement") between Borrower and Lender, and all Collateral referenced and incorporated in the Loan Agreement.  As specifically provided in the Loan Agreement, if Borrower defaults under this Note, Lender has the right and option to foreclose against any Collateral provided under the Loan Agreement.

15.    **Origination Fees.** The following sums shall be paid to the Lender at the specified times as a fee for originating the Loan:

15.1.    **Origination Fee**. The sum of One Hundred Twenty-Four Thousand and 00/100 Dollars ($124,000.00) payable to **Arixa Capital Corporation** as an origination fee on the Closing Date.

<center>THIS AGREEMENT MAY BE EXECUTED IN COUNTER-PARTS.</center>

**BORROWER:**

155 N Anita, LLC, a California Limited Liability Company

By: _____
Name: Sasha Zall
Title: Manager

© 2007 Geraci Law Firm; All Rights Reserved.
Note

Rev. 01/16

EXHIBIT 1, PAGE 25

## EXHIBIT "A"
## DISBURSEMENT AGREEMENT

THIS EXHBIT "A" THE DISBURSEMENT AGREEMENT (this "Disbursement Agreement") dated as of July 15, 2021, is entered into by 155 N Anita, LLC, a California Limited Liability Company ("Borrower") for the benefit of Crosswind Mortgage REIT, L.P., a Delaware Limited Partnership.

**Construction Disbursements**. Out of the Loan proceeds, Lender will hold in reserve an amount equal to Three Million Two Hundred Thousand and 00/100 Dollars ($3,200,000.00) (**"Construction Reserve"**) to reimburse the Borrower for the costs it pays to construct/renovate the Property **(100.00% of the approved draw amount)**.

**Submission of Required Draw Data**. Borrower will submit draw request by emailing the draw request package, as defined below, to **draws@arixacapital.com**.

    **Draw Request Package.** In order to fulfill each draw request in a timely manner, the following items are to be submitted at the time of Borrowers request for reimbursement.

- Completed Draw Request Form (provided).
- Unconditional and Conditional Lien Releases (provided): When the borrower pays a supplier or subcontractor that person and/or company must sign an Unconditional or Conditional Lien Release.
- All Receipts, Credit Card Records and/or Bank Statements for bills that have been paid
- Material Suppliers: Invoices are required to show amounts and types of material delivered and the point of delivery.
- Subcontractors: Invoices are required to show address where work was performed, total contract and payment being requested.

**Scheduling of Inspection.**

- Upon receiving the full draw request package, Lender will schedule the inspection with the designated Inspector.
- The Inspector will inspect the property reviewing each line item on the Draw Request Form ensuring work is complete and taking photos where appropriate.
- The Inspector will then complete an Inspection Report making a qualitative judgement as to the quality of the work and will forward to Lender, along with the Approval Letter.
- Lender will give final approval and disburse draws directly to Borrower.

**Inspection Fee**. All costs associated with inspections by Lender and or its agents in the amount of **Three Hundred and 00/100 Dollars ($300.00)** for each inspection, shall be the sole responsibility of Borrower.

*Please note, inspection fees and interest are to be paid current for a draw to be disbursed.*

**BORROWER'S INITIALS:** [SZ]

---

26

© 2007 Geraci Law Firm; All Rights Reserved.
Note
    Rev. 01/16

EXHIBIT 1, PAGE 26

# Exhibit B



**This page is part of your document - DO NOT DISCARD**



## 20211138740



**Pages:
0023**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**07/23/21 AT 08:00AM**

| | |
|---|---|
| FEES: | 150.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 150.00 |



**L E A D S H E E T**



**201107230200063**

**00020891488**



**012476283**

**SEQ:
01**

**SECURE - 8:00AM**

**THIS FORM IS NOT TO BE DUPLICATED**

E441968

314326

EXHIBIT 1, PAGE 28

Recording Requested By:

**Fidelity-Sherman Oaks**

WHEN RECORDED, RETURN TO:
FNP

Crosswind Mortgage REIT, L.P.
10960 Wilshire Boulevard, Suite 1050
Los Angeles, California 90024

Property ID No: 4405-008-003

314326

## DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, FIXTURE FILING, AND SECURITY AGREEMENT

**Note Amount:**        $6,200,000.00
**Property Address:**   155 North Anita Avenue, Los Angeles, California 90049

THIS DOCUMENT CONSTITUTES A FIXTURE FILING IN ACCORDANCE WITH THE
CALIFORNIA UNIFORM COMMERCIAL CODE.

This Deed of Trust, Assignment of Leases and Rents, Fixture Filing, and Security Agreement (the "Security Instrument" or "Deed of Trust") is made as of July 15, 2021, among 155 N Anita, LLC, a California Limited Liability Company, as trustor ("Borrower"), whose address is 155 North Anita Avenue, Los Angeles, California 90049; Fidelity National Title, as trustee ("Trustee"); and Crosswind Mortgage REIT, L.P., a Delaware Limited Partnership, as beneficiary ("Lender"), whose address is 10960 Wilshire Boulevard, Suite 1050, Los Angeles, California 90024.

### TRANSFER OF RIGHTS IN THE PROPERTY

To secure the full and timely payment of the Indebtedness and the full and timely performance and discharge of the Obligations, Borrower GRANTS, BARGAINS, SELLS, AND CONVEYS to Trustee the Mortgaged Property, with power of sale and right of entry, subject only to the Permitted Encumbrances, to have and to hold the Mortgaged Property to Trustee, its successors in trust, and the Trustee's assigns forever, and Borrower does hereby bind itself, its successors, and its assigns to warrant and forever defend the title to the Mortgaged Property to Trustee against anyone lawfully claiming it or any part of it; provided, however, that if the Indebtedness is paid in full as and when it becomes due and payable and the Obligations are performed on or before the date they are to be performed and discharged, then the liens, security interests, estates, and rights granted by the Loan Documents shall terminate; otherwise, they shall remain in full force and effect. As additional security for the full and timely payment of the Indebtedness and the full and timely performance and discharge of the Obligations, Borrower grants to Lender a security interest in the Personalty, Fixtures, Leases, and Rents under Article Nine of the Uniform Commercial Code in effect in the state where the Mortgaged Property is located. Borrower further grants, bargains, conveys, assigns, transfers, and sets over to Trustee, acting as both a trustee and an agent for Lender under this Security Instrument, a security interest in and to all of Borrower's right, title, and interest in, to, and under the Personalty, Fixtures, Leases, Rents, and Mortgaged Property (to the extent characterized as personal property) to secure the full and timely payment of the Indebtedness and the full and timely performance and discharge of the Obligations.

Borrower agrees to execute and deliver, from time to time, such further instruments, including, but not limited to, security agreements, assignments, and UCC financing statements, as may be requested by Lender to confirm the lien of this Security Instrument on any of the Mortgaged Property.

---

1

© 2007 Geraci Law Firm; All Rights Reserved.        Rev. 01/16
*Deed of Trust |*

Borrower further irrevocably grants, transfers, and assigns to Lender the Rents. This assignment of Rents is to be effective to create a present security interest in existing and future Rents of the Mortgaged Property.

TO MAINTAIN AND PROTECT THE SECURITY OF THIS SECURITY INSTRUMENT, TO SECURE THE FULL AND TIMELY PERFORMANCE BY BORROWER OF EACH AND EVERY OBLIGATION, COVENANT, AND AGREEMENT OF BORROWER UNDER THE LOAN DOCUMENTS, AND AS ADDITIONAL CONSIDERATION FOR THE INDEBTEDNESS AND OBLIGATIONS EVIDENCED BY THE LOAN DOCUMENTS, BORROWER HEREBY COVENANTS, REPRESENTS, AND AGREES AS FOLLOWS:

## DEFINITIONS.

**1.**    **Definitions.** For purposes of this Security Instrument, each of the following terms shall have the following respective meanings:

**1.1.**    **"Attorney Fees."** Any and all attorney fees (including the allocated cost of in-house counsel), paralegal, and law clerk fees, including, without limitation, fees for advice, negotiation, consultation, arbitration, and litigation at the pretrial, trial, and appellate levels, and in any bankruptcy proceedings, and attorney costs and expenses incurred or paid by Lender in protecting its interests in the Mortgaged Property, including, but not limited to, any action for waste, and enforcing its rights under this Security Instrument.

**1.2.**    **"Borrower."**

    1.2.1.  The named Borrower in this Security Instrument;

    1.2.2.  The obligor under the Note, whether or not named as Borrower in this Security Instrument; and

    1.2.3.  Subject to any limitations of assignment as provided for in the Loan Documents, the heirs, legatees, devisees, administrators, executors, successors in interest to the Mortgaged Property, and the assigns of any such person.

All references to Borrower in the remainder of the Loan Documents shall mean the obligor under the Note.

**1.3.**    **"Event of Default."** An Event of Default as defined in the Loan Agreement.

**1.4.**    **"Fixtures."** All right, title, and interest of Borrower in and to all materials, supplies, equipment, apparatus, and other items now or later attached to, installed on or in the Land or the Improvements, or that in some fashion are deemed to be fixtures to the Land or Improvements under the laws of the state where the Mortgaged Property is located, including the Uniform Commercial Code. "Fixtures" includes, without limitation, all items of Personalty to the extent that they may be deemed Fixtures under Governmental Requirements.

**1.5.**    **"Governmental Authority."** Any and all courts, boards, agencies, commissions, offices, or authorities of any nature whatsoever for any governmental unit (federal, state, county, district, municipal, city, or otherwise) whether now or later in existence.

**1.6.**    **"Governmental Requirements."** Any and all laws, statutes, codes, ordinances, regulations, enactments, decrees, judgments, and orders of any Governmental Authority.

**1.7.**    **"Impositions."** All real estate and personal property taxes, water, gas, sewer, electricity, and other utility rates and charges; charges imposed under any subdivision, planned unit development, or condominium declaration or restrictions; charges for any easement, license, or agreement maintained for the benefit of the Mortgaged Property, and all other taxes, charges, and assessments and any interest, costs, or penalties of any kind and nature that at any time before or after the execution of this Security Instrument may be assessed, levied, or imposed on the Mortgaged Property or on its ownership, use, occupancy, or enjoyment.

**1.8.**    **"Improvements."** Any and all buildings, structures, improvements, fixtures, and appurtenances now and later placed on the Mortgaged Property, including, without limitation, all apparatus

---

© 2007 Geraci Law Firm; All Rights Reserved.                                                                 Rev. 01/16
*Deed of Trust |*

and equipment, whether or not physically affixed to the land or any building, which is used to provide or supply air cooling, air conditioning, heat, gas, water, light, power, refrigeration, ventilation, laundry, drying, dish washing, garbage disposal, or other services; and all elevators, escalators, and related machinery and equipment, fire prevention and extinguishing apparatus, security and access control apparatus, partitions, ducts, compressors, plumbing, ovens, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains, curtain rods, mirrors, cabinets, paneling, rugs, attached floor coverings, furniture, pictures, antennas, pools, spas, pool and spa operation and maintenance equipment and apparatus, and trees and plants located on the Mortgaged Property, all of which, including replacements and additions, shall conclusively be deemed to be affixed to and be part of the Mortgaged Property conveyed to Lender under this Security Instrument.

**1.9.** **"Indebtedness."** The principal of, interest on, and all other amounts and payments due under or evidenced by the following:

1.9.1. The Note (including, without limitation, the prepayment premium, late payment, and other charges payable under the Note);

1.9.2. The Loan Agreement;

1.9.3. This Security Instrument and all other Loan Documents;

1.9.4. All funds later advanced by Lender to or for the benefit of Borrower under any provision of any of the Loan Documents;

1.9.5. Any future loans or amounts advanced by Lender to Borrower when evidenced by a written instrument or document that specifically recites that the Obligations evidenced by such document are secured by the terms of this Security Instrument, including, but not limited to, funds advanced to protect the security or priority of the Security Instrument; and

1.9.6. Any amendment, modification, extension, rearrangement, restatement, renewal, substitution, or replacement of any of the foregoing.

**1.10.** **"Land."** The real estate or any interest in it described in Exhibit "A" attached to this Security Instrument and made a part of it, together with all Improvements and Fixtures and all rights, titles, and interests appurtenant to it.

**1.11.** **"Leases."** Any and all leases, subleases, licenses, concessions, or other agreements (written or verbal, now or later in effect) that grant a possessory interest in and to, or the right to extract, mine, reside in, sell, or use the Mortgaged Property, and all other agreements, including, but not limited to, utility contracts, maintenance agreements, and service contracts that in any way relate to the use, occupancy, operation, maintenance, enjoyment, or ownership of the Mortgaged Property, except any and all leases, subleases, or other agreements under which Borrower is granted a possessory interest in the Land.

**1.12.** **"Lender."** The named Lender in this Security Instrument and the owner and holder (including a pledgee) of any Note, Indebtedness, or Obligations secured by this Security Instrument, whether or not named as Lender in this Security Instrument, and the heirs, legatees, devisees, administrators, executors, successors, and assigns of any such person.

**1.13.** **"Loan."** The extension of credit made by Lender to Borrower under the terms of the Loan Documents.

**1.14.** **"Loan Agreement."** The Loan and Security Agreement given by Borrower evidencing the Loan, in such form as is acceptable to Lender, together with any and all rearrangements, extensions, renewals, substitutions, replacements, modifications, restatements, and amendments thereto.

**1.15.** **"Loan Documents."** Collectively, this Security Instrument, the Note, and all other instruments and agreements required to be executed by Borrower or any guarantor in connection with the Loan.

**1.16.** **"Mortgaged Property."** The Land, Improvements, Fixtures, Personalty, Leases, and Rents that is described as follows:

---

© 2007 Geraci Law Firm; All Rights Reserved.
*Deed of Trust |*                                                                                       Rev. 01/16

EXHIBIT 1, PAGE 31

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF,

commonly known as **155 North Anita Avenue, Los Angeles, California 90049**
**Property ID No.: 4405-008-003**

together with:

1.16.1. All right, title, and interest (including any claim or demand or demand in law or equity) that Borrower now has or may later acquire in or to such Mortgaged Property; all easements, rights, privileges, tenements, hereditaments, and appurtenances belonging or in any way appertaining to the Mortgaged Property; all of the estate, right, title, interest, claim, demand, reversion, or remainder of Borrower in or to the Mortgaged Property, either at law or in equity, in possession or expectancy, now or later acquired; all crops growing or to be grown on the Mortgaged Property; all development rights or credits and air rights; all water and water rights (whether or not appurtenant to the Mortgaged Property) and shares of stock pertaining to such water or water rights, ownership of which affects the Mortgaged Property; all minerals, oil, gas, and other hydrocarbon substances and rights thereto in, on, under, or upon the Mortgaged Property and all royalties and profits from any such rights or shares of stock; all right, title, and interest of Borrower in and to any streets, ways, alleys, strips, or gores of land adjoining the Land or any part of it that Borrower now owns or at any time later acquires and all adjacent lands within enclosures or occupied by buildings partly situated on the Mortgaged Property;

1.16.2. All intangible Mortgaged Property and rights relating to the Mortgaged Property or its operation or used in connection with it, including, without limitation, permits, licenses, plans, specifications, construction contracts, subcontracts, bids, deposits for utility services, installations, refunds due Borrower, trade names, trademarks, and service marks;

1.16.3. All of the right, title, and interest of Borrower in and to the land lying in the bed of any street, road, highway, or avenue in front of or adjoining the Land;

1.16.4. Any and all awards previously made or later to be made by any Governmental Authority to the present and all subsequent owners of the Mortgaged Property that may be made with respect to the Mortgaged Property as a result of the exercise of the right of eminent domain, the alteration of the grade of any street, or any other injury to or decrease of value of the Mortgaged Property, which award or awards are assigned to Lender and Lender, at its option, is authorized, directed, and empowered to collect and receive the proceeds of any such award or awards from the authorities making them and to give proper receipts and acquittances for them;

1.16.5. All certificates of deposit of Borrower in Lender's possession and all bank accounts of Borrower with Lender and their proceeds, and all deposits of Borrower with any Governmental Authority and/or public utility company that relate to the ownership of the Mortgaged Property;

1.16.6. All Leases of the Mortgaged Property or any part of it now or later entered into and all right, title, and interest of Borrower under such Leases, including cash or securities deposited by the tenants to secure performance of their obligations under such Leases (whether such cash or securities are to be held until the expiration of the terms of such Leases or applied to one or more of the installments of rent coming due immediately before the expiration of such terms), all rights to all insurance proceeds and unearned insurance premiums arising from or relating to the Mortgaged Property, all other rights and easements of Borrower now or later existing pertaining to the use and enjoyment of the Mortgaged Property, and all right, title, and interest of Borrower in and to all declarations of covenants, conditions, and restrictions as may affect or otherwise relate to the Mortgaged Property;

1.16.7. Any and all proceeds of any insurance policies covering the Mortgaged Property, whether or not such insurance policies were required by Lender as a condition of making the loan secured by this Security Instrument or are required to be maintained by Borrower as provided below in this Security Instrument; which proceeds are assigned to Lender, and Lender, at its option, is authorized, directed, and empowered to collect and receive the proceeds of such insurance policies from the insurers issuing the same and to give proper receipts and acquittances for such policies, and to apply the same as provided below;

---

4

© 2007 Geraci Law Firm; All Rights Reserved.                                    Rev. 01/16
*Deed of Trust |*

1.16.8. If the Mortgaged Property includes a leasehold estate, all of Borrower's right, title, and interest in and to the lease, more particularly described in Exhibit "A" attached to this Security Instrument (the Leasehold) including, without limitation, the right to surrender, terminate, cancel, waive, change, supplement, grant subleases of, alter, or amend the Leasehold;

1.16.9. All plans and specifications for the Improvements; all contracts and subcontracts relating to the Improvements; all deposits (including tenants' security deposits; provided, however, that if Lender acquires possession or control of tenants' security deposits Lender shall use the tenants' security deposits only for such purposes as Governmental Requirements permit), funds, accounts, contract rights, instruments, documents, general intangibles, and notes or chattel paper arising from or in connection with the Mortgaged Property; all permits, licenses, certificates, and other rights and privileges obtained in connection with the Mortgaged Property; all soils reports, engineering reports, land planning maps, drawings, construction contracts, notes, drafts, documents, engineering and architectural drawings, letters of credit, bonds, surety bonds, any other intangible rights relating to the Land and Improvements, surveys, and other reports, exhibits, or plans used or to be used in connection with the construction, planning, operation, or maintenance of the Land and Improvements and all amendments and modifications; all proceeds arising from or by virtue of the sale, lease, grant of option, or other disposition of all or any part of the Mortgaged Property (consent to same is not granted or implied); and all proceeds (including premium refunds) payable or to be payable under each insurance policy relating to the Mortgaged Property;

1.16.10. All trade names, trademarks, symbols, service marks, and goodwill associated with the Mortgaged Property and any and all state and federal applications and registrations now or later used in connection with the use or operation of the Mortgaged Property;

1.16.11. All tax refunds, bills, notes, inventories, accounts and charges receivable, credits, claims, securities, and documents of all kinds, and all instruments, contract rights, general intangibles, bonds and deposits, and all proceeds and products of the Mortgaged Property;

1.16.12. All money or other personal property of Borrower (including, without limitation, any instrument, deposit account, general intangible, or chattel paper, as defined in the Uniform Commercial Code) previously or later delivered to, deposited with, or that otherwise comes into Lender's possession;

1.16.13. All accounts, contract rights, chattel paper, documents, instruments, books, records, claims against third parties, money, securities, drafts, notes, proceeds, and other items relating to the Mortgaged Property;

1.16.14. All construction, supply, engineering, and architectural contracts executed and to be executed by Borrower for the construction of the Improvements; and

1.16.15. All proceeds of any of the foregoing.

As used in this Security Instrument, "Mortgaged Property" is expressly defined as meaning all or, when the context permits or requires, any portion of it and all or, when the context permits or requires, any interest in it.

**1.17.** **"Note."** The Secured Note payable by Borrower to the order of Lender in the principal amount of Six Million Two Hundred Thousand and 00/100 Dollars ($6,200,000.00) which matures on February 1, 2023, evidencing the Loan, in such form as is acceptable to Lender, together with any and all rearrangements, extensions, renewals, substitutions, replacements, modifications, restatements, and amendments to the Secured Note.

**1.18.** **"Obligations."** Any and all of the covenants, warranties, representations, and other obligations (other than to repay the Indebtedness) made or undertaken by Borrower to Lender as set forth in the Loan Documents; any lease, sublease, or other agreement under which Borrower is granted a possessory interest in the Land; each obligation, covenant, and agreement of Borrower in the Loan Documents or in any other document executed by Borrower in connection with the loan(s) secured by this Security Instrument whether set forth in or incorporated into the Loan Documents by reference; each and every monetary provision of all covenants, conditions, and restrictions, if any, pertaining to the Mortgaged Property and on Lender's written request, the enforcement by Borrower of any covenant by third parties to pay maintenance or other charges, if they have not been paid, or valid legal steps taken to enforce such

© 2007 Geraci Law Firm; All Rights Reserved.                                                    Rev. 01/16
*Deed of Trust* |

payment within 90 days after such written request is made; if the Mortgaged Property consists of or includes a leasehold estate, each obligation, covenant, and agreement of Borrower arising under, or contained in, the instrument(s) creating any such leasehold; all agreements of Borrower to pay fees and charges to Lender whether or not set forth in this Security Instrument; and charges, as allowed by law, when they are made for any statement regarding the obligations secured by this Security Instrument.

The Obligations specifically exclude the Environmental Indemnity Agreement dated the date of this Security Instrument, executed by Borrower and any guarantor of the Loan, which is not secured by this Security Instrument.

**1.19.** **"Permitted Encumbrances."** At any particular time, (a) liens for taxes, assessments, or governmental charges not then due and payable or not then delinquent; (b) liens, easements, encumbrances, and restrictions on the Mortgaged Property that are allowed by Lender to appear in Schedule B, with Parts I and II of an ALTA title policy to be issued to Lender following recordation of the Security Instrument; and (c) liens in favor of or consented to in writing by Lender.

**1.20.** **"Person."** Natural persons, corporations, partnerships, unincorporated associations, joint ventures, and any other form of legal entity.

**1.21.** **"Personalty."** All of the right, title, and interest of Borrower in and to all tangible and intangible personal property, whether now owned or later acquired by Borrower, including, but not limited to, water rights (to the extent they may constitute personal property), all equipment, inventory, goods, consumer goods, accounts, chattel paper, instruments, money, general intangibles, letter-of-credit rights, deposit accounts, investment property, documents, minerals, crops, and timber (as those terms are defined in the Uniform Commercial Code) and that are now or at any later time located on, attached to, installed, placed, used on, in connection with, or are required for such attachment, installation, placement, or use on the Land, the Improvements, Fixtures, or on other goods located on the Land or Improvements, together with all additions, accessions, accessories, amendments, modifications to the Land or Improvements, extensions, renewals, and enlargements and proceeds of the Land or Improvements, substitutions for, and income and profits from, the Land or Improvements. The Personalty includes, but is not limited to, all goods, machinery, tools, equipment (including fire sprinklers and alarm systems); building materials, air conditioning, heating, refrigerating, electronic monitoring, entertainment, recreational, maintenance, extermination of vermin or insects, dust removal, refuse and garbage equipment; vehicle maintenance and repair equipment; office furniture (including tables, chairs, planters, desks, sofas, shelves, lockers, and cabinets); safes, furnishings, appliances (including ice-making machines, refrigerators, fans, water heaters, and incinerators); rugs, carpets, other floor coverings, draperies, drapery rods and brackets, awnings, window shades, venetian blinds, curtains, other window coverings; lamps, chandeliers, other lighting fixtures; office maintenance and other supplies; loan commitments, financing arrangements, bonds, construction contracts, leases, tenants' security deposits, licenses, permits, sales contracts, option contracts, lease contracts, insurance policies, proceeds from policies, plans, specifications, surveys, books, records, funds, bank deposits; and all other intangible personal property. Personalty also includes any other portion or items of the Mortgaged Property that constitute personal property under the Uniform Commercial Code.

**1.22.** **"Rents."** All rents, issues, revenues, income, proceeds, royalties, profits, license fees, prepaid municipal and utility fees, bonds, and other benefits to which Borrower or the record title owner of the Mortgaged Property may now or later be entitled from or which are derived from the Mortgaged Property, including, without limitation, sale proceeds of the Mortgaged Property; any room or space sales or rentals from the Mortgaged Property; and other benefits paid or payable for using, leasing, licensing, possessing, operating from or in, residing in, selling, mining, extracting, or otherwise enjoying or using the Mortgaged Property.

**1.23.** **"Uniform Commercial Code."** The uniform commercial code as found in the statutes of the state in which the Mortgaged Property is located.

**1.24.** **"Water Rights."** All water rights of whatever kind or character, surface or underground, appropriative, decreed, or vested, that are appurtenant to the Mortgaged Property or otherwise used or useful in connection with the intended development of the Mortgaged Property.

---

6

© 2007 Geraci Law Firm; All Rights Reserved.          Rev. 01/16
*Deed of Trust |*

Any terms not otherwise defined in this Security Instrument shall have the meaning given them in the Loan Agreement and Note, dated of even date herewith between Borrower and Lender.

## UNIFORM COVENANTS

**2.    Repair and Maintenance of Mortgaged Property.**  Borrower shall (a) keep the Mortgaged Property in good condition and repair; (b) not substantially alter, remove, or demolish the Mortgaged Property or any of the Improvements except when incident to the replacement of Fixtures, equipment, machinery, or appliances with items of like kind; (c) restore and repair to the equivalent of its original condition all or any part of the Mortgaged Property that may be damaged or destroyed, including, but not limited to, damage from termites and dry rot, soil subsidence, and construction defects, whether or not insurance proceeds are available to cover any part of the cost of such restoration and repair, and regardless of whether Lender permits the use of any insurance proceeds to be used for restoration under this Security Instrument; (d) pay when due all claims for labor performed and materials furnished in connection with the Mortgaged Property and not permit any mechanics' or materialman's lien to arise against the Mortgaged Property or furnish a loss or liability bond against such mechanics' or materialman's lien claims; (e) comply with all laws affecting the Mortgaged Property or requiring that any alterations, repairs, replacements, or improvements be made on it; (f) not commit or permit waste on or to the Mortgaged Property, or commit, suffer, or permit any act or violation of law to occur on it; (g) not abandon the Mortgaged Property; (h) cultivate, irrigate, fertilize, fumigate, and prune in accordance with prudent agricultural practices; (i) if required by Lender, provide for management satisfactory to Lender under a management contract approved by Lender; (j) notify Lender in writing of any condition at or on the Mortgaged Property that may have a significant and measurable effect on its market value; (k) if the Mortgaged Property is rental property, generally operate and maintain it in such manner as to realize its maximum rental potential; and (l) do all other things that the character or use of the Mortgaged Property may reasonably render necessary to maintain it in the same condition (reasonable wear and tear expected) as existed at the date of this Security Instrument. Notwithstanding the foregoing, Borrower shall not be in violation of this section if Borrower's actions to maintain, rehabilitate, repair, complete construction, or otherwise change the condition of the Mortgage Property have been consented to by Lender prior to entering into the Loan or upon Lender's written consent of such action.

**3.    Use of Mortgaged Property.**  Unless otherwise required by Governmental Requirements or unless Lender otherwise provides prior written consent, Borrower shall not change, nor allow changes in, the use of the Mortgaged Property from the current use of the Mortgaged Property as of the date of this Security Instrument.  Borrower shall not initiate or acquiesce in a change in the zoning classification of the Mortgaged Property without Lender's prior written consent.

**4.    Condemnation and Insurance Proceeds.**

    **4.1.    Assignment to Lender.**  The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of or damage or injury to the Mortgaged Property, or any part of it, or for conveyance in lieu of condemnation, are assigned to and shall be paid to Lender, regardless of whether Lender's security is impaired. All causes of action, whether accrued before or after the date of this Security Instrument, of all types for damages or injury to the Mortgaged Property or any part of it, or in connection with any transaction financed by funds lent to Borrower by Lender and secured by this Security Instrument, or in connection with or affecting the Mortgaged Property or any part of it, including, without limitation, causes of action arising in tort or contract or in equity, are assigned to Lender as additional security, and the proceeds shall be paid to Lender. Lender, at its option, may appear in and prosecute in its own name any action or proceeding to enforce any such cause of action and may make any compromise or settlement of such action. Borrower shall notify Lender in writing immediately on obtaining knowledge of any casualty damage to the Mortgaged Property or damage in any other manner in excess of $2,000.00 or knowledge of the institution of any proceeding relating to condemnation or other taking of or damage or injury to all or any portion of the Mortgaged Property.

7

EXHIBIT 1, PAGE 35

Lender, in its sole and absolute discretion, may participate in any such proceedings and may join Borrower in adjusting any loss covered by insurance. Borrower covenants and agrees with Lender, at Lender's request, to make, execute, and deliver, at Borrower's expense, any and all assignments and other instruments sufficient for the purpose of assigning the aforesaid award or awards, causes of action, or claims of damages or proceeds to Lender free, clear, and discharged of any and all encumbrances of any kind or nature.

    **4.2.**   **Insurance Payments.** All compensation, awards, proceeds, damages, claims, insurance recoveries, rights of action, and payments that Borrower may receive or to which Lender may become entitled with respect to the Mortgaged Property if any damage or injury occurs to the Mortgaged Property, other than by a partial condemnation or other partial taking of the Mortgaged Property, shall be paid over to Lender and shall be applied first toward reimbursement of all costs and expenses of Lender in connection with their recovery and disbursement, and shall then be applied as follows:

    **4.2.1.** Lender shall consent to the application of such payments to the restoration of the Mortgaged Property so damaged only if Borrower has met all the following conditions (a breach of any one of which shall constitute a default under this Security Instrument, the Loan Agreement, the Note, and any Loan Documents): (a) Borrower is not in default under any of the terms, covenants, and conditions of the Loan Documents; (b) all then-existing Leases affected in any way by such damage will continue in full force and effect; (c) Lender is satisfied that the insurance or award proceeds, plus any sums added by Borrower, shall be sufficient to fully restore and rebuild the Mortgaged Property under then current Governmental Requirements; (d) within 60 days after the damage to the Mortgaged Property, Borrower presents to Lender a restoration plan satisfactory to Lender and any local planning department, which includes cost estimates and schedules; (e) construction and completion of restoration and rebuilding of the Mortgaged Property shall be completed in accordance with plans and specifications and drawings submitted to Lender within 30 days after receipt by Lender of the restoration plan and thereafter approved by Lender, which plans, specifications, and drawings shall not be substantially modified, changed, or revised without Lender's prior written consent; (f) within 3 months after such damage, Borrower and a licensed contractor satisfactory to Lender enter into a fixed price or guaranteed maximum price contract satisfactory to Lender, providing for complete restoration in accordance with such restoration plan for an amount not to exceed the amount of funds held or to be held by Lender; (g) all restoration of the Improvements so damaged or destroyed shall be made with reasonable promptness and shall be of a value at least equal to the value of the Improvements so damaged or destroyed before such damage or destruction; (h) Lender reasonably determines that there is an identified source (whether from income from the Mortgaged Property, rental loss insurance, or another source) sufficient to pay all debt service and operating expenses of the Mortgaged Property during its restoration as required above; and (i) any and all funds that are made available for restoration and rebuilding under this Section shall be disbursed, at Lender's sole and absolute discretion to Lender, through Lender, or a title insurance or trust company satisfactory to Lender, in accordance with standard construction lending practices, including a reasonable fee payable to Lender from such funds and, if Lender requests, mechanics' lien waivers and title insurance date-downs, and the provision of payment and performance bonds by Borrower, or in any other manner approved by Lender in Lender's sole and absolute discretion; or

    **4.2.2.** If fewer than all conditions (a) through (i) above are satisfied, then such payments shall be applied in the sole and absolute discretion of Lender (a) to the payment or prepayment, with any applicable prepayment premium, of any Indebtedness secured by this Security Instrument in such order as Lender may determine, or (b) to the reimbursement of Borrower's expenses incurred in the rebuilding and restoration of the Mortgaged Property. If Lender elects under this Section to make any funds available to restore the Mortgaged Property, then all of conditions (a) through (i) above shall apply, except for such conditions that Lender, in its sole and absolute discretion, may waive.

    **4.3.**   **Material Loss Not Covered.** If any material part of the Mortgaged Property is damaged or destroyed and the loss, measured by the replacement cost of the Improvements according to then current Governmental Requirements, is not adequately covered by insurance proceeds collected or in the process

---

8

EXHIBIT 1, PAGE 36

of collection, Borrower shall deposit with Lender, within 30 days after Lender's request, the amount of the loss not so covered.

**4.4.    Total Condemnation Payments.** All compensation, awards, proceeds, damages, claims, insurance recoveries, rights of action, and payments that Borrower may receive or to which Borrower may become entitled with respect to the Mortgaged Property in the event of a total condemnation or other total taking of the Mortgaged Property shall be paid over to Lender and shall be applied first to reimbursement of all Lender's costs and expenses in connection with their recovery, and shall then be applied to the payment of any Indebtedness secured by this Security Instrument in such order as Lender may determine, until the Indebtedness secured by this Security Instrument has been paid and satisfied in full. Any surplus remaining after payment and satisfaction of the Indebtedness secured by this Security Instrument shall be paid to Borrower as its interest may then appear.

**4.5.    Partial Condemnation Payments.** All compensation, awards, proceeds, damages, claims, insurance recoveries, rights of action, and payments ("funds") that Borrower may receive or to which Borrower may become entitled with respect to the Mortgaged Property in the event of a partial condemnation or other partial taking of the Mortgaged Property, unless Borrower and Lender otherwise agree in writing, shall be divided into two portions, one equal to the principal balance of the Note at the time of receipt of such funds and the other equal to the amount by which such funds exceed the principal balance of the Note at the time of receipt of such funds. The first such portion shall be applied to the sums secured by this Security Instrument, whether or not then due, including but not limited to principal, accrued interest, and advances, and in such order or combination as Lender may determine, with the balance of the funds paid to Borrower.

**4.6.    Cure of Waiver of Default.** Any application of such amounts or any portion of it to any Indebtedness secured by this Security Instrument shall not be construed to cure or waive any default or notice of default under this Security Instrument or invalidate any act done under any such default or notice.

**5.    Taxes and Other Sums Due.** Borrower shall promptly pay, satisfy, and discharge: (a) all Impositions affecting the Mortgaged Property before they become delinquent; (b) such other amounts, chargeable against Borrower or the Mortgaged Property, as Lender reasonably deems necessary to protect and preserve the Mortgaged Property, this Security Instrument, or Lender's security for the performance of the Obligations; (c) all encumbrances, charges, and liens on the Mortgaged Property, with interest, which in Lender's judgment are, or appear to be, prior or superior to the lien of this Security Instrument or all costs necessary to obtain protection against such lien or charge by title insurance endorsement or surety company bond; (d) such other charges as Lender deems reasonable for services rendered by Lender at Borrower's request; and (e) all costs, fees, and expenses incurred by Lender in connection with this Security Instrument, whether or not specified in this Security Instrument.

On Lender's request, Borrower shall promptly furnish Lender with all notices of sums due for any amounts specified in the preceding clauses 6(a) through (e), and, on payment, with written evidence of such payment. If Borrower fails to promptly make any payment required under this Section, Lender may (but is not obligated to) make such payment. Borrower shall notify Lender immediately on receipt by Borrower of notice of any increase in the assessed value of the Mortgaged Property and agrees that Lender, in Borrower's name, may (but is not obligated to) contest by appropriate proceedings such increase in assessment. Without Lender's prior written consent, Borrower shall not allow any lien inferior to the lien of this Security Instrument to be perfected against the Mortgaged Property and shall not permit any improvement bond for any unpaid special assessment to issue.

**6.    Leases of Mortgaged Property by Borrower.** At Lender's request, Borrower shall furnish Lender with executed copies of all Leases of the Mortgaged Property or any portion of it then in force. If Lender so requires, all Leases later entered into by Borrower are subject to Lender's prior review and approval and must be acceptable to Lender in form and content. Each Lease must specifically provide, inter alia, that (a) it is subordinate to the lien of this Security Instrument; (b) the tenant attorns to Lender (and Borrower consents to any such attornment), such attornment to be effective on Lender's acquisition of title to the Mortgaged Property; (c) the tenant agrees to execute such further evidence of attornment as Lender may

---

9

© 2007 Geraci Law Firm; All Rights Reserved.                                                              Rev. 01/16
*Deed of Trust* |

from time to time request; (d) the tenant's attornment shall not be terminated by foreclosure; and (e) Lender, at Lender's option, may accept or reject such attornment. If Borrower learns that any tenant proposes to do, or is doing, any act that may give rise to any right of setoff against rent, Borrower shall immediately (i) take measures reasonably calculated to prevent the accrual of any such right of setoff; (ii) notify Lender of all measures so taken and of the amount of any setoff claimed by any such tenant; and (iii) within 10 days after the accrual of any right of setoff against rent, reimburse any tenant who has acquired such right, in full, or take other measures that will effectively discharge such setoff and ensure that rents subsequently due shall continue to be payable without claim of setoff or deduction.

At Lender's request, Borrower shall assign to Lender, by written instrument satisfactory to Lender, all Leases of the Mortgaged Property, and all security deposits made by tenants in connection with such Leases. On assignment to Lender of any such Lease, Lender shall succeed to all rights and powers of Borrower with respect to such Lease, and Lender, in Lender's sole and absolute discretion, shall have the right to modify, extend, or terminate such Lease and to execute other further leases with respect to the Mortgaged Property that is the subject of such assigned Lease.

Neither Borrower, tenant nor any other occupant of the Mortgaged Property shall use the Mortgaged Property, except in compliance with all applicable federal, state, and local laws, ordinances, rules and regulations; nor shall Borrower, tenant or any other occupant cause the Mortgaged Property to become subject to any use that is not in compliance with all applicable federal, state, and local laws, ordinances, rules and regulations.

If Borrower suspects any tenant or other occupant of the Mortgaged Property is using the Mortgaged Property in a manner that is not in compliance with any Governmental Requirement to which Borrower, tenant, or any other occupant of the Mortgaged Property is subject, Borrower shall immediately take appropriate action to remedy the violation, and shall notify Lender of any potential violation within one (1) day of discovery of any such potential violation. Any potential violation by a tenant or any other occupant of the Mortgaged Property of any Governmental Requirement is an Event of Default under the terms of the Loan Agreement, the Note and this Security Instrument, then Lender, at Lender's option, may, without prior notice, declare all sums secured by this Security Instrument, regardless of their stated due date(s), immediately due and payable and may exercise all rights and remedies in the Loan Documents.

7.      **Right to Collect and Receive Rents.** Despite any other provision of this Security Instrument, Lender grants permission to Borrower to collect and retain the Rents of the Mortgaged Property as they become due and payable; however, such permission to Borrower shall be automatically revoked on default by Borrower in payment of any Indebtedness secured by this Security Instrument or in the performance of any of the Obligations, and Lender shall have the rights set forth in the laws and regulations where the Mortgaged Property is located regardless of whether declaration of default has been delivered, and without regard to the adequacy of the security for the Indebtedness secured by this Security Instrument. Failure of or discontinuance by Lender at any time, or from time to time, to collect any such Rents shall not in any manner affect the subsequent enforcement by Lender at any time, or from time to time, of the right, power, and authority to collect these Rents. The receipt and application by Lender of all such Rents under this Security Instrument, after execution and delivery of declaration of default and demand for sale as provided in this Security Instrument or during the pendency of trustee's sale proceedings under this Security Instrument or judicial foreclosure, shall neither cure such breach or default nor affect such sale proceedings, or any sale made under them, but such Rents, less all costs of operation, maintenance, collection, and Attorney Fees, when received by Lender, may be applied in reduction of the entire Indebtedness from time to time secured by this Security Instrument, in such order as Lender may decide. Nothing in this Security Instrument, nor the exercise of Lender's right to collect, nor an assumption by Lender of any tenancy, lease, or option, nor an assumption of liability under, nor a subordination of the lien or charge of this Security Instrument to, any such tenancy, lease, or option, shall be, or be construed to be, an affirmation by Lender of any tenancy, lease, or option.

If the Rents of the Mortgaged Property are not sufficient to meet the costs, if any, of taking control of and managing the Mortgaged Property and collecting the Rents, any funds expended by Lender for such

---

10

© 2007 Geraci Law Firm; All Rights Reserved.                                                                    Rev. 01/16
*Deed of Trust* |

purposes shall become an Indebtedness of Borrower to Lender secured by this Security Instrument. Unless Lender and Borrower agree in writing to other terms of payment, such amounts shall be payable on notice from Lender to Borrower requesting such payment and shall bear interest from the date of disbursement at the rate stated in the Note unless payment of interest at such rate would be contrary to Governmental Requirements, in which event the amounts shall bear interest at the highest rate that may be collected from Borrower under Governmental Requirements.

Borrower expressly understands and agrees that Lender will have no liability to Borrower or any other person for Lender's failure or inability to collect Rents from the Mortgaged Property or for failing to collect such Rents in an amount that is equal to the fair market rental value of the Mortgaged Property. Borrower understands and agrees that neither the assignment of Rents to Lender nor the exercise by Lender of any of its rights or remedies under this Security Instrument shall be deemed to make Lender a "mortgagee-in-possession" or otherwise responsible or liable in any manner with respect to the Mortgaged Property or the use, occupancy, enjoyment, or operation of all or any portion of it, unless and until Lender, in person or by agent, assumes actual possession of it. Nor shall appointment of a receiver for the Mortgaged Property by any court at the request of Lender or by agreement with Borrower, or the entering into possession of the Mortgaged Property or any part of it by such receiver be deemed to make Lender a mortgagee-in-possession or otherwise responsible or liable in any manner with respect to the Mortgaged Property or the use, occupancy, enjoyment, or operation of all or any portion of it.

During an Event of Default, any and all Rents collected or received by Borrower shall be accepted and held for Lender in trust and shall not be commingled with Borrower's funds and property but shall be promptly paid over to Lender.

**8.    Assignment of Causes of Action, Awards, and Damages.** All causes of action, and all sums due or payable to Borrower for injury or damage to the Mortgaged Property, or as damages incurred in connection with the transactions in which the Loan secured by this Security Instrument was made, including, without limitation, causes of action and damages for breach of contract, fraud, concealment, construction defects, or other torts, or compensation for any conveyance in lieu of condemnation, are assigned to Lender, and all proceeds from such causes of action and all such sums shall be paid to Lender for credit against the Indebtedness secured by this Security Instrument. Borrower shall notify Lender immediately on receipt by Borrower of notice that any such sums have become due or payable and, immediately on receipt of any such sums, shall promptly remit such sums to Lender.

After deducting all expenses, including Attorney Fees, incurred by Lender in recovering or collecting any sums under this Section, Lender may apply or release the balance of any funds received by it under this Section, or any part of such balance, as it elects. Lender, at its option, may appear in and prosecute in its own name any action or proceeding to enforce any cause of action assigned to it under this Section and may make any compromise or settlement in such action whatsoever. Borrower covenants that it shall execute and deliver to Lender such further assignments of any such compensation awards, damages, or causes of action as Lender may request from time to time. If Lender fails or does not elect to prosecute any such action or proceeding and Borrower elects to do so, Borrower may conduct the action or proceeding at its own expense and risk.

**9.    Defense of Security Instrument; Litigation.** Borrower represents and warrants that this Security Instrument creates a first position lien and security interest against the Mortgaged Property. Borrower shall give Lender immediate written notice of any action or proceeding (including, without limitation, any judicial, whether civil, criminal, or probate, or nonjudicial proceeding to foreclose the lien of a junior or senior mortgage or deed of trust) affecting or purporting to affect the Mortgaged Property, this Security Instrument, Lender's security for the performance of the Obligations and payment of the Indebtedness, or the rights or powers of Lender under the Loan Documents. Despite any other provision of this Security Instrument, Borrower agrees that Lender may (but is not obligated to) commence, appear in, prosecute, defend, compromise, and settle, in Lender's or Borrower's name, and as attorney-in-fact for Borrower, and incur necessary costs and expenses, including Attorney Fees in so doing, any action or proceeding, whether a civil, criminal, or probate judicial matter, nonjudicial proceeding, arbitration, or other alternative dispute

---

11

© 2007 Geraci Law Firm; All Rights Reserved.
*Deed of Trust* |

Rev. 01/16

resolution procedure, reasonably necessary to preserve or protect, or affecting or purporting to affect, the Mortgaged Property, this Security Instrument, Lender's security for performance of the Obligations and payment of the Indebtedness, or the rights or powers of Lender under the Loan Documents, and that if Lender elects not to do so, Borrower shall commence, appear in, prosecute, and defend any such action or proceeding. Borrower shall pay all costs and expenses of Lender, including costs of evidence of title and Attorney Fees, in any such action or proceeding in which Lender may appear or for which legal counsel is sought, whether by virtue of being made a party defendant or otherwise, and whether or not the interest of Lender in the Mortgaged Property is directly questioned in such action or proceeding, including, without limitation, any action for the condemnation or partition of all or any portion of the Mortgaged Property and any action brought by Lender to foreclose this Security Instrument or to enforce any of its terms or provisions.

**10.    Borrower's Failure to Comply With Security Instrument.** If Borrower fails to make any payment or do any act required by this Security Instrument, or if there is any action or proceeding (including, without limitation, any judicial or nonjudicial proceeding to foreclose the lien of a junior or senior mortgage or deed of trust) affecting or purporting to affect the Mortgaged Property, this Security Instrument, Lender's security for the performance of the Obligations and payment of the Indebtedness, or the rights or powers of Lender under the Loan Agreement, the Note or this Security Instrument, Lender may (but is not obligated to) (a) make any such payment or do any such act in such manner and to such extent as either deems necessary to preserve or protect the Mortgaged Property, this Security Instrument, or Lender's security for the performance of Borrower's Obligations and payment of the Indebtedness, or the rights or powers of Lender under the Loan Documents, Lender being authorized to enter on the Mortgaged Property for any such purpose; and (b) in exercising any such power, pay necessary expenses, retain attorneys, and pay Attorney Fees incurred in connection with such action, without notice to or demand on Borrower and without releasing Borrower from any Obligations or Indebtedness.

**11.    Sums Advanced to Bear Interest and to Be Secured by Security Instrument.** At Lender's request, Borrower shall immediately pay any sums advanced or paid by Lender under any provision of this Security Instrument or the other Loan Documents. Until so repaid, all such sums and all other sums payable to Lender shall be added to, and become a part of, the Indebtedness secured by this Security Instrument and bear interest from the date of advancement or payment by Lender at the same rate as provided in the Note, unless payment of interest at such rate would be contrary to Governmental Requirements. All sums advanced by Lender under this Security Instrument or the other Loan Documents, whether or not required to be advanced by Lender under the terms of this Security Instrument or the other Loan Documents, shall conclusively be deemed to be mandatory advances required to preserve and protect this Security Instrument and Lender's security for the performance of the Obligations and payment of the Indebtedness, and shall be secured by this Security Instrument to the same extent and with the same priority as the principal and interest payable under the Note.

**12.    Inspection of Mortgaged Property.** In addition to any rights Lender may have under the laws and regulations where the Mortgaged Property is located, Lender may make, or authorize other persons, including, but not limited to, appraisers and prospective purchasers at any foreclosure sale commenced by Lender, to enter on or inspect the Mortgaged Property at reasonable times and for reasonable durations. Borrower shall permit all such entries and inspections to be made as long as Lender has given Borrower written notice of such inspection at least 24 hours before the entry and inspection.

**13.    Uniform Commercial Code Security Agreement.** This Security Instrument is intended to be and shall constitute a security agreement under the Uniform Commercial Code for any of the Personalty specified as part of the Mortgaged Property that, under Governmental Requirements, may be subject to a security interest under the Uniform Commercial Code, and Borrower grants to Lender a security interest in those items. Borrower authorizes Lender to file financing statements in all states, counties, and other jurisdictions as Lender may elect, without Borrower's signature if permitted by law. Borrower agrees that Lender may file this Security Instrument, or a copy of it, in the real estate records or other appropriate index or in the Office of the Secretary of State and such other states as the Lender may elect, as a financing

© 2007 Geraci Law Firm; All Rights Reserved.                                                                                    Rev. 01/16
*Deed of Trust |*

statement for any of the items specified above as part of the Mortgaged Property. Any reproduction of this Security Instrument or executed duplicate original of this Security Instrument, or a copy certified by a County Recorder in the state where the Mortgaged Property is located, or of any other security agreement or financing statement, shall be sufficient as a financing statement. In addition, Borrower agrees to execute and deliver to Lender, at Lender's request, any UCC financing statements, as well as any extensions, renewals, and amendments, and copies of this Security Instrument in such form as Lender may require to perfect a security interest with respect to the Personalty. Borrower shall pay all costs of filing such financing statements and any extensions, renewals, amendments, and releases of such statements, and shall pay all reasonable costs and expenses of any record searches for financing statements that Lender may reasonably require. Without the prior written consent of Lender, Borrower shall not create or suffer to be created any other security interest in the items, including any replacements and additions.

On any Event of Default, Lender shall have the remedies of a secured party under the Uniform Commercial Code and, at Lender's option, may also invoke the remedies provided in the Non-Uniform Covenants section of this Security Instrument as to such items. In exercising any of these remedies, Lender may proceed against the items of Mortgaged Property and any items of Personalty separately or together and in any order whatsoever, without in any way affecting the availability of Lender's remedies under the Uniform Commercial Code or of the remedies provided in the Non-Uniform Covenants section of this Security Instrument.

**14.    Fixture Filing.** This Security Instrument constitutes a financing statement filed as a fixture filing under Uniform Commercial Code, as amended or recodified from time to time, covering any portion of the Mortgaged Property that now is or later may become a fixture attached to the Mortgaged Property or to any Improvement.

**15.    Waiver of Statute of Limitations.** Borrower waives the right to assert any statute of limitations as a defense to the Loan Documents and the Obligations secured by this Security Instrument, to the fullest extent permitted by Governmental Requirements.

**16.    Default.** Any Event of Default, as defined in the Loan Agreement, shall constitute an "Event of Default" as that term is used in this Security Instrument (and the term "Default" shall mean any event which, with any required lapse of time or notice, may constitute an Event of Default, whether or not any such requirement for notice or lapse of time has been satisfied).

**17.    Acceleration on Transfer or Encumbrance.**

 **17.1.    Acceleration on Transfer or Encumbrance of Mortgaged Property.** If Borrower sells, contracts to sell, gives an option to purchase, conveys, leases with an option to purchase, encumbers (including, but not limited to PACE/HERO loans, any loans where payments are collected through property tax assessments, and super-voluntary liens which are deemed to have priority over the lien of this Security Instrument), or alienates the Mortgaged Property, or any interest in it, or suffers its title to, or any interest in, the Mortgaged Property to be divested, whether voluntarily or involuntarily; or if there is a sale or transfer of beneficial interests in Borrower; or if Borrower changes or permits to be changed the character or use of the Mortgaged Property, or drills or extracts or enters into any lease for the drilling or extracting of oil, gas, or other hydrocarbon substances or any mineral of any kind or character on the Mortgaged Property; or if title to such Mortgaged Property becomes subject to any lien or charge, voluntary or involuntary, contractual or statutory, without Lender's prior written consent, then Lender, at Lender's option, may, without prior notice, declare all sums secured by this Security Instrument, regardless of their stated due date(s), immediately due and payable and may exercise all rights and remedies in the Loan Documents.

 **17.2.    Replacement Personalty.** Notwithstanding anything to the contrary herein, Borrower may from time to time replace Personalty constituting a part of the Mortgaged Property, as long as (a) the replacements for such Personalty are of equivalent value and quality; (b) Borrower has good and clear title to such replacement Personalty free and clear of any and all liens, encumbrances, security interests, ownership interests, claims of title (contingent or otherwise), or charges of any kind, or the rights of any conditional sellers, vendors, or any other third parties in or to such replacement Personalty have been

---

13

EXHIBIT 1, PAGE 41

expressly subordinated to the lien of the Security Instrument in a manner satisfactory to Lender and at no cost to Lender; and (c) at Lender's option, Borrower provides at no cost to Lender satisfactory evidence that the Security Instrument constitutes a valid and subsisting lien on and security interest in such replacement Personalty of the same priority as this Security Instrument has on the Mortgaged Property and is not subject to being subordinated or its priority affected under any Governmental Requirements.

    **17.3.    Permitted Encumbrances.**  If Lender consents in writing, which consent may not be unreasonably withheld, the due-on-encumbrance prohibition shall not apply to a junior voluntary deed of trust or mortgage lien in favor of another lender encumbering the Mortgaged Property (the principal balance of any such junior encumbrance shall be added to the principal balance of the Indebtedness for purposes of determining compliance with the financial covenants of the Loan Agreement and the Note); as long as Borrower gives Lender at least 30 days written notice of the further encumbrance and reimburses Lender for all out-of-pocket costs and expenses incurred in connection with such encumbrance.

**18.**    **Waiver of Marshaling.**  Despite the existence of interests in the Mortgaged Property other than that created by this Security Instrument, and despite any other provision of this Security Instrument, if Borrower defaults in paying the Indebtedness or in performing any Obligations, Lender shall have the right, in Lender's sole and absolute discretion, to establish the order in which the Mortgaged Property will be subjected to the remedies provided in this Security Instrument and to establish the order in which all or any part of the Indebtedness secured by this Security Instrument is satisfied from the proceeds realized on the exercise of the remedies provided in this Security Instrument. Borrower and any person who now has or later acquires any interest in the Mortgaged Property with actual or constructive notice of this Security Instrument waives any and all rights to require a marshaling of assets in connection with the exercise of any of the remedies provided in this Security Instrument or otherwise provided by Governmental Requirements.

**19.**    **Consents and Modifications; Borrower and Lien Not Released.**  Despite Borrower's default in the payment of any Indebtedness secured by this Security Instrument or in the performance of any Obligations under this Security Instrument or Borrower's breach of any obligation, covenant, or agreement in the Loan Documents, Lender, at Lender's option, without notice to or consent from Borrower, any guarantor of the Indebtedness and of Borrower's Obligations under the Loan Documents, or any holder or claimant of a lien or interest in the Mortgaged Property that is junior to the lien of this Security Instrument, and without incurring liability to Borrower or any other person by so doing, may from time to time (a) extend the time for payment of all or any portion of Borrower's Indebtedness under the Loan Documents; (b) accept a renewal note or notes, or release any person from liability, for all or any portion of such Indebtedness; (c) agree with Borrower to modify the terms and conditions of payment under the Loan Documents; (d) reduce the amount of the monthly installments due under the Note; (e) reconvey or release other or additional security for the repayment of Borrower's Indebtedness under the Loan Documents; (f) approve the preparation or filing of any map or plat with respect to the Mortgaged Property; (g) enter into any extension or subordination agreement affecting the Mortgaged Property or the lien of this Security Instrument; and (h) agree with Borrower to modify the term, the rate of interest, or the period of amortization of the Note or alter the amount of the monthly installments payable under the Note. No action taken by Lender under this Section shall be effective unless it is in writing, subscribed by Lender, and, except as expressly stated in such writing, no such action will impair or affect (i) Borrower's obligation to pay the Indebtedness secured by this Security Instrument and to observe all Obligations of Borrower contained in the Loan Documents; (ii) the guaranty of any Person of the payment of the Indebtedness secured by this Security Instrument; or (iii) the lien or priority of the lien of this Security Instrument. At Lender's request, Borrower shall promptly pay Lender a reasonable service charge, together with all insurance premiums and Attorney Fees as Lender may have advanced, for any action taken by Lender under this Section.

    Whenever Lender's consent or approval is specified as a condition of any provision of this Security Instrument, such consent or approval shall not be effective unless such consent or approval is in writing, signed by two authorized officers of Lender.

© 2007 Geraci Law Firm; All Rights Reserved.
*Deed of Trust |*                                                                                 Rev. 01/16

EXHIBIT 1, PAGE 42

**20.    Future Advances.** On request by Borrower, Lender, at Lender's option, may make future advances to Borrower. All such future advances, with interest, shall be added to and become a part of the Indebtedness secured by this Security Instrument when evidenced by promissory notes reciting that such note(s) are secured by this Security Instrument.

**21.    Prepayment.** If the Loan Documents provide for a fee or charge as consideration for the acceptance of prepayment of principal, Borrower agrees to pay said fee or charge if the Indebtedness or any part of it shall be paid, whether voluntarily or involuntarily, before the due date stated in the Note, even if Borrower has defaulted in payment or in the performance of any agreement under the Loan Documents and Lender has declared all sums secured by this Security Instrument immediately due and payable.

**22.    Governing Law; Consent to Jurisdiction and Venue.** This Secured Instrument is made by the Lender and accepted by the Borrower in the State of California except that at all times the provisions for the creation, perfection, priority, enforcement and foreclosure of the liens and security interests created in the Mortgaged Property under the Loan Documents shall be governed by and construed according to the laws of California. To the fullest extent permitted by the law of California, the law of the State of California shall govern the validity and enforceability of all Loan Documents, and the debt or obligations arising hereunder (but the foregoing shall not be construed to limit Lender's rights with respect to such security interest created in California). The parties agree that jurisdiction and venue for any dispute, claim or controversy arising, other than with respect to perfection and enforcement of Lender's rights against the Mortgaged Property, shall be Los Angeles, or the applicable federal district court that covers said County, and Borrower submits to personal jurisdiction in that forum for any and all purposes. Borrower waives any right Borrower may have to assert the doctrine of forum non conveniens or to object to such venue.

BORROWER'S INITIALS:

**23.    Taxation of Security Instrument.** In the event of the enactment of any law deducting from the value of the Mortgaged Property any mortgage lien on it, or imposing on Lender the payment of all or part of the taxes, charges, or assessments previously paid by Borrower under this Security Instrument, or changing the law relating to the taxation of mortgages, debts secured by mortgages, or Lender's interest in the Mortgaged Property so as to impose new incidents of tax on Lender, then Borrower shall pay such taxes or assessments or shall reimburse Lender for them; provided, however, that if in the opinion of Lender's counsel such payment cannot lawfully be made by Borrower, then Lender may, at Lender's option, declare all sums secured by this Security Instrument to be immediately due and payable without notice to Borrower. Lender may invoke any remedies permitted by this Security Instrument.

**24.    Mechanic's Liens.** Borrower shall pay from time to time when due, all lawful claims and demands of mechanics, materialmen, laborers, and others that, if unpaid, might result in, or permit the creation of, a lien on the Mortgaged Property or any part of it, or on the Rents arising therefrom, and in general shall do or cause to be done everything necessary so that the lien and security interest of this Security Instrument shall be fully preserved, at Borrower's expense, without expense to Lender; provided, however, that if Governmental Requirements empower Borrower to discharge of record any mechanic's, laborer's, materialman's, or other lien against the Mortgaged Property by the posting of a bond or other security, Borrower shall not have to make such payment if Borrower posts such bond or other security on the earlier of (a) 10 days after the filing or recording of same or (b) within the time prescribed by law, so as not to place the Mortgaged Property in jeopardy of a lien or forfeiture.

**25.    Liability for Acts or Omissions.** Lender shall not be liable or responsible for its acts or omissions under this Security Instrument, except for Lender's own gross negligence or willful misconduct, or be liable or responsible for any acts or omissions of any agent, attorney, or employee of Lender, if selected with reasonable care.

**26.    Notices.** Except for any notice required by Governmental Requirements to be given in another manner, any notice required to be provided in this Security Instrument shall be given in accordance with the Loan Agreement.

---

15

© 2007 Geraci Law Firm; All Rights Reserved.                                        Rev. 01/16
*Deed of Trust |*

**27.**    **Statement of Obligations.**  Except as otherwise provided by Governmental Requirements, at Lender's request, Borrower shall promptly pay to Lender such fee as may then be provided by law as the maximum charge for each statement of obligations, Lender's statement, Lender's demand, payoff statement, or other statement on the condition of, or balance owed, under the Note or secured by this Security Instrument.

**28.**    **Remedies Are Cumulative.**  Each remedy in this Security Instrument is separate and distinct and is cumulative to all other rights and remedies provided by this Security Instrument or by Governmental Requirements, and each may be exercised concurrently, independently, or successively, in any order whatsoever.

**29.**    **Obligations of Borrower Joint and Several.**  If more than one Person is named as Borrower, each obligation of Borrower under this Security Instrument shall be the joint and several obligations of each such Person.

**30.**    **Delegation of Authority.**  Whenever this Security Instrument provides that Borrower authorizes and appoints Lender as Borrower's attorney-in-fact to perform any act for or on behalf of Borrower or in the name, place, and stead of Borrower, Borrower expressly understands and agrees that this authority shall be deemed a power coupled with an interest and such power shall be irrevocable.

**31.**    **Funds for Taxes and Insurance.**  If Borrower is in default under this Security Instrument or any of the Loan Documents, regardless of whether the default has been cured, then Lender may at any subsequent time, at its option to be exercised on 30 days written notice to Borrower, require Borrower to deposit with Lender or its designee, at the time of each payment of an installment of interest or principal under the Note, an additional amount sufficient to discharge the obligations of Borrower under the Note and this Security Instrument as they become due.  The calculation of the amount payable and of the fractional part of it to be deposited with Lender shall be made by Lender in its sole and absolute discretion.  These amounts shall be held by Lender or its designee not in trust and not as agent of Borrower and shall not bear interest, and shall be applied to the payment of any of the Obligations under the Loan Documents in such order or priority as Lender shall determine.  If at any time within 30 days before the due date of these obligations the amounts then on deposit shall be insufficient to pay the obligations under the Note and this Security Instrument in full, Borrower shall deposit the amount of the deficiency with Lender within 10 days after Lender's demand.  If the amounts deposited are in excess of the actual obligations for which they were deposited, Lender may refund any such excess, or, at its option, may hold the excess in a reserve account, not in trust and not bearing interest, and reduce proportionately the required monthly deposits for the ensuing year.  Nothing in this Section shall be deemed to affect any right or remedy of Lender under any other provision of this Security Instrument or under any statute or rule of law to pay any such amount and to add the amount so paid to the Indebtedness secured by this Security Instrument.  Lender shall have no obligation to pay insurance premiums or taxes except to the extent the fund established under this Section is sufficient to pay such premiums or taxes, to obtain insurance, or to notify Borrower of any matters relative to the insurance or taxes for which the fund is established under this Section. Notwithstanding the preceding, Borrower and Lender may agree to impounds of taxes and insurance which impounds shall be identified in the Note.

Lender or its designee shall hold all amounts so deposited as additional security for the sums secured by this Security Instrument. Lender may, in its sole and absolute discretion and without regard to the adequacy of its security under this Security Instrument, apply such amounts or any portion of it to any Indebtedness secured by this Security Instrument, and such application shall not be construed to cure or waive any default or notice of default under this Security Instrument.

If Lender requires deposits to be made under this Section, Borrower shall deliver to Lender all tax bills, bond and assessment statements, statements for insurance premiums, and statements for any other obligations referred to above as soon as Borrower receives such documents.

If Lender sells or assigns this Security Instrument, Lender shall have the right to transfer all amounts deposited under this Section to the purchaser or assignee. After such a transfer, Lender shall be relieved and have no further liability under this Security Instrument for the application of such deposits,

---

16

EXHIBIT 1, PAGE 44

and Borrower shall look solely to such purchaser or assignee for such application and for all responsibility relating to such deposits.

**32.    General Provisions.**

    **32.1.    Successors and Assigns.** Except as otherwise expressly provided herein, this Security Instrument applies to, inures to the benefit of, and binds, the respective heirs, legatees, devisees, administrators, executors, successors, and assigns of each party to this Security Instrument.

    **32.2.    Meaning of Certain Terms.** As used in this Security Instrument and unless the context otherwise provides, the words "herein," "hereunder" and "hereof" mean and include this Security Instrument as a whole, rather than any particular provision of it.

    **32.3.    Authorized Agents.** In exercising any right or remedy, or taking any action provided in this Security Instrument, Lender may act through its employees, agents, or independent contractors, as Lender expressly authorizes.

    **32.4.    Gender and Number.** Wherever the context so requires in this Security Instrument, the masculine gender includes the feminine and neuter, the singular number includes the plural, and vice versa.

    **32.5.    Captions.** Captions and section headings used in this Security Instrument are for convenience of reference only, are not a part of this Security Instrument, and shall not be used in construing it.

**33.    Dispute Resolution; Waiver of Right to Jury Trial.**

    **33.1.    ARBITRATION.**    CONCURRENTLY HEREWITH, BORROWER AND ANY GUARANTOR SHALL EXECUTE THAT CERTAIN ARBITRATION AGREEMENT WHEREBY BORROWER, ANY GUARANTOR, AND LENDER AGREE TO ARBITRATE ANY DISPUTES TO RESOLVE ANY CLAIMS (AS DEFINED IN THE ARBITRATION AGREEMENT).

    **33.2.    WAIVER OF RIGHT TO JURY TRIAL.**    CONCURRENTLY HEREWITH, BORROWER AND ANY GUARANTOR SHALL EXECUTE THAT CERTAIN ARBITRATION AGREEMENT AND WAIVER OF RIGHT TO JURY TRIAL WHEREBY BORROWER, ANY GUARANTOR, AND LENDER AGREE TO WAIVE THEIR RESPECTIVE RIGHTS TO A JURY TRIAL OF ANY CLAIM (AS DEFINED IN THE ARBITRATION AGREEMENT) OR CAUSE OF ACTION BASED ON OR ARISING FROM THE LOAN.

BORROWER'S INITIALS: 

    **33.3.    PROVISIONAL REMEDIES; FORECLOSURE AND INJUNCTIVE RELIEF.** Nothing in the Section above, shall be deemed to apply to or limit the right of Lender to: (a) exercise self-help remedies, (b) foreclose judicially or nonjudicially against any real or personal property collateral, or to exercise judicial or nonjudicial power of sale rights, (c) obtain from a court provisional or ancillary remedies (including, but not limited to, injunctive relief, a writ of possession, prejudgment attachment, a protective order or the appointment of a receiver), or (d) pursue rights against Borrower or any other party in a third party proceeding in any action brought against Lender (including, but not limited to, actions in bankruptcy court). Lender may exercise the rights set forth in the foregoing clauses (a) through (d), inclusive, before, during, or after the pendency of any proceeding referred to in the Section above. Neither the exercise of self-help remedies nor the institution or maintenance of an action for foreclosure or provisional or ancillary remedies or the opposition to any such provisional remedies shall constitute a waiver of the right of any Borrower, Lender or any other party, including, but not limited to, the claimant in any such action, to require submission the dispute, claim or controversy occasioning resort to such remedies to any proceeding referred to in the Section above.

    **33.4.    Contractual Right to Appoint a Receiver Upon Default.** Upon an Event of Default under this Security Instrument or a breach of any clause of any agreement signed in connection with the loan to Borrower, Borrower agrees that Lender may appoint a receiver to control the Mortgaged Property

---

© 2007 Geraci Law Firm; All Rights Reserved.                    Rev. 01/16
*Deed of Trust |*

within seven (7) days of any default. Borrower agrees to cooperate with the receiver and turn over all control to said receiver and otherwise cooperate with the receiver appointed by Lender.

**33.5.    Loan Agreement.** This Security Instrument is subject to the provisions of the Loan Agreement. As specifically provided in the Loan Agreement, if Borrower defaults under this Security Instrument, Lender has the right and option to foreclose against any Collateral provided under the Loan Agreement.

## NON-UNIFORM COVENANTS.

Notwithstanding anything to the contrary elsewhere in this Security Instrument, Borrower and Lender further covenant and agree as follows:

**34.    Acceleration and Sale on Default.** If an Event of Default occurs, Lender, at its option, in addition to other remedies provided at law, may declare all sums secured by this Security Instrument immediately due and payable by delivering to Trustee a written affidavit or declaration of default and demand for sale, executed by Lender and reciting facts demonstrating such default by Borrower, together with a written notice of default and election to sell the Mortgaged Property. Lender shall also deposit with Trustee the Note, this Security Instrument, and documents evidencing any additional advances or expenditures secured by this Security Instrument. On receipt by Trustee of such affidavit or declaration of default and such notice of default and election to sell, Trustee shall accept such election to sell as true and conclusive of all facts and statements in such affidavit or declaration of default and shall cause such notice of default and election to sell to be recorded as required by Governmental Requirements. On the expiration of such period as may then be required by Governmental Requirements following recordation of such notice of default, and after notice of sale has been given in the manner and for the period required by Governmental Requirement, Trustee, without demand on Borrower, shall sell the Mortgaged Property at the time and place fixed in such notice of sale, either in whole or in separate parcels, and in such order as Trustee may determine or Lender may direct (Borrower waives any right it may have under Governmental Requirements to direct the order of sale), at public auction to the highest bidder for cash in lawful money of the United States, payable at the time of sale; provided, however, that Lender may offset its bid at such sale to the extent of the full amount owed to Lender under the Loan Documents, including, without limitation, Trustee's fees, expenses of sale, and costs, expenses, and Attorney Fees incurred by or on behalf of Lender in connection with collecting, litigating, or otherwise enforcing any right under the Loan Documents. Trustee may postpone the sale of all or any portion of the Mortgaged Property by public announcement made at the initial time and place of sale, and from time to time later by public announcement made at the time and place of sale fixed by the preceding postponement. Trustee shall deliver to the purchaser at such public auction its deed conveying the Mortgaged Property sold, but without any covenant or warranty, express or implied. The recital in such deed of any matter of fact concerning notices shall be conclusive proof of its truthfulness. Any person, including Borrower, Trustee, or Lender, may purchase at such sale.

The proceeds or avails of any sale made under or by virtue of this Security Instrument, together with any other sums secured by this Security Instrument, which then may be held by the Trustee or Lender or any other person, shall be applied as follows: (1) To the payment of the costs and expenses of such sale, including Trustee's fees, costs of title evidence, Attorney Fees, and reasonable compensation to Lender and its agents and consultants, and of any judicial proceedings in which the same costs and expenses of sale may be made, and of all expenses, liabilities, and advances made or incurred by the Trustee or Lender under this Security Instrument, together with interest at the rate set forth in the Note on all advances made by the Trustee or Lender and all taxes or assessments, except any taxes, assessments, or other charges subject to which the Mortgaged Property was sold; (2) to the payment of the whole amount then due, owing, or unpaid on the Note for interest and principal, with interest on the unpaid principal at the Default Rate (as defined in the Note), from the due date of any such payment of principal until the same is paid; (3) to the payment of any other Indebtedness required to be paid by Borrower under any provision of this Security Instrument,

© 2007 Geraci Law Firm; All Rights Reserved.
*Deed of Trust |*                                                                Rev. 01/16

the Note, or any of the other Loan Documents; and (4) to the payment of the surplus, if any, to whomsoever may be lawfully entitled to receive it.

**35.**     **Trustee.** The Trustee shall be deemed to have accepted the terms of this trust when this Security Instrument, duly executed and acknowledged, is made a public record as provided by law. The Trustee shall not be obligated to notify any party to this Security Instrument of any pending sale under any other Security Instrument or of any action or proceeding in which Borrower, Lender, or Trustee is a party, unless such sale relates to or reasonably might affect the Mortgaged Property, this Security Instrument, Lender's security for the payment of the Indebtedness and the performance of the Obligations, or the rights or powers of Lender or Trustee under the Loan Documents, or unless such action or proceeding has been instituted by Trustee against the Mortgaged Property, Borrower, or Lender. As used in Sections 1.7, 1.17, 4.2.1, 7, 9, 10, and 11 the term "Lender" shall mean Lender and Trustee.

**36.**     **Power of Trustee to Reconvey or Consent.** At any time, without liability and without notice to Borrower, on Lender's written request and presentation of the Note and this Security Instrument to Trustee for endorsement, and without altering or affecting (a) the personal liability of Borrower or any other person for the payment of the Indebtedness secured by this Security Instrument, or (b) the lien of this Security Instrument on the remainder of the Mortgaged Property as security for the repayment of the full amount of the Indebtedness then or later secured by this Security Instrument, (c) or any right or power of Lender or Trustee with respect to the remainder of the Mortgaged Property, Trustee may (i) reconvey or release any part of the Mortgaged Property from the lien of this Security Instrument; (ii) approve the preparation or filing of any map or plat of the Mortgaged Property; (iii) join in the granting of any easement burdening the Mortgaged Property; or (iv) enter into any extension or subordination agreement affecting the Mortgaged Property or the lien of this Security Instrument.

**37.**     **Duty to Reconvey.** On Lender's written request reciting that all sums secured hereby have been paid, surrender of the Note and this Security Instrument to Trustee for cancellation and retention by Trustee, and payment by Borrower of any reconveyance fees customarily charged by Trustee, Trustee shall reconvey, without warranty, the Mortgaged Property then held by Trustee under this Security Instrument. The recitals in such reconveyance of any matters of fact shall be conclusive proof of their truthfulness. The grantee in such reconveyance may be described as "the person or persons legally entitled to the Mortgaged Property." Such request and reconveyance shall operate as a reassignment of the Rents assigned to Lender in this Security Instrument.

**38.**     **Substitution of Trustee.** Lender, at Lender's option, may from time to time, by written instrument, substitute a successor or successors to any Trustee named in or acting under this Security Instrument, which instrument, when executed and acknowledged by Lender and recorded in the office of the Recorder of the county or counties in which the Mortgaged Property is located, shall constitute conclusive proof of the proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the predecessor Trustee, succeed to all right, title, estate, powers, and duties of such predecessor Trustee, including, without limitation, the power to reconvey the Mortgaged Property. To be effective, the instrument must contain the names of the original Borrower, Trustee, and Lender under this Security Instrument, the book and page or instrument or document number at which, and the county or counties in which, this Security Instrument is recorded, and the name and address of the substitute Trustee. If any notice of default has been recorded under this Security Instrument, this power of substitution cannot be exercised until all costs, fees, and expenses of the then acting Trustee have been paid. On such payment, the then acting Trustee shall endorse receipt of the payment on the instrument of substitution. The procedure provided in this section for substitution of Trustees is not exclusive of other provisions for substitution provided by Governmental Requirements.

**39.**     **Assignment of Rents.** This assignment of Rents is to be effective to create a present security interest in existing and future Rents of the Mortgaged Property under California Civil Code §2938.

**40.**     **Waiver of Right of Offset.** No portion of the Indebtedness secured by this Security Instrument shall be or be deemed to be offset or compensated by all or any part of any claim, cause of action, counterclaim, or cross-claim, whether liquidated or unliquidated, that Borrower may have or claim to have

© 2007 Geraci Law Firm; All Rights Reserved.
*Deed of Trust |*

Rev. 01/16

EXHIBIT 1, PAGE 47

against Lender. Borrower hereby waives, to the fullest extent permitted by Governmental Requirements, the benefits of California Code of Civil Procedure section 431.70, which provides:

> Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and an action is thereafter commenced by one such person, the other person may assert in the answer the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting the person's claim would at the time of filing the answer be barred by the statute of limitations. If the cross-demand would otherwise be barred by the statute of limitations, the relief accorded under this section shall not exceed the value of the relief granted to the other party. The defense provided by this section is not available if the cross-demand is barred for failure to assert it in a prior action under Section 426.30. Neither person can be deprived of the benefits of this section by the assignment or death of the other. For the purposes of this section, a money judgment is a "demand for money" and, as applied to a money judgment, the demand is barred by the statute of limitations when enforcement of the judgment is barred under Chapter 3 (commencing with Section 683.010) of Division 1 of Title 9.

41.    **California Business & Professions Code § 10238 Notice.** If there are multiple beneficiaries to this Security Instrument, the provisions of California Business & Professions Code Section 10238(i) and California Civil Code Section 2941.9 may control the actions to be taken by the beneficiaries. Section 10238(i) provides "[t]he holders of more than 50 percent of the recorded beneficial interests of the notes or interests may govern the actions to be taken on behalf of all holders in accordance with Section 2941.9 of the Civil Code in the event of default or foreclosure for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance, or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure."

IN WITNESS WHEREOF, Borrower has executed and delivered this Security Instrument as of the date first written above.

**BORROWER:**

155 N Anita, LLC, a California Limited Liability Company

By: _____
Name: Sasha Zall
Title: Manager

*Sasha Zall*

© 2007 Geraci Law Firm; All Rights Reserved.
*Deed of Trust |*                                                                 Rev. 01/16

EXHIBIT 1, PAGE 48

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of _California_ )

County of _Los Angeles_ )

On _07/21/2021_ before me, _H. McQueen_ , Notary Public
Date                                      *Here Insert Name of the Officer*

Personally Appeared _Sasha Zall_
                            *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _California_ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                    *Signature of Notary Public*

H. MCQUEEN
Notary Public - California
Los Angeles County
Commission # 2346204
My Comm. Expires Feb 10, 2025

© 2007 Geraci Law Firm; All Rights Reserved.
*Deed of Trust |*

Rev. 01/16

EXHIBIT 1, PAGE 49

EXHIBIT "A"
LEGAL PROPERTY DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, IN
THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 148 OF TRACT NO. 5666, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES,
STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 65, PAGES 78 AND 79 OF MAPS,
IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM; ALL 0TH, OIL RIGHTS, NATURAL GAS RIGHTS, MINERAL
RIGHTS, ALL OTHER HYDROCARBON SUBSTANCES BY WHATSOEVER NAME KNOWN,
AND ALL WATER, CLAIMS OR RIGHTS TO WATER, TOGETHER WITH APPURTENANT
RIGHTS THERETO, WITHOUT, HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF
SAID LAND NOR ANY PORTION OF THE SUBSURFACE LYING ABOVE A DEPTH OF (NOT
SHOWN) FEET, AS EXCEPTED OR RESERVED BY DEED RECORDED IN BOOK 1957, PAGE 295,
OFFICIAL RECORDS.

APN #: 4405-008-003

© 2007 Geraci Law Firm; All Rights Reserved.
*Deed of Trust |*                                                    Rev. 01/16

EXHIBIT 1, PAGE 50

# Exhibit C

Case 2:25-bk-15221-BB    Doc 10    Filed 06/20/25    Entered 06/20/25 16:02:13    Desc
Main Document      Page 42 of 50

| Fill in this information to identify your case and this filing: | | |
|---|---|---|
| Debtor 1 | **Sasha Zall** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | |
| Case number | | |

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
**12/15**

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1.  **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.
■ Yes. Where is the property?

**1.1**

**155 N Anita Ave**
Street address, if available, or other description

**Los Angeles      CA      90049-0000**
City              State      ZIP Code

**Los Angeles**
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Property is owned by 155 N Anita, LLC, (listed herein) of which the debtor owns 2% of.**
**There is a notice of default recorded on this property.**

**Value listed is based on the MLS value, however, there has been no interest shown at this value.**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    **$12,300,000.00**

Current value of the portion you own?    **$246,000.00**

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ Check if this is community property (see instructions)

2.  **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.................................................................=>**

| $246,000.00 |
|---|

**Part 2:**    Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

**EXHIBIT 1, PAGE 52**

Case 2:25-bk-15221-BB    Doc 10    Filed 05/20/25    Entered 05/20/25 16:02:13    Desc
Main Document    Page 43 of 50

Debtor 1    Sasha Zall                                   Case number *(if known)*

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

■ No
☐ Yes

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
pages you have attached for Part 2. Write that number here.................................................=>    | $0.00 |

| **Part 3:** | **Describe Your Personal and Household Items** |

**Do you own or have any legal or equitable interest in any of the following items?**    Current value of the portion you own? Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

| Household goods and furnishings | $2,500.00 |

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes. Describe.....

| Cell phone, TV, Laptop/computer, etc | $1,000.00 |

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
■ No
☐ Yes. Describe.....

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
■ No
☐ Yes. Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
■ No
☐ Yes. Describe.....

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes. Describe.....

| Clothing, shoes, and other apparel | $500.00 |

EXHIBIT 1, PAGE 53

Case 2:25-bk-15221-BB   Doc 10   Filed 06/20/25   Entered 06/20/25 19:28:13   Desc
Main Document    Page 49 of 50

Debtor 1 **Sasha Zall** _____   Case number *(if known)* _____

## 12. Jewelry
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
■ No
☐ Yes. Describe.....

## 13. Non-farm animals
*Examples:* Dogs, cats, birds, horses
■ No
☐ Yes. Describe.....

## 14. Any other personal and household items you did not already list, including any health aids you did not list
■ No
☐ Yes. Give specific information.....

## 15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ..................................................................

**$4,000.00**

| Part 4: | Describe Your Financial Assets |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

## 16. Cash
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
■ No
☐ Yes.................................................................................................

## 17. Deposits of money
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
☐ No
■ Yes......................

Institution name:

| | | | |
|---|---|---|---|
| 17.1. | Business checking account ending x0621 | Commercial Bank of California | $23.20 |
| 17.2. | Joint Checking account ending x7622 | Commercial Bank of California | $8.89 |
| 17.3. | Checking account ending x0785 | Wells Fargo Bank | $128.84 |
| 17.4. | Savings account ending x5012 | Wells Fargo Bank | $0.00 |
| 17.5. | Business checking account ending in 1668 | Commercial Bank of California Name: 155 Anita LLC [Debtor is a signer] | $2.91 |

## 18. Bonds, mutual funds, or publicly traded stocks
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
■ No
☐ Yes.................

Institution or issuer name:

## 19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture
☐ No
■ Yes. Give specific information about them...................

Name of entity:                                        % of ownership:

**EXHIBIT 1, PAGE 54**

Debtor 1    **Sasha Zall**                                              Case number *(if known)*

       **155 N Anita LLC**

       **Business was created by Debtor's father in order**
       **to house the property listed herein (155 Anita).**
       **This property was purchased for approximately**
       **$2MM about 20 years ago. Debtor's father**
       **started developing this property to sell it for**
       **more than $15MM. After he died, and with**
       **financial difficulties, the LLC was not able to**
       **support the development. They decided to sell**
       **this property, however, the fireplace duct caught**
       **on fire and caused them to lose their buyer and**
       **the ability to fix the home for sale. Value of the**
       **LLC is based solely on the value of the property**
       **listed above.**                                **2**    %          **$0.00**

       **The Zall Group LLC**

       **The Zall Group was created by the Debtor to**
       **house his investments. The LLC owns interests**
       **in Radd Foods (on paper valued at $24.01), plus**
       **4% in Beaumont Holdings, and a convertible**
       **note given to ATeam Army, Inc. The majority of**
       **these investment funds were raised by famly (ie**
       **sisters) and Debtor's own funds were probably**
       **1/4th of the total investment. Business debts are**
       **greater than $60k and the Debtor's actual**
       **interest is less than $60k.**                    **90**    %          **$0.00**

       **Around 2010, Debtor wrote 5 songs which were**
       **available for purchase online. He was able to sell**
       **his songs for about a year, but then the interest**
       **dropped. Now the music is available online, but**
       **for free. This was the debtor's passion project,**
       **there is no marketable interest.**               **100**    %          **$0.00**

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

    ■ No
    ☐ Yes. Give specific information about them
            Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

    ■ No
    ☐ Yes. List each account separately.
            Type of account:        Institution name:

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

    ■ No
    ☐ Yes. ....................        Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

    ■ No
    ☐ Yes.............        Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

                                                    **EXHIBIT 1, PAGE 55**

Case 2:25-bk-15221-BB    Doc 10    Filed 06/20/25    Entered 06/20/25 16:02:13    Desc
Main Document        Page 47 of 50

| Debtor 1 | **Sasha Zall** | | Case number *(if known)* | |

■ No

☐ Yes............ Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

■ No

☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

■ No

☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

■ No

☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |

**28. Tax refunds owed to you**

■ No

☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

_____

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

■ No

☐ Yes. Give specific information......

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else

■ No

☐ Yes.  Give specific information..

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

■ No

☐ Yes. Name the insurance company of each policy and list its value.

Company name:                    Beneficiary:              Surrender or refund value:

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No

☐ Yes.  Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ No

☐ Yes.  Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No

☐ Yes.  Describe each claim.........

**35. Any financial assets you did not already list**

☐ No

EXHIBIT 1, PAGE 56

Case 2:25-bk-15221-BB    Doc 10    Filed 06/20/25    Entered 06/20/25 16:08:13    Desc
Main Document      Page 47 of 50

Debtor 1    **Sasha Zall** _____    Case number *(if known)* _____

■ Yes.  Give specific information..

| | |
|---|---|
| Coinbase | $24,500.00 |

36.  **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**.................................................................... | $24,663.84 |

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37.  **Do you own or have any legal or equitable interest in any business-related property?**
- ■ No. Go to Part 6.
- ☐ Yes.  Go to line 38.

**Part 6:**  Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

46.  **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
- ■ No. Go to Part 7.
- ☐ Yes.  Go to line 47.

**Part 7:**  Describe All Property You Own or Have an Interest in That You Did Not List Above

53.  **Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership
- ■ No
- ☐ Yes. Give specific information.........

54.  **Add the dollar value of all of your entries from Part 7. Write that number here** ................................ | $0.00 |

**Part 8:**  List the Totals of Each Part of this Form

| | | |
|---|---|---|
| 55.  **Part 1: Total real estate, line 2** ..................................................................... | | $246,000.00 |
| 56.  **Part 2: Total vehicles, line 5** | $0.00 | |
| 57.  **Part 3: Total personal and household items, line 15** | $4,000.00 | |
| 58.  **Part 4: Total financial assets, line 36** | $24,663.84 | |
| 59.  **Part 5: Total business-related property, line 45** | $0.00 | |
| 60.  **Part 6: Total farm- and fishing-related property, line 52** | $0.00 | |
| 61.  **Part 7: Total other property not listed, line 54** | + $0.00 | |

| | | | |
|---|---|---|---|
| 62.  **Total personal property. Add lines 56 through 61...** | $28,663.84 | Copy personal property total | $28,663.84 |

63.  **Total of all property on Schedule A/B. Add line 55 + line 62** | $274,663.84 |

EXHIBIT 1, PAGE 57

Case 2:25-bk-15221-BB    Doc 10    Filed 06/20/25    Entered 06/20/25 16:28:13    Desc
Main Document    Page 49 of 50

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Sasha Zall** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt

4/25

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | | Specific laws that allow exemption |
|---|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | | |
| **Household goods and furnishings** Line from *Schedule A/B*: **6.1** | $2,500.00 | ☑ | $2,500.00 | **C.C.P. § 703.140(b)(3)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Cell phone, TV, Laptop/computer, etc** Line from *Schedule A/B*: **7.1** | $1,000.00 | ☑ | $1,000.00 | **C.C.P. § 703.140(b)(3)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Clothing, shoes, and other apparel** Line from *Schedule A/B*: **11.1** | $500.00 | ☑ | $500.00 | **C.C.P. § 703.140(b)(3)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Business checking account ending x0621: Commercial Bank of California** Line from *Schedule A/B*: **17.1** | $23.20 | ☑ | $23.20 | **C.C.P. § 703.140(b)(5)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Joint Checking account ending x7622: Commercial Bank of California** Line from *Schedule A/B*: **17.2** | $8.89 | ☑ | $8.89 | **C.C.P. § 703.140(b)(5)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

EXHIBIT 1, PAGE 58

Debtor 1   **Sasha Zall**                                                    Case number (if known) _____

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Checking account ending x0785: Wells Fargo Bank**<br>Line from *Schedule A/B*: **17.3** | $128.84 | ■ $128.84<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Business checking account ending in 1668: Commercial Bank of California**<br>**Name: 155 Anita LLC**<br>**[Debtor is a signer]**<br>Line from *Schedule A/B*: **17.5** | $2.91 | ■ $2.91<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **The Zall Group LLC**<br><br>**The Zall Group was created by the Debtor to house his investments. The LLC owns interests in Radd Foods (on paper valued at $24.01), plus 4% in Beaumont Holdings, and a convertible note given to ATeam Army, Inc. The majority of these**<br>Line from *Schedule A/B*: **19.2** | $0.00 | ■ $10,731.32<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Around 2010, Debtor wrote 5 songs which were available for purchase online. He was able to sell his songs for about a year, but then the interest dropped. Now the music is available online, but for free. This was the debtor's passion project, there is no m**<br>Line from *Schedule A/B*: **19.3** | $0.00 | ■ $3,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Coinbase**<br>Line from *Schedule A/B*: **35.1** | $24,500.00 | ■ $24,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |

3. **Are you claiming a homestead exemption of more than $214,000?**
(Subject to adjustment on 4/01/28 and every 3 years after that for cases filed on or after the date of adjustment**.**)

■ No

☐ Yes**.** Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

☐ No
☐ Yes

EXHIBIT 1, PAGE 59

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Sasha Zall** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | | |
| (Spouse if, filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | |
| Case number (if known) | | ☐ Check if this is an amended filing |

Official Form 106D

## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☑ Yes. Fill in all of the information below.

### Part 1:    List All Secured Claims

| 2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name. | **Column A**<br>Amount of claim<br>Do not deduct the value of collateral. | **Column B**<br>Value of collateral that supports this claim | **Column C**<br>Unsecured portion<br>If any |
|---|---|---|---|
| **2.1**  **Air Plus HVAC** | $32,019.33 | $12,300,000.00 | $0.00 |

| | |
|---|---|
| Creditor's Name | Describe the property that secures the claim: |
| | **155 N Anita Ave Los Angeles, CA 90049  Los Angeles County Property is owned by 155 N Anita, LLC, (listed herein) of which the debtor owns 2% of.** <br> **There is a notice of default recorded on this property.** <br><br> **Value listed is based on the MLS v** |
| **7344 Hinds Avenue** <br> **Panorama City, CA 91402** | As of the date you file, the claim is: Check all that apply. |
| Number, Street, City, State & Zip Code | ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed |
| **Who owes the debt?** Check one. | **Nature of lien.** Check all that apply. |
| ☑ Debtor 1 only | ☐ An agreement you made (such as mortgage or secured car loan) |
| ☐ Debtor 2 only | |
| ☐ Debtor 1 and Debtor 2 only | ☐ Statutory lien (such as tax lien, mechanic's lien) |
| ☐ At least one of the debtors and another | ☐ Judgment lien from a lawsuit |
| ☐ Check if this claim relates to a community debt | ☑ Other (including a right to offset)    **Mechanic's Lien** |

Date debt was incurred    **2025**          Last 4 digits of account number    **8003**

EXHIBIT 1, PAGE 60

Debtor 1  **Sasha Zall**

First Name    Middle Name    Last Name

Case number (if known) _____

| 2.2 | **Allied Design & Remodeling, Inc.** | Describe the property that secures the claim: | $46,585.22 | $12,300,000.00 | $0.00 |
| --- | --- | --- | --- | --- | --- |

Creditor's Name

**155 N Anita Ave Los Angeles, CA 90049  Los Angeles County Property is owned by 155 N Anita, LLC, (listed herein) of which the debtor owns 2% of. There is a notice of default recorded on this property.**

**Value listed is based on the MLS v**

**14111 S. Main St. Unit B Los Angeles, CA 90061**

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Date debt was incurred  **2025**

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)  **Mechanic's Lien**

Last 4 digits of account number  **5330**

| 2.3 | **Arixa Capital** | Describe the property that secures the claim: | $10,509,603.66 | $12,300,000.00 | $0.00 |
| --- | --- | --- | --- | --- | --- |

Creditor's Name

**155 N Anita Ave Los Angeles, CA 90049  Los Angeles County Property is owned by 155 N Anita, LLC, (listed herein) of which the debtor owns 2% of. There is a notice of default recorded on this property.**

**Value listed is based on the MLS v**

**10960 Wilshire Blvd #1050 Los Angeles, CA 90024**

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Date debt was incurred  **2024**

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)

Last 4 digits of account number  _____

Case 2:25-bk-15221-BB    Doc 11    Filed 06/20/25    Entered 06/20/25 19:08:13    Desc
Main Document    Page 23 of 50

Debtor 1   **Sasha Zall**

First Name ___ Middle Name ___ Last Name ___       Case number *(if known)* _____

| 2.4 | **H.R.L. Painting Services, LLC** | | $16,840.00 | $12,300,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

155 N Anita Ave Los Angeles, CA 90049  Los Angeles County
Property is owned by 155 N Anita, LLC, (listed herein) of which the debtor owns 2% of.
There is a notice of default recorded on this property.

**Value listed is based on the MLS v**

15204 Marson St.
Panorama City, CA 91402

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim relates to a community debt

**As of the date you file, the claim is:** Check all that apply.

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Nature of lien.** Check all that apply.

- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☑ Other (including a right to offset)   **Mechanic's Lien**

Date debt was incurred   **0981**       Last 4 digits of account number   **0981**

| 2.5 | **Intex Design and Construction Inc.** | | $13,474.31 | $12,300,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

155 N Anita Ave Los Angeles, CA 90049  Los Angeles County
Property is owned by 155 N Anita, LLC, (listed herein) of which the debtor owns 2% of.
There is a notice of default recorded on this property.

**Value listed is based on the MLS v**

15021 Ventura Blvd. Ste 520
Sherman Oaks, CA 91403

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim relates to a community debt

**As of the date you file, the claim is:** Check all that apply.

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Nature of lien.** Check all that apply.

- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☑ Other (including a right to offset)   **Mechanic's Lien**

Date debt was incurred   **2024**       Last 4 digits of account number   **1890**

Debtor 1    **Sasha Zall**

    First Name        Middle Name        Last Name

Case number *(if known)*

---

| 2.6 | **Los Angeles County Treasurer -** | | $60,000.00 | $12,300,000.00 | $0.00 |
|---|---|---|---|---|---|

    Creditor's Name

**Describe the property that secures the claim:**

155 N Anita Ave Los Angeles, CA
90049  Los Angeles County
Property is owned by 155 N Anita,
LLC, (listed herein) of which the
debtor owns 2% of.
There is a notice of default recorded
on this property.

**Value listed is based on the MLS v**

**Tax Collector**
**PO Box 54110**
**Los Angeles, CA**
**90054-0110**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)    **property taxes**

Date debt was incurred    **2023 - 2024**    Last 4 digits of account number _____

---

| 2.7 | **Lyons Plastering & Stucco, Inc** | | $16,129.42 | $12,300,000.00 | $0.00 |
|---|---|---|---|---|---|

    Creditor's Name

**Describe the property that secures the claim:**

155 N Anita Ave Los Angeles, CA
90049  Los Angeles County
Property is owned by 155 N Anita,
LLC, (listed herein) of which the
debtor owns 2% of.
There is a notice of default recorded
on this property.

**Value listed is based on the MLS v**

**23638 Lyons Ave., #204**
**Newhall, CA 91321**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)    **Mechanic's Lien**

Date debt was incurred    **2024**    Last 4 digits of account number    **4424**

---

EXHIBIT 1, PAGE 63

Debtor 1    **Sasha Zall**
_____    _____    _____    Case number _(if known)_ _____
First Name          Middle Name          Last Name

| 2.8 | **Roberts Home Audio & Video, Inc** | Describe the property that secures the claim: | $24,236.55 | $12,300,000.00 | $0.00 |
|---|---|---|---|---|---|

**Roberts Home Audio & Video, Inc**
Creditor's Name

Describe the property that secures the claim:

**155 N Anita Ave Los Angeles, CA
90049  Los Angeles County
Property is owned by 155 N Anita,
LLC, (listed herein) of which the
debtor owns 2% of.
There is a notice of default recorded
on this property.**

**Value listed is based on the MLS v**

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Attn: Derek Eitel, VP
1611 S. La Cienega Blvd
Los Angeles, CA 90035**
Number, Street, City, State & Zip Code

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)    **Mechanics Lien**

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Date debt was incurred    **2025**    Last 4 digits of account number _____

| 2.9 | **SBW Inc** | Describe the property that secures the claim: | $22,573.96 | $12,300,000.00 | $0.00 |
|---|---|---|---|---|---|

**SBW Inc**
Creditor's Name

Describe the property that secures the claim:

**155 N Anita Ave Los Angeles, CA
90049  Los Angeles County
Property is owned by 155 N Anita,
LLC, (listed herein) of which the
debtor owns 2% of.
There is a notice of default recorded
on this property.**

**Value listed is based on the MLS v**

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**8267 Marmay Pl
Sun Valley, CA 91352**
Number, Street, City, State & Zip Code

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)    **Mechanic's Lien**

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Date debt was incurred    **2024**    Last 4 digits of account number    **2217**

| | | |
|---|---|---|
| Add the dollar value of your entries in Column A on this page. Write that number here: | | **$10,741,462.45** |
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | | **$10,741,462.45** |

**Part 2:   List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

EXHIBIT 1, PAGE 64

Case 2:25-bk-15221-BB    Doc 10    Filed 06/20/25    Entered 06/20/25 19:02:13    Desc
Main Document    Page 26 of 50

| Debtor 1 | **Sasha Zall** | | | Case number (if known) | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

[ ]   Name, Number, Street, City, State & Zip Code
**Law office of Steven A. Booska**
**PO Box 2169**
**Oakland, CA 94621**

On which line in Part 1 did you enter the creditor?   **2.9**

Last 4 digits of account number ___

---

[ ]   Name, Number, Street, City, State & Zip Code
**Superior Court of CA - Chatsworth**
**9425 Penfield Ave**
**Case 25CHLC12217**
**Chatsworth, CA 91311**

On which line in Part 1 did you enter the creditor?   **2.9**

Last 4 digits of account number ___

---

EXHIBIT 1, PAGE 65

Case 2:25-bk-15221-BB   Doc 32   Filed 08/19/25   Entered 08/19/25 21:00:30   Desc
Main Document    Page 67 of 205

Case 2:25-bk-15218-BR   Doc 10-1   Filed 07/22/25   Entered 07/22/25 16:28:23   Desc
Memorandum of Points and Authorities   Page 1 of 6

1  Michael S. Myers, SBN 305011
Sara Shahbazi, SBN 351498
2  **BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
3  Los Angeles, CA 90067-2915
Telephone: 424.204.4400
4  Facsimile: 424.204.4350
E-mail: myersm@ballardspahr.com
5          shahbazis@ballardspahr.com

6  *Attorneys for Arixa Capital Corporation*, servicer for *Churchill MRA Funding I LLC*

7          **UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
8          **LOS ANGELES DIVISION**

9  In re:                                    Case No.: 2:25-bk-15218-BR

10 Sasha Zall,                               Chapter 7

11                                           **MEMORANDUM OF POINTS AND**
                Debtor.                      **AUTHORITIES IN SUPPORT OF MOTION**
12                                           **FOR RELIEF FROM THE AUTOMATIC**
                                             **STAY**
13

14         Arixa Capital Corporation ("Servicer"), on behalf of Churchill MRA Funding I LLC,

15 submits the following memorandum of points and authorities in support of its Motion for Relief

16 From the Automatic (the "Motion").  Relief from the automatic stay is appropriate under 11 U.S.C.

17 § 362(d)(1) to allow Lender to exercise its rights and remedies under California law.

18                                           **I.**

19                          **BRIEF STATEMENT OF FACTS**

20         On or about July 15, 2021, Crosswind Mortgage REIT, L.P. ("Original Lender") made a

21 loan in the original principal amount of $6,200,000.00 (the "Loan") to 155 N Anita, LLC

22 ("Borrower"), as evidenced by the Secured Note dated of even date (the "Note").  *See* Real Property

23 Declaration ("Roades Decl."), Exhibit A.  The Loan is secured by a Deed of Trust dated as of July

24 15, 2021, recorded in the Official Records of the County of Los Angeles, State of California as

25 Instrument Number 20211138740 (as the same may be amended or modified from time to time, the

26 "Deed of Trust"), encumbering real property located at 155 North Anita Avenue, Los Angeles,

27 California 90049 (the "Property").  *See* Roades Decl., Exhibit B.  The Note, the Deed of Trust, and

28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915

                                           1
          **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**
                    **FOR RELIEF FROM THE AUTOMATIC STAY**

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 68 of 205

Case 2:25-bk-15218-BR    Doc 10-1    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Memorandum of Points and Authorities    Page 2 of 6

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915

1  any related documents or instruments executed in connection with the Loan (excluding the

2  Guaranty, which is defined below) are referred to collectively as the "Loan Documents."

3  Under that certain Guaranty dated as of July 15, 2021 (the "Guaranty"), Sasha Zall (the

4  "Debtor") absolutely, irrevocably, and unconditionally guaranteed Borrower's payment and

5  performance of Borrower's obligations under the Loan Documents.  *See* Supplemental Declaration

6  of Robert Roades in Support of Motion for Relief from the Automatic Stay ("Roades Suppl. Decl."),

7  Exhibit D.  The Guaranty remains in full force and effect until all the obligations under the Loan

8  Documents have been fully paid and performed.  According to Debtor's Schedules, the Debtor is a

9  2% owner of Borrower.  *See* ECF No. 1 at 12 (Schedules A/B).

10  On or about June 27, 2022, Original Lender assigned the Loan to Crosswind QRS 1 ("Second

11  Lender") pursuant to that certain assignment.  On or about November 1, 2023, Second Lender

12  entered into that certain Modification of Note and Deed of Trust Agreement with Borrower, which

13  among other things increased the principal amount of the Loan to $8,000,000.00.  On or about

14  September 13, 2023, as more fully set forth in the Roades Suppl. Decl. ¶ 7–8, Second Lender

15  assigned the Loan to Crosswind QRS3, LLC (the "Third Lender"), and Third Lender subsequently

16  assigned the Loan to Lender.  *See* Roades Suppl. Decl., Exhibit G.

17  Borrower defaulted on its obligations under the Note and Loan Documents, and

18  consequently, on March 26, 2025, Lender recorded a Notice of Default and Election to Sell Under

19  Deed of Trust (the "Notice of Default") in the Official Records of Los Angeles County as Instrument

20  No. 20250194358.  *See* Roades Suppl. Decl., Exhibit H.

21  On June 20, 2025, the Debtor filed a voluntary petition for chapter 7 relief.  The Debtor

22  scheduled Lender[1] as a secured creditor and the Property as real property that he owns or has an

23  interest in, despite the fact that Borrower—not Debtor—is in fact the owner of the Property.  Out of

24  an abundance of caution, Lender seeks entry of an order confirming that the stay is not in effect as

25

26

27  _____
[1] The Debtor scheduled Arixa Capital as the creditor holding this obligation.  *See* ECF No. 1 at 21 (Schedule

28  D).  Arixa Capital is the servicer and Lender is the holder of the Note.

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 69 of 205

Case 2:25-bk-15218-BR    Doc 10-1    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Memorandum of Points and Authorities    Page 3 of 6

to the Property, or in the alternative, relief from the automatic stay so that Lender may utilize remedies available under applicable state law and the Loan Documents.

## II.
## ARGUMENT

**A.   LENDER IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY BECAUSE THE DEBTOR DOES NOT HOLD AN INTEREST IN THE PROPERTY.**

A creditor may be granted relief from a stay "for cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1); *Silver Sage Ptnrs., Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 327 F.3d 930, 935 (9th Cir. 2003). The Bankruptcy Code does not provide a definition of "cause," and thus, courts must determine when discretionary relief is appropriate on a case-by-case basis. *See In re Delaney-Morin*, 304 B.R. 365, 369 (B.A.P. 9th Cir. 2003). The Bankruptcy Code does not define adequate protection, but illustrates what may constitute such protection. Section 361 provides a non-exclusive list of examples, as follows:

> (a) requiring cash payments to the secured creditor to the extent the continuation of the stay results in a decrease in value of the collateral;
> (b) providing the secured creditor with an additional or replacement lien on property to the extent that the continuation of the stay results in a decrease in value of the collateral; or
> (c) granting such relief to the secured creditor as will result in the creditor's realization of the "indubitable equivalent" of its interest in the collateral.

11 U.S.C. § 361. "'In addition to lack of adequate protection, cause can be established by virtue of other factors and is to be determined on a case-by-case basis. *In re Tucson Estate, Inc.*, 912 F.2d 1162 (9th Cir. 1990).

To obtain relief from the automatic stay, the party seeking relief must first establish a prima facie case that "cause" exists for relief under section 362(d)(1). *See Duvar Apt., Inc. v. Fed. Deposit Ins. Corp. (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir. BAP 1996). Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted. *In re Duvar Apt., Inc.*, 205 B.R. 196 (B.A.P. 9th Cir. 1996). The debtor carries the

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915

3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**
**FOR RELIEF FROM THE AUTOMATIC STAY**

EXHIBIT 1, PAGE 68

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 70 of 205

Case 2:25-bk-15218-BR    Doc 10-1    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Memorandum of Points and Authorities    Page 4 of 6

1  burden of proof to establish adequate protection and that cause does not exist to grant the relief

2  requested. 11 U.S.C. § 362(g).

3      Relief from the automatic stay is appropriate here because the Debtor does not hold an

4  interest in the Property.  Rather, the Debtor discloses in his Schedules that he owns a 2% interest in

5  the limited liability company that owns the Property.  As such, it does not appear that Debtor is even

6  attempting to claim an interest in the Property personally.  However, to the extent he is claiming

7  such an interest, it would be incorrect, as the Property is not part of the Debtor's estate.

8      The stay operates as to all legal or equitable interests of the debtor in property as of the

9  commencement of the case and it does not operate as to property that is not part of the estate.  11

10  U.S.C. §§ 362(a), 541(a).  A debtor's discharge "does not affect the liability of any other entity on,

11  or the property of any other entity for, such debt."  11 U.S.C. § 524(e).  Borrower is a non-debtor

12  and is obligated to Lender on the Loan per the express written terms of the Loan Documents.  *See*

13  *also Ivanhoe Bldg. & Loan Ass'n of Newark, N.J. v. Orr*, 295 U.S. 243 (1935) (claim of creditor

14  against third party obligor not impacted by the treatment of jointly and severally liable claim

15  guarantor).  Here, Borrower, a non-debtor entity, not the Debtor, is the obligor under the Loan

16  Documents and the legal owner of the Property.

17      An individual debtor who owns an interest in a limited liability company is not the owner of

18  real property that is owned by that limited liability company and therefore does not hold an interest

19  in that property.  *See In re Schaefers*, 623 B.R. 777, 785 (B.A.P. 9th Cir. 2020) (holding that debtor

20  could not claim homestead exemption in real property owned by limited liability company in which

21  he held an interest as debtor did not own the real property); *In re Breece*, 487 B.R. 599 (B.A.P. 6th

22  Cir. 2013) (holding that debtor's "membership interest in the LLC does not grant her an interest in

23  the real property owned by the same LLC").  *See also In re Brittain*, 435 B.R. 318, 322 (Bankr.

24  D.S.C. 2010) (find that individual debtors had no legal ownership interest in the property as the

25  property was titled in the name of the LLC, the promissory note was made by the LLC, and the LLC

26  granted a lien to the lender).

27

28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 71 of 205

Case 2:25-bk-15218-BR    Doc 10-1    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Memorandum of Points and Authorities    Page 5 of 6

1    The Debtor does not hold a legal ownership interest in the Property, therefore good cause

2  exists for relief from the automatic stay under 11 U.S.C. § 362(d)(1) to allow Lender to proceed

3  with the exercise of its state law remedies, including but not limited to, foreclosure under the Deed

4  of Trust.

5

6    **B.    BORROWER'S FAILURE TO INSURE THE PROPERTY IS CAUSE FOR RELIEF FROM THE AUTOMATIC STAY.**

7    Even if Borrower were in bankruptcy such that the automatic stay applied, there would be

8  cause for relief from the automatic stay due to Borrower's failure to insure the Property.  What

9  constitutes cause to terminate the stay is determined on a case-by-case basis.  *In re Delaney-Morin*,

10  304 B.R. 365, 369 (B.A.P. 9th Cir. 2003).  One example of "cause" prescribed by the statute is a

11  lack of adequate protection.  *See* 11 U.S.C. § 362(d)(1); *see also In re Ellis*, 60 B.R. 432, 435 (B.A.P.

12  9th Cir. 1985).  A "secured creditor lacks adequate protection if the value of its collateral is declining

13  as a result of the stay.  It must, therefore, prove this decline in value -- or the threat of a decline --

14  in order to establish a prima facie case."  *In re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr.

15  S.D.N.Y. 1994).  "Such 'threats' include the failure to maintain property insurance or the failure to

16  keep the property in a good state of repair.  *Id.* at fn. 9 (citing *In re Brown*, 78 Bankr. 499, 503

17  (Bankr. S.D. Ohio 1987)).  Bankruptcy courts have recognized that the failure to pay property taxes

18  and insure property constitute cause for relief from the automatic stay.  *See In re Russell*, 567 B.R.

19  833, 840 (Bankr. D. Mont. 2017) (finding lack of adequate protection where debtor had failed to

20  pay property taxes and insurance).  The failure of a debtor to maintain property insurance may also

21  constitute a lack of adequate protection.  *See Delaney-Morin*, 304 B.R. at 370 n.3; *Matter of Holly's,*

22  *Inc.*, 140 B.R. 643, 696 (Bankr. W.D. Mich. 1992) ("[A]s adequate protection, courts require that

23  the debtor maintain adequate insurance. Property insurance coverage is required because of the

24  *foreseeable risk* to the secured creditor—the possible jeopardy to the collateral while it is under the

25  control of a debtor.") (emphasis in original).

26    Even if the Debtor had some legal ownership interest in the Property or if Borrower had filed

27  bankruptcy, cause exists for relief from the automatic stay due to Borrower's failure to maintain

28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915

5
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 72 of 205

Case 2:25-bk-15218-BR    Doc 10-1    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Memorandum of Points and Authorities    Page 6 of 6

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

insurance coverage on the Property.  Lender requires that Borrower maintain proper insurance coverage and Borrower's failure to do so constitutes cause.  Borrower's failure to maintain proper insurance has already harmed Lender and continues to harm Lender.  The Property caught fire on or around January 2025 and at the time of the loss there was no property insurance in place.  *See* ECF No. 1 at 45 (SOFA).  Since the fire, Borrower did not obtain proper insurance and there is a significant risk of further damage to the Property.  Borrower's failure to maintain insurance coverage therefore constitutes additional cause for relief from the automatic stay under 11 U.S.C. § 362(d)(1) to allow Lender to proceed with the exercise of its state law remedies, including but not limited to, foreclosure under the Deed of Trust.

### III.
### CONCLUSION

Based on the foregoing, cause exists under 11 U.S.C. § 362(d) to grant Lender relief from the automatic stay.  Lender should be allowed to exercise all of its rights and remedies available to it under applicable non-bankruptcy California law and foreclose on the Property, and granted such other and further relief as requested in the Motion and as the Court may deem appropriate under the circumstances of this case.

Dated: July 22, 2025

By: */s/ Michael S. Myers*
_____

Michael S. Myers, SBN 305011
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350
E-mail: myersm@ballardspahr.com

Attorneys for *Arixa Capital Corporation*, servicer for *Churchill MRA Funding I LLC*

6
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 73 of 205

Case 2:25-bk-15218-BR    Doc 10-2    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Supplemental Declaration of Robert Roades    Page 1 of 32

Michael S. Myers, SBN 305011
Sara Shahbazi, SBN 351498
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350
E-mail: myersm@ballardspahr.com
        shahbazis@ballardspahr.com

*Attorneys for Arixa Capital Corporation, servicer for Churchill MRA Funding I LLC*

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:25-bk-15218-BR |
| Sasha Zall, | Chapter 7 |
| Debtor. | **SUPPLEMENTAL DECLARATION OF ROBERT ROADES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |

I, Robert Roades, declare as follows,

1.     I am over 18 years of age and I am the Vice President of Risk Management at Arixa Capital Corporation ("Servicer"), the servicer for Churchill MRA Funding I LLC (the "Lender"). The following facts are of my own personal knowledge, except those stated upon information and belief, and as to all such facts stated upon information and belief, I am informed and believe that the same are true.  If called as a witness, I could and would competently testify to the truth of the following facts.  This declaration is made in support of Lender's Motion for Relief from the Automatic Stay.

2.     I am one of the custodians of the books, records, and files of Servicer, on behalf of Lender, as to those books, records, and files that pertain to this Property (as defined below).  I have personally worked on books, records, and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Servicer, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Servicer's business at or near the time of the acts, conditions, or events to which they relate.  Any such document was prepared in the ordinary course of business of Servicer by a

1

**SUPPLEMENTAL DECLARATION OF ROBERT ROADES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 74 of 205

Case 2:25-bk-15218-BR    Doc 10-2    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Supplemental Declaration of Robert Roades    Page 2 of 32

person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

3.        On or about July 15, 2021, Crosswind Mortgage REIT, L.P. ("Original Lender") made a loan in the original principal amount of $6,200,000.00 (the "Loan") to 155 N Anita, LLC ("Borrower"), as evidenced by the Secured Note dated of even date (the "Note").  A true and correct copy of the Note is attached to the Real Property Declaration ("Roades Decl.") as Exhibit A.

4.        The Loan is secured by a Deed of Trust dated as of July 15, 2021, recorded in the Official Records of the County of Los Angeles, State of California as Instrument Number 20211138740 (as the same may be amended or modified from time to time, the "Deed of Trust"), encumbering real property located at 155 North Anita Avenue, Los Angeles, California 90049 (the "Property").  *See* Roades Decl., Exhibit B.  The Note, the Deed of Trust, and any related documents or instruments executed in connection with the Loan (excluding the Guaranty, which is defined below) are referred to collectively as the "Loan Documents."

5.        Under that certain Guaranty dated as of July 15, 2021 (the "Guaranty"), Sasha Zall (the "Debtor") absolutely, irrevocably, and unconditionally guaranteed Borrower's payment and performance of Borrower's obligations under the Loan Documents.  The Guaranty remains in full force and effect until all the obligations under the Loan Documents have been fully paid and performed.  A true and correct copy of the Guaranty is attached hereto as Exhibit D.

6.        On or about June 27, 2022, Original Lender assigned the Loan to Crosswind QRS 1 ("Second Lender") pursuant to that certain assignment recorded on June 27, 2022 in the Official Records of the County of Los Angeles, State of California as Instrument Number 20220669161 (the "First Assignment").  A true and correct copy of the First Assignment is attached hereto as Exhibit E.  On or about November 1, 2023, Second Lender entered into that certain Modification of Note and Deed of Trust Agreement with Borrower, which among other things increased the principal amount of the Loan to $8,000,000.00.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915

2

**SUPPLEMENTAL DECLARATION OF ROBERT ROADES IN SUPPORT OF MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 75 of 205

Case 2:25-bk-15218-BR    Doc 10-2    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Supplemental Declaration of Robert Roades    Page 3 of 32

7.     On or about September 13, 2023, Second Lender assigned the Loan to Crosswind QRS3, LLC (the "Third Lender") pursuant to that certain assignment recorded on September 20, 2023 in the Official Records of the County of Los Angeles, State of California as Instrument Number 20230631295 (the "Second Assignment").  A true and correct copy of the Second Assignment is attached hereto as Exhibit F.

8.     On or about September 13, 2023, Third Lender assigned the Loan to Churchill MRA Funding I LLC pursuant to that certain assignment recorded on July 29, 2024 in the Official Records of the County of Los Angeles, State of California as Instrument Number 20240503050 (the "Third Assignment").  A true and correct copy of the Third Assignment is attached hereto as Exhibit G.

9.     Borrower defaulted on its obligations under the Note and related loan documents and consequently, on March 26, 2025, Lender recorded a Notice of Default and Election to Sell Under Deed of Trust (the "Notice of Default") in the Official Records of Los Angeles County as Instrument No. 20250194358.  A true and correct copy of the Notice of Default is attached here as Exhibit H.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 21st day of July, 2025, in Rancho Santa Margarita, California.

Robert Roades

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915

3

**SUPPLEMENTAL DECLARATION OF ROBERT ROADES IN SUPPORT OF MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

# Exhibit D

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document       Page 77 of 205

Case 2:25-bk-15218-BR    Doc 10-2    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Supplemental Declaration of Robert Roades    Page 5 of 32

# GUARANTY

THIS GUARANTY ("Guaranty") is entered into and effective as of July 15, 2021, and is by and among Sasha Zall; whose address for purposes of this Guaranty is 625 South Barrington Avenue, Apt 401, Los Angeles, California 90049 (collectively, "Guarantor"); and Crosswind Mortgage REIT, L.P. ("Lender"), whose address for purposes of this Guaranty is 10960 Wilshire Boulevard, Suite 1050, Los Angeles, California 90024 and is delivered to and in favor of Lender, its successors and assigns.

To induce Lender to make the Loan to 155 N Anita, LLC, a California Limited Liability Company ("Borrower"), which Guarantor acknowledges that Lender do without this Guaranty, and for other valuable consideration, the receipt and adequacy of which are hereby acknowledged, Guarantor agrees as follows:

1.    **Guaranty.**
    **1.1.**    **Guaranty of Obligations.** Guarantor guarantees to Lender, its successors, and assigns the full and faithful payment of all amounts owed and performance of each and every one of the obligations, responsibilities, and undertakings to be carried out, performed, or observed by Borrower under the Loan Agreement, the Note, the Security Agreement, any other agreement that now or later secures repayment of the Note, any other agreement that Guarantor now or later states is guaranteed, and any other agreement that Guarantor or Borrower signs in connection with the loan obtained by Borrower. All these documents are collectively referred to as the "Loan Documents," which Loan Documents evidence the "Loan." The obligations guaranteed are referred to as the "Guaranteed Obligations."
    **1.2.**    **Guaranty of Borrower's Performance.** If at any time Borrower, or its successors or permitted assigns, fails, neglects or refuses to pay when due amounts or perform when due any of its obligations, responsibilities, or undertakings as expressly provided under the terms and conditions of the Loan Documents, Guarantor shall pay such amounts or perform or cause to be performed such obligations, responsibilities, or undertakings as required under the terms and conditions of the Loan Documents.
2.    **Absolute.** This Guaranty is irrevocable, absolute, present, and unconditional. The obligations of Guarantor under this Guaranty shall not be affected, reduced, modified, or impaired on the happening from time to time of any of the following events, whether or not with notice to (except as notice is otherwise expressly required) or the consent of Guarantor:
    **2.1.**    **Failure to Give Notice.** The failure to give notice to Guarantor of the occurrence of a default under the terms and provisions of this Guaranty or the Loan Documents;
    **2.2.**    **Modifications or Amendments.** The modification or amendment, whether material or otherwise, of any obligation, covenant, or agreement set forth in this Guaranty or Loan Documents;
    **2.3.**    **Lender's Failure to Exercise Rights.** Any failure, omission, delay by, or inability by Lender to assert or exercise any right, power, or remedy conferred on Lender in this Guaranty or the Loan Documents, including the failure to execute on collateral held for this Guaranty or the Loan Documents;
    **2.4.**    **Release of Security.** Any release of any real or personal property or other security now held or to be held by Lender for the performance of the Guaranteed Obligations;
    **2.5.**    **Borrower's Termination.** A termination, dissolution, consolidation, or merger of Borrower with or into any other entity;
    **2.6.**    **Borrower's Bankruptcy.** The voluntary or involuntary liquidation, dissolution, sale, or other disposition of all or substantially all of Borrower's assets, the marshalling of Borrower's assets and liabilities, the receivership, insolvency, bankruptcy, assignment for the benefit of creditors, reorganization, arrangement, composition with creditors, or readjustment of, or other similar proceedings affecting Borrower, Guarantor or any of the assets of either Borrower or Guarantor;
    **2.7.**    **Borrower's Assignment of Rights.** The assignment of any right, title, or interest of Lender in this Guaranty or the Loan Documents to any other person; or

---

1

EXHIBIT 1, PAGE 76

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 78 of 205

Case 2:25-bk-15218-BR    Doc 10-2    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Supplemental Declaration of Robert Roades    Page 6 of 32

**2.8.    Extent of Guarantor's Obligations.** Any other cause or circumstance, foreseen or unforeseen, whether similar or dissimilar to any of the foregoing; it being the intent of Guarantor that its obligations under this Guaranty shall not be discharged, reduced, limited, or modified except by (a) payment of amounts owing pursuant to this Guaranty and/or Loan Documents (and then only to the extent of such payment or payments); and (b) full performance of obligations under this Guaranty and/or Loan Documents (and then only to the extent of such performed or discharged obligation or obligations).

**2.9.    Exercise of Lender Rights.** Any action of Lender authorized herein.

**3.    Additional Credit.** Additional credit under the Loan Documents may be granted from time to time at Borrower's request and without further authorization from or notice to Guarantor and shall automatically be deemed part of the Guaranteed Obligations. Lender need not inquire into Borrower's power or the authority of its members, officers, or agents acting or purporting to act on its behalf. Each credit granted to Borrower under the Loan Documents shall be deemed to have been granted at Guarantor's instance and request and in consideration of, and in reliance on, this Guaranty.

**4.    Guaranty of Payment.** Guarantor's liability on this Guaranty is a guaranty of payment and performance, not of collectability.

**5.    Cessation of Liability.** Guarantor's liability under this Guaranty shall not in any way be affected by the cessation of Borrower's liability for any reason other than full performance of all the obligations under the Loan Documents, including, without limitation, any and all obligations to indemnify Lender.

**6.    Authorization of Lender.** Guarantor authorizes Lender, without notice or demand and without affecting its liability under this Guaranty, and without consent of Guarantor or prior notice to Guarantor, to:

**6.1.    Modify Loan Documents.** Make any modifications to the Loan Documents;

**6.2.    Assign Guaranty.** Assign the Loan Documents and this Guaranty;

**6.3.    Modify Security.** Take, hold, or release security for the performance of the Guaranteed Obligations with the consent of the party providing such security;

**6.4.    Additional Guarantors.** Accept or discharge, in whole or in part, additional guarantors;

**6.5.    Order of Sale.** Direct the order and manner of any sale of all or any part of security now or later held under the Loan Documents or this Guaranty, and also bid at any such sale to the extent allowed by law; and

**6.6.    Application of Proceeds.** Apply any payments or recovery from Borrower, Guarantor, or any source, and any proceeds of any security, to Borrower's obligations under the Loan Documents in such manner, order, and priority as Lender may elect, whether or not those obligations are guaranteed by this Guaranty or secured at the time of such application.

**7.    Lender's Rights on Borrower's Default.** Guarantor agrees that on Borrower's default Lender may elect to nonjudicially or judicially foreclose against all or part of the real or personal property securing Borrower's obligations, or accept an assignment of any such security in lieu of foreclosure, or compromise or adjust any part of such obligations, or make any other accommodation with Borrower or Guarantor, or exercise any other remedy against Borrower or any security. No such action by Lender shall release or limit Guarantor's liability to Lender, even if the effect of that action is to deprive Guarantor of the right to collect reimbursement from Borrower or any other person for any sums paid to Lender or bar or prejudice Guarantor's rights of subrogation, contribution, or indemnity against Borrower or any other person. Without limiting the foregoing, it is understood and agreed that, on any foreclosure or assignment in lieu of foreclosure of any security held by Lender, such security shall no longer exist and that any right that Guarantor might otherwise have, on full payment of the Borrower's obligations by Guarantor to Lender, to participate in any such security or to be subrogated to any rights of Lender with respect to any such security shall be nonexistent; nor shall Guarantor be deemed to have any right, title, interest, or claim under any circumstances in or to any real or personal property held by Lender or any third party following any foreclosure or assignment in lieu of foreclosure of any such security. Guarantor again specifically acknowledges and waives the above as more specifically provided for herein.

---

2

© 2007 Geraci Law Firm; All Rights Reserved.
Guaranty                                                                Rev. 05/11

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document        Page 79 of 205

Case 2:25-bk-15218-BR    Doc 10-2    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Supplemental Declaration of Robert Roades    Page 7 of 32

8.    **Effect of Borrower's Bankruptcy.** The liability of Guarantor under this Guaranty shall in no way be affected by:

    **8.1.**    **Release of Borrower.** Release or discharge of Borrower in any creditor proceeding, receivership, bankruptcy, or other release or discharge of Borrower, for any reason;

    **8.2.**    **Modification of Borrower's Liability.** Impairment, limitation, or modification of Borrower's liability or the estate, or of any remedy for the enforcement of Borrower's liability, which may result from the operation of any present or future provision of the Bankruptcy Code (Title 11 of the United States Code, as amended; 11 U.S.C. §§ 101-1330) or any bankruptcy, insolvency, state or federal debtor relief statute, any other statute, or from the decision of any court;

    **8.3.**    **Rejection of Debt.** Rejection or disaffirmance of the Indebtedness, or any portion of the Indebtedness, in any such proceeding;

    **8.4.**    **Cessation of Borrower's Liability.** Cessation, from any cause whatsoever, whether consensual or by operation of law, of Borrower's liability to Lender resulting from any such proceeding; or

    **8.5.**    **Modification and Replacement of Guaranteed Obligation.** If the Guaranteed Obligations are restructured or replaced in connection with a bankruptcy proceeding or case, Guarantor shall remain liable as guarantor of such restructured or replaced obligation.

9.    **Subordination.** Until the Guaranteed Obligations have been paid or otherwise discharged in full, Guarantor subordinates any and all liability or indebtedness of Borrower owed to Guarantor to the obligations of Borrower to Lender that arise under the Guaranteed Obligations. However, Guarantor may receive payment of current reasonable salary and current reasonable payments made in the ordinary course of business for goods provided or services rendered.

10.    **Application of Payments.** With or without notice to Guarantor, Lender, in its sole and absolute discretion may:

    **10.1.**    **Priority of Payments.** Apply any or all payments or recoveries from Borrower, from Guarantor, or from any other guarantor or endorser under this or any other instrument, or realized from any security, in such manner, order, or priority as Lender sees fit, to the indebtedness of Borrower to Lender under the Loan Documents, whether such indebtedness is guaranteed by this Guaranty or is otherwise secured or is due at the time of such application; and

    **10.2.**    **Refund to Borrower.** Refund to Borrower any payment received by Lender on any indebtedness guaranteed in this Guaranty, and payment of the amount refunded is fully guaranteed. Any recovery realized from any other guarantor under this or any other instrument shall be first credited on that portion of the indebtedness of Borrower to Lender that exceeds the maximum liability, if any, of Guarantor under this Guaranty.

11.    **Claims in Bankruptcy.** Guarantor shall file all claims against Borrower in any bankruptcy or other proceeding in which the filing of claims is required or allowed by law on any indebtedness of Borrower to Guarantor and shall assign to Lender all rights of Guarantor on any such indebtedness. If Guarantor does not file any such claim, Lender, as attorney-in-fact for Guarantor, is authorized to do so in Guarantor's name, or, in Lender's discretion, to assign the claim and to file a proof of claim in the name of Lender's nominee. In all such cases, whether in bankruptcy or otherwise, the person or persons authorized to pay such claim shall pay to Lender the full amount of any such claim, and, to the full extent necessary for that purpose, Guarantor assigns to Lender all of Guarantor's rights to any such payments or distributions to which Guarantor would otherwise be entitled.

12.    **Representations and Warranties if Guarantor is an Entity.** If Guarantor is an entity, Guarantor represents and warrants to Lender that:

    **12.1.**    **Legal Status.** Guarantor (a) is duly organized, validly existing under, and in good standing with, the laws of the state in which it is domiciled and in the state in which the property secured the Loan is located in; (b) has all requisite power, and has all material governmental licenses, authorizations, consents, and approvals necessary to own its assets and carry on its business as now being or as proposed

© 2007 Geraci Law Firm; All Rights Reserved.
Guaranty
    Rev. 05/11

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 80 of 205

Case 2:25-bk-15218-BR    Doc 10-2    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Supplemental Declaration of Robert Roades    Page 8 of 32

to be conducted; and (c) is qualified to do business in the state in which any property securing the loan is located in.

   **12.2.    No Breach.** Neither the execution and delivery of this Guaranty nor compliance with its terms and provisions shall conflict with or result in a breach of, or require any consent under, the organizational documents of Guarantor, or any agreement or instrument by which Guarantor is bound.

   **12.3.    Authority and Power.** Guarantor has all necessary power and authority to execute, deliver, and perform its obligations under this Guaranty. Guarantor's execution, delivery, and performance of this Guaranty has been duly authorized by all necessary action on its part; and this Guaranty has been duly and validly executed and delivered by Guarantor and constitutes its legal, valid, and binding obligation, enforceable against Guarantor in accordance with its terms. Guarantor shall, concurrently with the execution of this Guaranty, deliver to Lender a copy of a resolution of Guarantor's managing member(s), if a limited liability company, or board of directors and/or shareholders, if a corporation, authorizing or ratifying execution of this Guaranty.

**13.    Representations and Warranties if Guarantor is an Individual.** If Guarantor is an individual, Guarantor represents and warrants to Lender that:

   **13.1.    Legal Status.** Guarantor has all requisite power and has all material governmental licenses, authorizations, consents, and approvals necessary to carry on his business as now being or as proposed to be conducted.

   **13.2.    No Breach.** Neither the execution and delivery of this Guaranty nor compliance with its terms and provisions shall conflict with or result in a breach of or require any consent under any agreement or instrument by which Guarantor is bound.

   **13.3.    Authority and Power.** This Guaranty has been duly and validly executed and delivered by Guarantor and constitutes its legal, valid, and binding obligation, enforceable against Guarantor in accordance with its terms.

   **13.4.    Financial Statements.** All financial information furnished or to be furnished to lender is or will be true and correct, does or will fairly represent the financial condition of Guarantor(s).

   **13.5.    Claims and Proceedings.** There are no claims, actions, proceedings, or investigations pending against Guarantor.

**14.    Information Not Required.** Guarantor represents that Guarantor is fully aware of Borrower's financial condition and operation and is in a position by virtue of his, her, or its relationship to Borrower to obtain all necessary financial and operational information concerning Borrower. Lender need not disclose to Guarantor any information about:

   **14.1.    Loan Documents.** The Loan Documents or any modification of them, and any action or non-action in connection with them;

   **14.2.    Other Guaranteed Obligations.** Any other obligation guaranteed in this Guaranty;

   **14.3.    Borrower's Financial Condition.** The financial condition or operation of Borrower; or

   **14.4.    Other Guarantors.** Any other guarantors.

**15.    Notice.** Except for any notice required by Governmental Requirements to be given in another manner, (a) all notices required or permitted by this Guaranty shall be in writing; (b) each notice to Guarantor shall be sent (i) for personal delivery by a delivery service that provides a record of the date of delivery, the individual to whom delivery was made, and the address where delivery was made; (ii) by certified United States mail, postage prepaid, return receipt requested; or (iii) by nationally recognized overnight delivery service, marked for next-business-day delivery; and (c) all notices shall be addressed to the appropriate party at its address stated on Page 1 of this Guaranty or such other addresses as may be designated by notice given in compliance with this provision. Notices will be deemed effective on the earliest of (a) actual receipt; (b) rejection of delivery; or (c) if sent by certified mail, the third day on which regular United States mail delivery service is provided after the day of mailing or, if sent by overnight delivery service, on the next day on which such service makes next-business-day deliveries after the day of sending.

---

© 2007 Geraci Law Firm; All Rights Reserved.
Guaranty                                                                                              Rev. 05/11

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document        Page 81 of 205

Case 2:25-bk-15218-BR    Doc 10-2    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Supplemental Declaration of Robert Roades    Page 9 of 32

**16.** **No Waiver Upon Lender's Lack of Enforcement.** No failure or delay by Lender, or its successors and assigns, in exercising any right, power, or privilege under this Guaranty shall operate as a waiver; nor shall any single or partial exercise of any right, power, or privilege preclude any other or further such exercise or the exercise of any other right, power, or privilege.

**17.** **Governing Law; Consent to Jurisdiction and Venue.** This Guaranty is made by the Lender and accepted by the Guarantor in the State of California except that at all times the provisions for the creation, perfection, priority, enforcement and foreclosure of the liens and security interests created in the Property under the Loan Documents shall be governed by and construed according to the laws of California. To the fullest extent permitted by the law of California, the law of the State of California shall govern the validity and enforceability of all Loan Documents, and the debt or obligations arising hereunder (but the foregoing shall not be construed to limit Lender's rights with respect to such security interest created in California). The parties agree that jurisdiction and venue for any dispute, claim or controversy arising, other than with respect to perfection and enforcement of Lender's rights against the Property, shall be Lender County, or the applicable federal district court that covers said County, and Guarantor submits to personal jurisdiction in that forum for any and all purposes. Guarantor waives any right Guarantor may have to assert the doctrine of forum non conveniens or to object to such venue.

GUARANTOR'S INITIALS: 

**18.** **Advice of Counsel.** Guarantor expressly declares that it knows and understands the contents of this Guaranty and has either consulted or had the opportunity to consult with an attorney as to its form and content.

**19.** **Attorney Fees.** Whether or not legal action is commenced, dismissed, or pursued to judgment, the prevailing party shall be entitled to payment of all fees and costs (including, without limitation, attorney fees and costs) that may be incurred by such party in connection with the enforcement of this Guaranty, the enforcement of any of the Loan Documents, and the protection of prevailing party's rights under this Guaranty or under the Loan Documents (whether in state, federal, or Bankruptcy Court proceedings).

In addition to the aforementioned fees, costs, and expenses, the prevailing party in any lawsuit on this Guaranty shall be entitled to its attorney fees, and all other fees, costs, and expenses incurred in any post judgment proceedings to collect or enforce any judgment. This provision for the recovery of post judgment fees, costs, and expenses is separate and several and shall survive the merger of this Guaranty into any judgment on this Guaranty.

**20.** **Assignability.** This Guaranty shall be binding on Guarantor and Guarantor's heirs, representatives, successors and assigns and shall inure to the benefit of Lender, its successors and assigns, and their successors and assigns and respective personal representatives, successors, and assigns according to the context of this Guaranty. Guarantor shall not have the right to assign the obligations in this Guaranty. Lender may assign its rights under this Guaranty in connection with an assignment of all or part of the Guaranteed Obligation. Notice is hereby waived as to any such assignment by Lender.

**21.** **Revival of Guaranty.** If a claim ("Claim") is made on Lender at any time (whether before or after payment or performance in full of any Guaranteed Obligation, and whether such claim is asserted in a bankruptcy proceeding or otherwise) for repayment or recovery of any amount or other value received by Lender (from any source) in payment of, or on account of, any Guaranteed Obligation, and if Lender repays such amount, returns value or otherwise becomes liable for all or part of such Claim by reason of (a) any judgment, decree, or order of any court or administrative body or (b) any settlement or compromise of such Claim, Guarantor shall remain severally liable to Lender for the amount so repaid or returned or for which Lender is liable to the same extent as if such payments or value had never been received by Lender, despite any termination of this Guaranty or the cancellation of any note or other document evidencing any Guaranteed Obligation.

---

5

© 2007 Geraci Law Firm; All Rights Reserved.
Guaranty

Rev. 05/11

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 82 of 205

Case 2:25-bk-15218-BR    Doc 10-2    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Supplemental Declaration of Robert Roades    Page 10 of 32

**22.**    **Captions.** The captions and section headings appearing in this Guaranty are included solely for convenience of reference and are not intended to affect the interpretation of any provision of this Guaranty.

**23.**    **Severability.** If any provision in this Guaranty is invalid and unenforceable in the jurisdiction whose law is applied to this Guaranty or in any particular context, then, to the fullest extent permitted by law, (a) the other provisions shall remain in full force and effect in such jurisdiction or context and shall be liberally construed in favor of Lender in order to carry out the parties' intentions as nearly as possible, and (b) the invalidity or unenforceability of any provision in that jurisdiction or context shall not affect the validity or enforceability of such provision in any other jurisdiction.

**24.**    **Waivers.**

    **24.1.**    **Waiver of Rights to Require Lender to Act.** Guarantor waives the right to require Lender to:

        24.1.1. Proceed against Borrower or any other person;

        24.1.2. Proceed or exhaust any security held from any person;

        24.1.3. Proceed against any other guarantor; or

        24.1.4. Pursue any other remedy available to Lender.

    **24.2.**    **Waivers Until Obligation Is Repaid.** Until the Guaranteed Obligations have been paid or otherwise discharged in full:

        24.2.1. Guarantor waives all rights of subrogation, indemnity, any rights to collect reimbursement from Borrower, and any right to enforce any remedy that Lender now has, or may have, against Borrower.

        24.2.2. Guarantor waives any benefit of, and any right to participate in, any security now or later held by Lender.

        24.2.3. Guarantor waives any defense it may have now or in the future based on any election of remedies by Lender that destroys Guarantor's subrogation rights or Guarantor's rights to proceed against Borrower for reimbursement, and Guarantor acknowledges that it shall be liable to Lender even though Guarantor may well have no such recourse against Borrower.

        24.2.4. Guarantor waives notice of (a) acceptance and reliance on this Guaranty; (b) notice of renewal, extension, or modification of any Guaranteed Obligation under this Guaranty; and (c) notice of default or demand in the case of default.

        24.2.5. Guarantor waives any right or defense it may now or hereafter have based on (a) Lender's full or partial release of any party who may be obligated to Lender; (b) Lender's full or partial release or impairment of any collateral for the Guaranteed Obligations; and (c) the modification or extension of the Guaranteed Obligations.

        24.2.6. Guarantor waives any and all suretyship defenses now or later available to it under the law governing this Guaranty.

        24.2.7. Without limiting the generality of any other waiver or provision of this Guaranty, Guarantor waives, to the maximum extent such waiver is permitted by law, any and all benefits or defenses arising directly or indirectly under the law governing this Guaranty.

        24.2.8. Guarantor waives any statute of limitation affecting liability under this Guaranty or the enforceability of this Guaranty and further waives any defense that might otherwise exist because of the expiration of the statute of limitations on the Loan Documents.

        24.2.9. Guarantor waives any duty of Lender to disclose to Guarantor any facts Lender may now know or later learn about Borrower or Borrower's financial condition regardless of whether Lender has reason to believe that any such facts materially increase the risk beyond that which Guarantor intends to assume, or has reason to believe that such facts are unknown to Guarantor, or has a reasonable opportunity to communicate such facts to Guarantor, it being understood and agreed that Guarantor is fully responsible for and is capable of being and keeping informed of Borrower's financial condition and of all circumstances bearing on the risk of nonpayment of any indebtedness guaranteed under this Guaranty.

        24.2.10. Guarantor waives all notices to Guarantor.

6

© 2007 Geraci Law Firm; All Rights Reserved.
Guaranty

Rev. 05/11

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 83 of 205

Case 2:25-bk-15218-BR    Doc 10-2    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Supplemental Declaration of Robert Roades      Page 11 of 32

24.2.11. Without limiting the generality of any other waiver or provision of this Guaranty, Guarantor waives, to the maximum extent such waiver is permitted by law, any and all benefits or defenses arising directly or indirectly under any one or more of (a) California Civil Code §§ 2799, 2808, 2809, 2810, 2815, 2819, 2820, 2821, 2822, 2838, 2839, 2845, 2846, 2847, 2848, 2849, 2850, 2899, and 3433; (b) Chapter 2 of Title 14 of the California Civil Code; (c) California Code of Civil Procedure §§580a, 580b, 580c, 580d, and 726; (d) California Commercial Code §3605 or (e) any rights identified in *Union Bank* v. *Gradsky*, 265 Cal. App. 2d 40 (1968).

**25.    Arbitration.** Concurrently herewith, Borrower and Guarantor shall execute that certain Arbitration Agreement whereby Borrower, Guarantor, and Lender agree to arbitrate any disputes to resolve any Claims (as defined in the Arbitration Agreement).

**26.    Jurisdiction.** The parties agree that all actions or proceedings arising in connection with this Guaranty and the other Loan Documents shall be tried and litigated only in the state courts located in the county in which notice shall be sent to Lender pursuant to this Guaranty, or the applicable federal district court that covers said county.

**27.    Joint and Several.** If this Guaranty is issued by more than one party or if any other party guarantees the obligations of Borrower, the obligations of Guarantor and any others under this Guaranty shall be joint and several.

**28.    Entire Agreement.** This Guaranty embodies the entire agreement and understanding between Guarantor and Lender pertaining to the subject matter of this Guaranty, and supersedes all prior agreements, understandings, negotiations, representations, and discussions, whether verbal or written, of the parties, pertaining to that subject matter. Guarantor is not relying on any representations, warranties, or inducements from Lender that are not expressly stated in this Guaranty.

**29.    Further Assurances.** Guarantor shall promptly and duly execute and deliver to Lender such further documents and assurances and take such further action as Lender may from time to time reasonably request, including, without limitation, any amendments to this Guaranty to establish and protect the rights, interests, and remedies created or intended to be created in favor of Lender.

**30.    Gender; Singular Includes Plural.** As used in this Guaranty, the singular includes the plural, and the masculine includes the feminine and neuter, and vice versa, if the context so requires.

**31.    Nonwaiver.** No provision of this Guaranty or right of Lender under this Guaranty can be waived, nor can Guarantor be released from its obligations under this Guaranty except by a writing duly executed by an authorized representative of Lender.

**32.    Continuing Liability.** Guarantor shall continue to be liable under this Guaranty despite the transfer by Borrower of all or any portion of the property encumbered by the Loan Documents.

**33.    Time Is of the Essence.** Time is of the essence under this Guaranty and any amendment, modification, or revision of this Guaranty.

**34.    Cumulative Rights.** The extent of Guarantor's liability and all rights, powers, and remedies of Lender under this Guaranty, and under any other agreement now or at any future time in force between Lender and Guarantor, shall be cumulative and not alternative, and such rights, powers, and remedies shall be in addition to all rights, powers, and remedies given to Lender by law. This Guaranty is in addition to and exclusive of the guaranty of any other guarantor of any indebtedness of Borrower to Lender.

**35.    WAIVER OF JURY TRIAL.** TO THE EXTENT PERMITTED BY APPLICABLE LAW, BORROWER, ANY GUARANTOR, AND LENDER AGREE TO WAIVE THEIR RESPECTIVE RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED ON OR ARISING FROM THE LOAN DOCUMENTS. THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL-ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT AND THAT RELATE TO THE SUBJECT MATTER OF THIS TRANSACTION, INCLUDING, WITHOUT LIMITATION, CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS, AND ALL OTHER COMMON LAW AND STATUTORY CLAIMS. BORROWER AND, BY ITS ACCEPTANCE OF THE BENEFITS OF THE LOAN, LENDER EACH (A) ACKNOWLEDGES THAT THIS WAIVER

© 2007 Geraci Law Firm; All Rights Reserved.
Guaranty

Rev. 05/11

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 84 of 205

Case 2:25-bk-15218-BR    Doc 10-2    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Supplemental Declaration of Robert Roades    Page 12 of 32

IS A MATERIAL INDUCEMENT FOR BORROWER AND LENDER TO ENTER INTO A BUSINESS RELATIONSHIP, THAT BORROWER AND LENDER HAVE ALREADY RELIED ON THIS WAIVER BY ENTERING INTO THE LOAN OR ACCEPTING ITS BENEFITS, AS THE CASE MAY BE, AND THAT EACH SHALL CONTINUE TO RELY ON THIS WAIVER IN THEIR RELATED FUTURE DEALINGS, AND (B) FURTHER WARRANTS AND REPRESENTS THAT EACH HAS REVIEWED THIS WAIVER WITH ITS LEGAL COUNSEL, AND THAT EACH KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS FOLLOWING CONSULTATION WITH LEGAL COUNSEL. THIS WAIVER IS IRREVOCABLE, IT MAY NOT BE MODIFIED EITHER ORALLY OR IN WRITING, AND THIS WAIVER SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, RENEWALS, SUPPLEMENTS, OR MODIFICATIONS TO THE LOAN AGREEMENT OR THE NOTE.

36.    **Separation of Parties.** Guarantor is separate and distinct from Borrower. Borrower and Guarantor were solely responsible for all corporate structuring and Lender had no role in the corporate structuring of Borrower and/or Guarantor. Borrower and Guarantor have provided independent financial statements to Lender and Lender has relied on such financial statements in making loan to Borrower.

37.    **Capitalized Terms.** Capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Loan Documents, each executed of even date herewith.

38.    **Community Property.** If Guarantor (or any Guarantor, if more than one) is a married person, and the state of residence of Guarantor or Guarantor's spouse ("Guarantor Spouse") is a community property jurisdiction, then each of the following apply:

38.1.    Guarantor (or each such married Guarantor, if more than one) agrees that Lender may satisfy Guarantor's obligations under this Guaranty to the extent of all Guarantor's separate property and against the marital community property of Guarantor and Guarantor Spouse.

38.2.    If Guarantor Spouse is not also a Guarantor of the Loan, Guarantor certifies that none of the assets shown on his or her financial statements submitted to Lender for purposes of underwriting the Loan were either (i) Guarantor Spouse's individual property, or (ii) community property under the sole management, control, and disposition of Guarantor Spouse.

38.3.    If Guarantor Spouse is not also a Guarantor of this loan and Guarantor or Guarantor Spouse's state of residence is Alaska, Arizona, Idaho, Louisiana, Nevada, New Mexico, Washington, or Wisconsin, Guarantor has caused Guarantor Spouse to acknowledge this Guaranty as required on the signature page of this Guaranty.

*[Signature page follows]*

8

© 2007 Geraci Law Firm; All Rights Reserved.
Guaranty

Rev. 05/11

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 85 of 205

Case 2:25-bk-15218-BR    Doc 10-2    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Supplemental Declaration of Robert Roades    Page 13 of 32

IN WITNESS WHEREOF, Guarantor has executed and delivered this Guaranty as of the date first written above.

**GUARANTOR:**

SASHA ZALL

_____
Sasha Zall, an individual

---

9

EXHIBIT 1, PAGE 84

# Exhibit E

Case 2:25-bk-15221-BB  Doc 32  Filed 08/19/25  Entered 08/19/25 21:00:30  Desc
Main Document  Page 87 of 205

Case 2:25-bk-15218-BR  Doc 10-2  Filed 07/22/25  Entered 07/22/25 16:28:23  Desc
Supplemental Declaration of Robert Roades  Page 15 of 32

▲ 

**This page is part of your document - DO NOT DISCARD**



## 20220669161

**Pages:
0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**06/27/22 AT 02:24PM**

| | |
|---|---:|
| FEES: | 25.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 100.00 |

▲



**L E A D S H E E T**



202206270260053

**00022488208**



013495785

**SEQ:
01**

SECURE - Daily



**THIS FORM IS NOT TO BE DUPLICATED**

*E441968*

Assignment QRG T - 155 N.

EXHIBIT 1, PAGE 86

Case 2:25-bk-15221-BB   Doc 32   Filed 08/19/25   Entered 08/19/25 21:00:30   Desc
                        Main Document      Page 88 of 205

Case 2:25-bk-15218-BR   Doc 10-2   Filed 07/22/25   Entered 07/22/25 16:28:23   Desc
        Supplemental Declaration of Robert Roades    Page 16 of 32

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

Crosswind Mortgage REIT, L.P.
10960 Wilshire Blvd., Suite 1050
Los Angeles, CA 90024

RE: 155 North Anita Avenue, Los Angeles, California 90049

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned grants, assigns and transfers to Crosswind QRS 1, a California Corporation, an undivided 100% interest under that certain Deed of Trust dated July 15, 2021 executed by 155 N Anita, LLC, a California Limited Liability Company, Trustor, to Fidelity National Title, Trustee, and recorded as Instrument No. 20211138740 on July 23, 2021 of Official Records in the office of Los Angeles County, California, describing land therein as:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 148 OF TRACT NO. 5666, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 65, PAGES 78 AND 79 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM; ALL 0TH, OIL RIGHTS, NATURAL GAS RIGHTS, MINERAL RIGHTS, ALL OTHER HYDROCARBON SUBSTANCES BY WHATSOEVER NAME KNOWN, AND ALL WATER, CLAIMS OR RIGHTS TO WATER, TOGETHER WITH APPURTENANT RIGHTS THERETO, WITHOUT, HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOR ANY PORTION OF THE SUBSURFACE LYING ABOVE A DEPTH OF (NOT SHOWN) FEET, AS EXCEPTED OR RESERVED BY DEED RECORDED IN BOOK 1957, PAGE 295, OFFICIAL RECORDS.

APN #: 4405-008-003

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust and said Assignment of Deed of Trust.

Date: June 21, 2022

Crosswind Mortgage REIT, L.P., a Delaware Limited Partnership

By: Crosswind Venture, LLC, a Delaware Limited Liability Company
Title: General Partner

By: Arixa Management, LLC, a California Limited Liability Company
Title: Manager

By: _____
Name: Gregory S. Hebner
Title: Agent for Jan B. Brzeski, Manager

1

EXHIBIT 1, PAGE 87

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 89 of 205

Case 2:25-bk-15218-BR    Doc 10-2    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Supplemental Declaration of Robert Roades    Page 17 of 32

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
COUNTY OF *Los Angeles* )

On *June 21*, *2022* before me *Desiree C. Reyes* , Notary Public, personally appeared *Gregory S. Hebner* who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he ~~or she~~ executed the same in his ~~or her~~ authorized capacity, and that by his ~~or her~~ signature on the instrument the person or entity upon behalf of which the person acted executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____

DESIREE C. REYES
Notary Public - California
Los Angeles County
Commission # 2274353
My Comm. Expires Feb 2, 2023

2

EXHIBIT 1, PAGE 88

# Exhibit F

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 91 of 205

Case 2:25-bk-15218-BR    Doc 10-2    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Supplemental Declaration of Robert Roades    Page 19 of 32



**This page is part of your document - DO NOT DISCARD**

## 20230631295



**Pages: 0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**09/20/23 AT 03:47PM**

| | |
|---|---|
| FEES: | 20.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 95.00 |



**L E A D S H E E T**

202309201070025

00023793712

014286398

**SEQ:
01**

**SECURE - Daily**



**THIS FORM IS NOT TO BE DUPLICATED**

*E650375*

Assign DOT (Cross) - 155 N

Case 2:25-bk-15221-BB   Doc 32   Filed 08/19/25   Entered 08/19/25 21:00:30   Desc
Main Document   Page 92 of 205

Case 2:25-bk-15218-BR   Doc 10-2   Filed 07/22/25   Entered 07/22/25 16:28:23   Desc
Supplemental Declaration of Robert Roades   Page 20 of 32

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

Crosswind QRS 1
10960 Wilshire Blvd., Suite 1050
Los Angeles, CA 90024

RE: 155 North Anita Avenue, Los Angeles, California 90049

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned grants, assigns and transfers to Crosswind QRS3, LLC, a Delaware Limited Liability Company, an undivided 100% interest under that certain Deed of Trust dated July 15, 2021 executed by 155 N Anita, LLC, a California Limited Liability Company, Trustor, to Fidelity National Title, Trustee, and recorded as Instrument No. 20211138740 on July 23, 2021 of Official Records in the office of Los Angeles County, California, describing land therein as:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 148 OF TRACT NO. 5666, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 65, PAGES 78 AND 79 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM; ALL OIL, OIL RIGHTS, NATURAL GAS RIGHTS, MINERAL RIGHTS, ALL OTHER HYDROCARBON SUBSTANCES BY WHATSOEVER NAME KNOWN, AND ALL WATER, CLAIMS OR RIGHTS TO WATER, TOGETHER WITH APPURTENANT RIGHTS THERETO, WITHOUT, HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOR ANY PORTION OF THE SUBSURFACE LYING ABOVE A DEPTH OF (NOT SHOWN) FEET, AS EXCEPTED OR RESERVED BY DEED RECORDED IN BOOK 1957, PAGE 295, OFFICIAL RECORDS.

APN #: 4405-008-003

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust and said Assignment of Deed of Trust.

Date: September 13, 2023

Crosswind QRS 1, a California Corporation

By: _____ $S I L$
Name: Gregory S. Hebner
Title: Authorized Signatory

Case 2:25-bk-15221-BB   Doc 32   Filed 08/19/25   Entered 08/19/25 21:00:30   Desc
Main Document     Page 93 of 205

Case 2:25-bk-15218-BR   Doc 10-2   Filed 07/22/25   Entered 07/22/25 16:28:23   Desc
Supplemental Declaration of Robert Roades   Page 21 of 32

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA        )
COUNTY OF LOS ANGELES      )

On *September 14, 2023*, before me *Desiree C. Reyes*, Notary Public, personally appeared *Gregory S. Hibner* who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he ~~or she~~ executed the same in his ~~or her~~ authorized capacity, and that by his ~~or her~~ signature on the instrument the person or entity upon behalf of which the person acted executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____

DESIREE C. REYES
Notary Public - California
Los Angeles County
Commission # 2443954
My Comm. Expires Apr 11, 2027

2

# Exhibit G

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 95 of 205

Case 2:25-bk-15218-BR    Doc 10-2    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Supplemental Declaration of Robert Roades    Page 23 of 32



**This page is part of your document - DO NOT DISCARD**





# 20240503050





**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**07/29/24 AT 11:48AM**

| | |
|---|---|
| FEES: | 25.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 100.00 |



**L E A D S H E E T**



**202407290980029**

**00024654957**



**014809005**

**SEQ:**
**01**

**SECURE - Daily**



**THIS FORM IS NOT TO BE DUPLICATED**

*E248911*

**709000143 AOM to MRA**

EXHIBIT 1, PAGE 94

FOR REFERENCE ONLY: 2024050305050

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

Churchill Real Estate
1415 Vantage Park Drive, Suite 240
Charlotte, North Carolina 28203

RE: 155 North Anita Avenue, Los Angeles, California 90049

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## ASSIGNMENT OF DEED OF TRUST

FOR    VALUE    RECEIVED,    the    undersigned    grants,    assigns    and    transfers    to
_Churchill MRA Funding I LLC_____, an undivided 100% interest under that
certain Deed of Trust dated July 15, 2021 executed by 155 N Anita, LLC, a California Limited Liability Company, Trustor,
to Fidelity National Title, Trustee, and recorded as Instrument No. 20211138740 on July 23, 2021 of Official Records in the
office of Los Angeles County, California, describing land therein as:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, IN THE
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 148 OF TRACT NO. 5666, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 65, PAGES 78 AND 79 OF MAPS, IN THE OFFICE OF THE
COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM; ALL 0TH, OIL RIGHTS, NATURAL GAS RIGHTS, MINERAL RIGHTS, ALL
OTHER HYDROCARBON SUBSTANCES BY WHATSOEVER NAME KNOWN, AND ALL WATER, CLAIMS
OR RIGHTS TO WATER, TOGETHER WITH APPURTENANT RIGHTS THERETO, WITHOUT, HOWEVER,
ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOR ANY PORTION OF THE SUBSURFACE
LYING ABOVE A DEPTH OF (NOT SHOWN) FEET, AS EXCEPTED OR RESERVED BY DEED RECORDED
IN BOOK 1957, PAGE 295, OFFICIAL RECORDS.

APN #: 4405-008-003

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Deed of Trust and said Assignment of Deed of Trust.

1

7n0n0n142

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 97 of 205

Case 2:25-bk-15218-BR    Doc 10-2    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Supplemental Declaration of Robert Roades    Page 25 of 32

Date: September 13, 2023

Crosswind QRS3, LLC, a Delaware Limited Liability Company

By: Crosswind Venture, LLC, a Delaware Limited Liability Company
Its: Manager

By: Arixa Management, LLC, a California Limited Liability Company
Its: Manager

By: _____

Name: Gregory S. Hebner

Title: Agent for Jan B. Brzeski, Manager

A notary public or other officer completing this
certificate verifies only the identity of the
individual who signed the document to which this
certificate is attached, and not the truthfulness,
accuracy, or validity of that document.

STATE OF CALIFORNIA        )
COUNTY OF LOS ANGELES      )

On _September 14, 2023_, before me _Desiree C. Reyes_ , Notary

Public, personally appeared _Gregory S. Hebner_ who proved to me on the
basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged
to me that he ~~or she~~ executed the same in his ~~or her~~ authorized capacity, and that by his ~~or her~~ signature on the
instrument the person or entity upon behalf of which the person acted executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature: _____

DESIREE C. REYES
Notary Public - California
Los Angeles County
Commission # 2443954
My Comm. Expires Apr 11, 2027

2

EXHIBIT 1, PAGE 96

# Exhibit H

Case 2:25-bk-15221-BB   Doc 32   Filed 08/19/25   Entered 08/19/25 21:00:30   Desc
Main Document   Page 99 of 205

Case 2:25-bk-15218-BR   Doc 10-2   Filed 07/22/25   Entered 07/22/25 16:28:23   Desc
Supplemental Declaration of Robert Roades   Page 27 of 32



**This page is part of your document - DO NOT DISCARD**



## 20250194358



**Pages:
0006**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**03/26/25 AT 02:31PM**

| | |
|---|---:|
| FEES: | 41.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 116.00 |



**L E A D S H E E T**



**202503260110131**

**00025342996**



**015211949**

**SEQ:
01**

**SECURE - Daily - Time Sensitive**



**THIS FORM IS NOT TO BE DUPLICATED**

*E442318*



25-00102-2FN7-NOD

EXHIBIT 1, PAGE 98

FOR REFERENCE ONLY : 20250194358

Recording Requested By

Simplifile

and When Recorded Mail to:

FIDELITY NATIONAL TITLE COMPANY
5170 Golden Foothill Parkway, Suite 130
El Dorado Hills, CA  95762

Trustee Sale No: 25-00102-2FNT
Loan No: ******143/155 N Anita, LLC
APN Number: 4405-008-003

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

*(The above statement is made pursuant to CA Civil Code §2923.3(c)(1). The Summary will not be recorded
pursuant to CA Civil Code §2923.3(a). It will be mailed to the Trustor(s) and/or vested owner(s) only,
pursuant to CA Civil Code §2923.3(c)(2).)*

### IMPORTANT NOTICE

See Exhibit 'A' attached hereto and made a part hereof

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN
YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you
may have the legal right to bring your account in good standing by paying all of your past
due payments plus permitted costs and expenses within the time permitted by law for
reinstatement of your account, which is normally five business days prior to the date set
for the sale of your property.  No sale date may be set until approximately 90 days from
the date this notice of default may be recorded (which date of recordation appears on
this notice).

This amount is **$10,273,674.26 as of March 26, 2025**, and will increase until your account
becomes current.

While your property is in foreclosure, you still must pay other obligations (such as
insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to
make future payments on the loan, pay taxes on the property, provide insurance on the
property, or pay other obligations as required in the note and deed of trust or mortgage,
the beneficiary or mortgagee may insist that you do so in order to reinstate your account

Case 2:25-bk-15221-BB   Doc 32   Filed 08/19/25   Entered 08/19/25 21:00:30   Desc
Main Document    Page 101 of 205

Case 2:25-bk-15218-BR   Doc 10-2   Filed 07/22/25   Entered 07/22/25 16:28:23   Desc
Supplemental Declaration of Robert Roades   Page 29 of 32

in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

Churchill MRA Funding I LLC
c/o Arixa Capital Corporation as Servicer
Attn: Amy Geimer
10960 Wilshire Boulevard, Suite 1050
Los Angeles, CA 90024
Phone: 310-905-1050

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

**REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

**NOTICE IS HEREBY GIVEN:** That default has been declared by Churchill MRA Funding I LLC, the current beneficiary under that certain DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, FIXTURE FILING, AND SECURITY AGREEMENT dated as of July 15, 2021, executed by 155 N Anita, LLC, a California Limited Liability Company, as trustor (the "Original Trustor"), to secure obligations in favor of Crosswind Mortgage REIT, L.P. a Delaware Limited Partnership, as beneficiary (the "Original Beneficiary"), recorded on July 23, 2021, as Instrument No. 20211138740 of official records in the office of the Recorder of Los Angeles County, California (the "Original Deed of Trust"), and that

The Original Deed of Trust together with 1) that certain MODIFICATION OF NOTE AND DEED OF TRUST AGREEMENT dated as of May 8, 2023, recorded in the official records in the office of the Recorder of Los Angeles County, California on May 15, 2023, as Instrument No. 20230315314, and 2) that certain THIRD MODIFICATION OF NOTE AND DEED OF TRUST AGREEMENT dated as of February 20, 2024, recorded in the official

Case 2:25-bk-15221-BB   Doc 32   Filed 08/19/25   Entered 08/19/25 21:00:30   Desc
Main Document    Page 102 of 205

Case 2:25-bk-15218-BR   Doc 10-2   Filed 07/22/25   Entered 07/22/25 16:28:23   Desc
Supplemental Declaration of Robert Roades   Page 30 of 32

records in the office of the Recorder of Los Angeles County, California on February 26, 2024, as Instrument No. 20240122519, and any modifications thereto are collectively referred to herein from time to time as the "Deed of Trust", and that

The Deed of Trust encumbers certain property more particularly described therein (the "Trust Property"), and that

The Deed of Trust secures the payment of and the performance of certain obligations, including but not limited to, the obligations set forth in that certain SECURED NOTE with a face amount of $6,200,000.00 (the "Original Note"), and that

The Original Note, together with all renewals of, extensions of, modifications of, refinancing of, consolidations of, and substitutions for the Original Note are collectively referred to herein from time to time as the "Note", and that

The Note and any other documents evidencing the obligations secured by the Deed of Trust, together with any modifications thereto, are collectively referred to herein from time to time as the "Secured Obligations", and that

The term "Trustor" as used herein shall mean either the Original Trustor under the Deed of Trust or, if applicable, its successors in interest, and that

The term "Trustee" as used herein shall mean the Original Trustee under the Deed of Trust or, if applicable, its successors in interest, and that

The term "Beneficiary" as used herein shall mean the Original Beneficiary under the Deed of Trust or, if applicable, its successors in interest, and that

Capitalized terms not defined herein shall have the same meaning as those in the Note, Secured Obligations, the Deed of Trust and/or any other loan documents, and that

A breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the Trustor has failed to perform obligations pursuant to or under the Secured Obligations and/or the Deed of Trust, specifically: failed to pay the balance of the principal sum which became due upon maturity; together with late charges due; together with interest and default interest due thereon; failed to pay, when due, and/or provide evidence of payment of real and/or personal property taxes, together with interest and/or penalties due thereon; together with other fees and expenses incurred by the Beneficiary; and that

The Trustor has failed, or shall hereafter fail, to pay all other and subsequent interest and/or principal together with late charges and/or default interest and/or any and all other obligations and indebtedness as may become due under the terms of or under the Secured Obligations and/or Deed of Trust and not performed and/or paid including, without limitation, reimbursement to the Beneficiary and/or the Trustee of any of the following fees, costs and expenses heretofore or hereafter incurred, suffered or paid by the Beneficiary and/or the Trustee in connection with the Secured Obligations and/or Deed of Trust, the Trustor or the Trust Property:

1. Attorneys' fees and costs including, without limitation, those incurred in connection with foreclosure of the Deed of Trust, appointment of a receiver with respect to the Trust Property, litigation over the amount, validity, enforcement or priority of the Secured Obligations and/or Deed of Trust, or commencement of an

Case 2:25-bk-15221-BB   Doc 32   Filed 08/19/25   Entered 08/19/25 21:00:30   Desc
Main Document     Page 103 of 205

Case 2:25-bk-15218-BR   Doc 10-2   Filed 07/22/25   Entered 07/22/25 16:28:23   Desc
Supplemental Declaration of Robert Roades   Page 31 of 32

action or proceeding for relief from any bankruptcy court or other judicial or administrative stay, order or injunction, and all other such matters;

2. Real and/or personal property taxes, or payments under or with respect to prior or junior liens or encumbrances, insurance premiums and all other such matters;

3. Protection, preservation, repairs, restoration or completion of the Trust Property, and all other such matters;

4. Compliance with any applicable laws, regulations or orders, and all other such matters;

5. Trustee's fees, trustee's sale guarantee premiums, and other foreclosure costs, and all other such matters; and that

It is the intention of the Beneficiary to include herein all delinquent sums or obligations now or hereafter secured by and under the Deed of Trust, whether presently known or unknown, and whether or not specifically set forth herein, and that

By reason thereof, the Beneficiary has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the Trust Property to be sold to satisfy the obligations secured thereby.

Date: March 26, 2025                                    TS #:25-00102-2FNT

FIDELITY NATIONAL TITLE COMPANY, Trustee


Katy Holdeman, Authorized Signor

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 104 of 205

Docusign Envelope ID: 4E742F5D1-45B7-448F-9D53-C6F55E97088F
Case 2:25-bk-15218-BR    Doc 10-2    Filed 07/22/25    Entered 07/22/25 16:28:23    Desc
Supplemental Declaration of Robert Roades    Page 32 of 32

Exhibit 'A'

# DECLARATION OF MORTGAGE SERVICER
# PURSUANT TO CIVIL CODE § 2923.55(c)

Borrower(s): 155 N Anita, LLC, a California Limited Liability Company,
Mortgage servicer: Churchill MRA Funding I LLC
Property Address: 155 North Anita Ave, Los Angeles, CA 90049
Loan No: ******143/155 N Anita, LLC
T.S. No: 25-00102-2FNT

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1. ☐ The mortgage servicer has contacted the borrower pursuant to California Civil Code § 2923.55(b)(2) "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" and provided the borrower with the information required pursuant to California Civil Code § 2923.55(b)(2)(A) and (B). Thirty (30) days, or more, have passed since the initial contact was made.

2. ☐ The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" and provided the borrower with the information required pursuant to California Civil Code § 2923.55(f)(1)(A) and (B). Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code § 2920.5.

4. ☑ The requirements of California Civil Code § 2923.55 do not apply because the borrower, mortgage/deed of trust or real property does not meet the criteria described in California Civil Code § 2924.15.

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Dated: _3/25/2025_ _____

Churchill MRA Funding I LLC, a Delaware Limited Liability Company

By: Arixa Capital Corporation, a California Corporation
Title: Servicer

DocuSigned by:

*Amy Geimer*

01B51E441CA64F2...

By: Amy Geimer

Its: Loan Servicing Manager

CA HBOR Declaration – revised 1.1.2025

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael S. Myers, SBN 305011<br>Sara Shahbazi, SBN 351498<br>BALLARD SPAHR LLP<br>2029 Century Park E, Ste 1400<br>Los Angeles, CA 90067-2915<br>Telephone: 602-798-5446<br>Fax: 424-204-4350<br>Email: myersm@ballardspahr.com<br>        shahbazis@ballardspahr.com<br><br>☐ *Attorney for Movant*<br>☒ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>Sasha Zall<br><br><br><br><br><br><br><br>                                                     Debtor(s). | CASE NO.: 25-bk-15218-BR<br><br>CHAPTER: 7<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**<br><br>DATE: 8/19/2025<br>TIME: 10:00 AM<br>COURTROOM: 1668<br>PLACE: 255 East Temple Street, Los Angeles, CA 90012 |
|---|---|

| **Movant:** Arixa Capital Corporation, servicer for Churchill MRA Funding I LLC |
|---|

1.  The Motion was:     ☐ Opposed     ☐ Unopposed     ☐ Settled by stipulation

2.  The Motion affects the following real property (Property):

    *Street address*:        155 North Anita Avenue
    *Unit/suite number*:     _____
    *City, state, zip code*:  Los Angeles, California 90049

    Legal description or document recording number (including county of recording):

    Instrument No. 20211138740 recorded in the official records of the Recorded of Los Angeles County, California

    ☐ See attached page.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                               Page 1                               **F 4001-1.RFS.RP.ORDER**

EXHIBIT 1, PAGE 104

3. The Motion is granted under:

    a. ☒ 11 U.S.C. § 362(d)(1)

    b. ☐ 11 U.S.C. § 362(d)(2)

    c. ☐ 11 U.S.C. § 362(d)(3)

    d. ☐ 11 U.S.C. § 362(d)(4).  The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

        (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

        (2) ☐ Multiple bankruptcy cases affecting the Property.

        (3) ☐ The court  ☐ makes  ☐ does not make  ☐ cannot make a finding that the Debtor was involved in this scheme.

        (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

    c. ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 2                            **F 4001-1.RFS.RP.ORDER**

EXHIBIT 1, PAGE 105

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*):

<p align="center">###</p>

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 3                    **F 4001-1.RFS.RP.ORDER**

EXHIBIT 1, PAGE 106

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1.  ☐  The Debtor tendered payments at the hearing in the amount of $_____.

2.  ☐  The Debtor must make regular monthly payments in the amount of $_____ commencing (*date*) _____.  The amount of these payments may be subject to change under the terms of the parties' original agreements.  All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the following address:

3.  ☐  The Debtor must cure the postpetition default computed through _____ in the sum of $_____ as follows:

    a.  ☐  In equal monthly installments of $_____ each commencing (*date*)_____ and continuing thereafter through and including (*date*)_____.

    b.  ☐  By paying the sum of $_____ on or before (*date*)_____,

    c.  ☐  By paying the sum of $_____ on or before (*date*)_____,

    d.  ☐  By paying the sum of $_____ on or before (*date*)_____,

    e.  ☐  Other (*specify*):

4.  ☐  The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that fall due postpetition with regard to the Property.

5.  ☐  The Debtor must file a disclosure statement and plan on or before (*date*) _____
    The disclosure statement must be approved on or before (*date*) _____
    The plan must be confirmed on or before (*date*) _____

6.  ☐  Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor and the Debtor's attorney, if any.  If the Debtor fails to cure the default within 14 days after service of such written notice:

    a.  ☐  The stay automatically terminates without further notice, hearing or order.
    b.  ☐  Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
    c.  ☐  The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.
    d.  ☐  The Movant may move for relief from the stay on regular notice.

7.  ☐  Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor shall be entitled to a maximum of (*number*) _____ notices of default and opportunities to cure pursuant to the preceding paragraph.  Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure.  If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

EXHIBIT 1, PAGE 107

Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☐ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case.  If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☐ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☐ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☐ Other (*specify*):

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                   Page 5                      **F 4001-1.RFS.RP.ORDER**

EXHIBIT 1, PAGE 108

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

   601 SW Second Avenue, Suite 2100, Portland, Oregon 97204

A true and correct copy of the foregoing documents entitled (*specify*):

   1. **Notice of Motion and Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 (with supporting declarations) (Real Property)**

   2. **Memorandum of Points and Authorities in Support of Motion for Relief From the Automatic Stay**

   3. **Supplemental Declaration of Robert Roades in Support of Motion for Relief From the Automatic Stay**

   4. **[Proposed] Order Granting Motion For Relief From The Automatic Stay Under 11 U.S.C. § 362 (Real Property)**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/22/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Sanaz Sarah Bereliani**    berelianilaw@gmail.com, chris@berelianilaw.com;r48595@notify.bestcase.com
- **Brad D Krasnoff (TR)**    bdktrustee@lnbyg.com, bkrasnoff@ecf.axosfs.com;bdktrustee@lnbyg.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 07/22/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 07/22/2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**The Honorable Barry Russell**, Suite #1660, LOS ANGELES DIVISION, U.S. Bankruptcy Court, Roybal Federal Building, 255 E. Temple Street, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/22/2025 | Stuart Wylen | /s/ Stuart Wylen |
|------------|--------------|-------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Label Matrix for local noticing
0973-2
Case 2:25-bk-15218-BR
Central District of California
Los Angeles
Tue Jul 15 13:27:52 PDT 2025

Crossing Mortgage REIT, LLC
10960 Wilshire Boulevard
Suite 1050
Los Angeles, CA 90024-3721

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

0375 CubeSmart CA
11820 W Olympic Blvd
Los Angeles, CA 90064-1100

ACS Accounts Receivables
2448 E 81st Street
Suite 4300
Tulsa, OK 74137-4285

Air Plus HVAC
7344 Hinds Avenue
Panorama City, CA 91402

Allied Design & Remodeling, Inc.
14111 S. Main St. Unit B
Los Angeles, CA 90061-2136

Amex
Correspondence/Bankruptcy
Po Box 981535
El Paso, TX 79998-1535

Amex
P.O. Box 981537
El Paso, TX 79998-1537

Anthem Blue Cross
P.O. Box 6112
Indianapolis, IN 46206-6112

Arixa Capital
10960 Wilshire Blvd #1050
Los Angeles, CA 90024-3721

Capital One
Attn: Bankruptcy
P.O. Box 30285
Salt Lake City, UT 84130-0285

Capital One
Po Box 31293
Salt Lake City, UT 84131-0293

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850-5298

Chase Card Services
Po Box 30281
Salt Lake City, UT 84130-0281

CitiBusiness Card
PO BOx 790046
Saint Louis, MO 63179-0046

CitiBusiness Card
PO box 78081
Phoenix, AZ 85062-8081

Citibank
Attn: Bankruptcy Department
P.O.Box 790046
St. Louis, MO 63179-0046

Citibank
Po Box 6217
Sioux Falls, SD 57117-6217

Ervin Cohen & Jessup, LLP
9401 Wilshire Blvd., 12th Floor
Beverly Hills, CA 90212-2944

H.R.L. Painting Services, LLC
15204 Marson St.
Panorama City, CA 91402-4419

Intex Design and Construction Inc.
15021 Ventura Blvd. Ste 520
Sherman Oaks, CA 91403-2442

Law Offices of Roland R. Tijerina
2000 E. 4th Street, Suite 120
Santa Ana, CA 92705-3907

Law office of Steven A. Booska
PO Box 2169
Oakland, CA 94621-0069

Leib Solutions, LLC
P.O. Box 22
Maple Shade, NJ 08052-0022

Levinson Arshonsky Kurtz & Komsky,
15303 Ventura Blvd. Suite 165
Sherman Oaks, CA 91403-3110

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Lyons Plastering & Stucco, Inc
23638 Lyons Ave., #204
Newhall, CA 91321-2513

RFNR, LLP
5757 Wilshire Blvd, Suite 937
Los Angeles, CA 90036-3689

RFNR, LLP
5757 Wilsire Blvd, Suite 937
Los Angeles, CA 90036-3689

EXHIBIT 1, PAGE 110

Radius Global Solutions                Roberts Home Audio / Video, Inc      SBW Inc
PO Box 390905                          Attn: Derek Eitel, VP                8267 Marmay Pl
Minneapolis, MN 55439-0905            1611 S. La Cienega Blvd              Sun Valley, CA 91352-3920
                                       Los Angeles, CA 90035-4509


Superior Court of CA - Chatsworth     Superior Court of CA - Santa Monica  United States Trustee (LA)
9425 Penfield Ave                     1725 Main St                         915 Wilshire Blvd, Suite 1850
Case 25CHLC12217                      Case 24MCV06349                      Los Angeles, CA 90017-3560
Chatsworth, CA 91311-6516            Santa Monica, CA 90401-3274


Brad D Krasnoff (TR)                  Sanaz Sarah Bereliani                Sasha Zall
2818 La Cienega Avenue                Bereliani Law Firm, PC               149 S Barrington #151
Los Angeles, CA 90034-2618           12100 Wilshire Blvd, 8th Floor       Los Angeles, CA 90049
                                       Los Angeles, CA 90025-7132



          The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
          by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).



Los Angeles County Treasurer -        End of Label Matrix
Tax Collector                         Mailable recipients    38
PO Box 54110                          Bypassed recipients     0
Los Angeles, CA 90054-0110           Total                  38

**EXHIBIT 2**

Sanaz Sarah Bereliani, SBN#256465
BERELIANI LAW FIRM, P.C.
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA 90025
Telephone:    (310) 882-6402
Facsimile:    (888) 876-0896

Attorney for Debtor,
Sasha Zall

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

In re:

**SASHA ZALL,**

                                  Debtor.

Case No: **2:25-bk-15218-BR**

Chapter **7**

**LIMITED OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND REQUEST FOR CONTINUANCE**

Hearing Schedule:
Date:    August 19, 2025
Time:    10:00 AM
Ctrm:    1668
Place:    255 E Temple Street
            Los Angeles, CA 90012

Judge:    Barry Russell

TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE;

MOVANT ARIXA CAPITAL CORPORATION, THEIR ATTORNEYS OF RECORD; AND ALL

INTERESTED PARTIES:

Debtor Sasha Zall ("Debtor"), through undersigned counsel, respectfully submits this Limited

Opposition to the Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 filed by Arixa

1

LIMITED OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND REQUEST FOR CONTINUANCE

Capital Corporation, servicer for Churchill MRA Funding I LLC ("Movant"), and requests a forty-five

(45) day continuance of the hearing currently scheduled for August 19, 2025.

## I. PROCEDURAL BACKGROUND

1.  Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 20, 2025.

2.  The property at issue is located at 155 North Anita Avenue, Los Angeles, California 90049 (the "Property").

3.  The Property is owned by 155 N Anita, LLC, in which Debtor holds a 2% membership interest.

4.  Debtor executed a personal guarantee of the loan obligations secured by the Property, creating significant contingent liability for the bankruptcy estate.

5.  On July 22, 2025, Movant filed the instant Motion for Relief from the Automatic Stay, seeking relief under 11 U.S.C. § 362(d)(1) and (d)(2).

## II. REQUEST FOR CONTINUANCE

6.  Debtor respectfully requests that this Court continue the hearing on Movant's Motion for a period of forty-five (45) days to allow for ongoing resolution efforts.

7.  Debtor has been cooperating with the Chapter 7 Trustees (of his own estate and that of his mother[1]) and their respective counsel of record to resolve the status of the Property, the underlying mortgage obligations, and the state's interest and obligation to its creditors created by the personal guarantees.

8.  These discussions are ongoing and progressing in good faith, with all parties working toward a potential resolution that may obviate the need for the instant Motion and maximize recovery for all creditors.

---

[1] Debtor's mother, Mitra Zall is a 98% owner of the 155 N Anita, LLC. She is a debtor in the bankruptcy case 2:25-bk-15221-BB filed simultaneous to Sasha Zall. Ms. Zall's estate is being administered by Trustee Wes Avery and his counsel, Tinho Mang.

2

LIMITED OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND REQUEST FOR CONTINUANCE

EXHIBIT 2, PAGE 113

9. Debtor acknowledges that the Property sustained fire damage in January 2025. The parties are actively working to address the related issues as part of the ongoing negotiations. Resolution of these issues is critical to maximizing value for all creditors and requires coordinated efforts among multiple parties.

10. A brief continuance will allow the parties to complete discussions regarding a potential sale or refinancing that would benefit all secured and unsecured creditors, and coordinate resolution across both affected bankruptcy estates.

11. Although the Movant values this property at less than $10,000,000, this property was listed for sale just six months ago at approximately $12,000,000. If there is potential for a sale where all secured and unsecured creditors can benefit, a continuance would allow this value to be realized.

12. As 155 N Anita, LLC is owned by both Debtor Sasha Zall in this bankruptcy, and his mother, Debtor Mitra Zall, in her bankruptcy, this property affects two bankruptcy estates and multiple creditors whose interests are affected by potential value of this property to the estates. Coordinated resolution is essential.

13. Debtor's personal guarantee of the loan creates direct liability for this bankruptcy estate, making resolution of the Property issues integral to the administration of this case and the treatment of creditor claims.

### III. LEGAL STANDARD

14. Bankruptcy courts have broad discretion to grant continuances when good cause is shown. See Fed. R. Bankr. P. 9006(b).

15. Good cause exists where a continuance would serve the interests of judicial efficiency and allow parties to resolve matters without unnecessary litigation.

16. The automatic stay under 11 U.S.C. § 362 is designed to provide debtors and trustees with breathing room to administer the estate and resolve claims in an orderly fashion. A brief continuance furthers these purposes.

3

LIMITED OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND REQUEST FOR CONTINUANCE

17. Courts routinely grant reasonable continuances in relief from stay proceedings when parties are actively engaged in good faith negotiations that may resolve the underlying dispute. See In re Busch, 294 B.R. 137, 140 (B.A.P. 10th Cir. 2003).

### IV. NO PREJUDICE TO MOVANT

18. Movant will not be prejudiced by a brief forty-five (45) day continuance. The Property remains subject to the automatic stay, preserving the status quo, while the parties are working toward resolution in good faith. A negotiated resolution addressing both the property issues and guarantee liability may better serve all parties' interests than protracted litigation.

### VI. CONCLUSION

WHEREFORE, Debtor respectfully requests that this Court:

    A.    Grant a forty-five (45) day continuance of the hearing on Movant's Motion for Relief from the Automatic Stay;

    B.    Reset the hearing to a date approximately forty-five (45) days from the currently scheduled hearing date of August 19, 2025;

    C.    Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**BERELIANI LAW FIRM, PC**

Dated: August 5, 2025        By:  __/s/ Sanaz Sarah Bereliani_____

                                 Sanaz Sarah Bereliani, Esq. Attorney
                                 For Debtor Sasha Zall

LIMITED OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND REQUEST FOR CONTINUANCE

EXHIBIT 2, PAGE 115

**DECLARATION OF SASHA ZALL**

**IN SUPPORT OF LIMITED OPPOSITION TO MOTION FOR RELIEF**

I, SASHA ZALL, declare as follows:

1. I am the debtor in the above-captioned Chapter 7 bankruptcy case. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently thereto.

2. I filed my voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 20, 2025.

3. I hold a 2% membership interest in 155 N Anita, LLC (the "LLC"), which owns the real property located at 155 North Anita Avenue, Los Angeles, California 90049 (the "Property").

4. The Property is subject to a deed of trust in favor of Churchill MRA Funding I LLC, as evidenced by the loan documents attached to the Motion for Relief from the Automatic Stay filed by Arixa Capital Corporation, servicer for Churchill MRA Funding I LLC.

5. I executed a personal guarantee of the LLC's obligations under the loan, which creates significant contingent liability for my bankruptcy estate. This guarantee remains in full force and effect, and I understand that resolution of this liability is critical to the administration of my bankruptcy case.

6. I understand that there is currently a notice of default recorded against the Property.

7. I have in good faith been in compliance with the Trustees as they are determining various options that may address the concerns of the mortgage servicer while also serving the interests of my bankruptcy estate and creditors.

8. I believe that additional time would be beneficial to allow these negotiations to conclude and potentially reach a resolution that could obviate the need for the pending Motion for Relief from the Automatic Stay.

9. I am committed to working cooperatively with the Chapter 7 Trustee, the Trustee's counsel, and my counsel to resolve these matters in a manner that serves the best interests of the bankruptcy estate and the Movant.

LIMITED OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND REQUEST FOR CONTINUANCE

EXHIBIT 2, PAGE 116

Case 2:25-bk-15218-BR   Doc 16   Filed 08/05/25   Entered 08/05/25 16:37:35   Desc
Main Document      Page 6 of 9

10.  I believe that a continuance of forty-five (45) days would provide sufficient time for the parties to complete their discussions and reach a resolution. I understand the urgency of addressing the property condition and insurance issues, and commit to working diligently toward resolution.

11.  I understand that if the parties are unable to reach a resolution during the requested continuance period, the Motion for Relief from the Automatic Stay will proceed to hearing on its merits.

12.  I request that the Court grant a forty-five (45) day continuance of the hearing currently scheduled for August 19, 2025, to allow the parties additional time to complete communications and potential negotiations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on ___08 / 05___, 2025, at Los Angeles, California.

_____
Sasha Zall, Debtor

6

LIMITED OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND REQUEST FOR CONTINUANCE

| In re: **Sasha Zall** | CHAPTER: **7** |
|---|---|
| Debtor(s). | CASE NUMBER: **2:25-bk-15218-BR** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**12100 Wilshire Blvd., 8th Floor**
**Los Angeles, CA 90025**

A true and correct copy of the foregoing document entitled (*specify*):   **Limited Opposition to Motion for Relief from the Automatic Stay and Request for Continuance**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On   **August 5, 2025**  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**Michael S Myers - myersm@ballardspahr.com**
**Sara Shahbazi - shahbazis@ballardspahr.com**
**Wesley H Avery (TR) - wes@averytrustee.com**
**Michael S Myers - myersm@ballardspahr.com**
**Brad D Krasnoff (TR) - bdktrustee@lnbyg.com**
**United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On   **August 5, 2025**  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Barry Russell**
**United States Bankruptcy Court**
**255 E. Temple Street, Suite 1660**
**Los Angeles, CA 90012**

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August  5, 2025 | Andrea Gomez | /s/ Andrea Gomez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June  2012*                                                                 **9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:25-bk-15218-BR
Central District of California
Los Angeles
Tue Aug  5 15:30:18 PDT 2025

Arixa Capital Corporation, servicer for Cwr
10960 Wilshire Blvd #1050
Los Angeles, CA 90024-3721

Crosswind Mortgage REIT, L.P.
10960 Wilshire Boulevard
Suite 1050
Los Angeles, CA 90024-3721

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

0375 CubeSmart CA
11820 W Olympic Blvd
Los Angeles, CA 90064-1100

ACS Accounts Receivables
2448 E 81st Street
Suite 4300
Tulsa, OK 74137-4285

Air Plus HVAC
7344 Hinds Avenue
Panorama City, CA 91402

Allied Design & Remodeling, Inc.
14111 S. Main St. Unit B
Los Angeles, CA 90061-2136

Amex
Correspondence/Bankruptcy
Po Box 981535
El Paso, TX 79998-1535

Amex
P.o. Box 981537
El Paso, TX 79998-1537

Anthem Blue Cross
P.O. Box 6112
Indianapolis, IN 46206-6112

Arixa Capital
10960 Wilshire Blvd #1050
Los Angeles, CA 90024-3721

Capital One
Attn: Bankruptcy
P.O. Box 30285
Salt Lake City, UT 84130-0285

Capital One
Po Box 31293
Salt Lake City, UT 84131-0293

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850-5298

Chase Card Services
Po Box 30281
Salt Lake City, UT 84130-0281

CitiBusiness Card
PO BOx 790046
Saint Louis, MO 63179-0046

CitiBusiness Card
PO box 78081
Phoenix, AZ 85062-8081

Citibank
Attn: Bankruptcy Department
P.O.Box 790046
St. Louis, MO 63179-0046

Citibank
Po Box 6217
Sioux Falls, SD 57117-6217

Ervin Cohen & Jessup, LLP
9401 Wilshire Blvd., 12th Floor
Beverly Hills, CA 90212-2944

H.R.L. Painting Services, LLC
15204 Marson St.
Panorama City, CA 91402-4419

Intex Design and Construction Inc.
15021 Ventura Blvd. Ste 520
Sherman Oaks, CA 91403-2442

Law Offices of Roland R. Tijerina
2000 E. 4th Street, Suite 120
Santa Ana, CA 92705-3907

Law office of Steven A. Booska
PO Box 2169
Oakland, CA 94621-0069

Leib Solutions, LLC
P.O. Box 22
Maple Shade, NJ 08052-0022

Levinson Arshonsky Kurtz & Komsky,
15303 Ventura Blvd. Suite 165
Sherman Oaks, CA 91403-3110

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Lyons Plastering & Stucco, Inc
23638 Lyons Ave., #204
Newhall, CA 91321-2513

RFNR, LLP
5757 Wilshire Blvd, Suite 937
Los Angeles, CA 90036-3689

RFNR, LLP
5757 Wilsire Blvd, Suite 937
Los Angeles, CA 90036-3689

Radius Global Solutions
PO Box 390905
Minneapolis, MN 55439-0905

Roberts Home Audio & Video, Inc
Attn: Derek Eitel, VP
1611 S. La Cienega Blvd
Los Angeles, CA 90035-4509

SBW Inc
8267 Marmay Pl
Sun Valley, CA 91352-3920

Superior Court of CA - Chatsworth
9425 Penfield Ave
Case 25CHLC12217
Chatsworth, CA 91311-6516

Superior Court of CA - Santa Monica
1725 Main St
Case 24MCV06349
Santa Monica, CA 90401-3274

Brad D Krasnoff (TR)
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Sanaz Sarah Bereliani
Bereliani Law Firm, PC
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA 90025-7132

Sasha Zall
149 S Barrington #151
Los Angeles, CA 90049

Wesley H Avery (TR)
758 E. Colorado Blvd., Suite 210
Pasadena, CA 91101-5407

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Los Angeles County Treasurer -
Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

End of Label Matrix
Mailable recipients    40
Bypassed recipients     0
Total                  40

**EXHIBIT 3**

1  DAVID A. WOOD, #272406
   dwood@marshackhays.com
2  TINHO MANG, #322146
   tmang@marshackhays.com
3  MARSHACK HAYS WOOD LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Chapter 7 Trustee,
   WESLEY H. AVERY

7

8              UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

10

11 In re                              Case No. 2:25-bk-15218-BR

12 SASHA ZALL,                         Chapter 7

13        Debtor.                      LIMITED OPPOSITION AND REQUEST
                                       FOR CONTINUANCE RE: MOTION
14                                     FOR RELIEF FROM THE AUTOMATIC
                                       STAY UNDER 11 U.S.C. § 362 (REAL
15                                     PROPERTY); DECLARATION OF
                                       WESLEY H. AVERY IN SUPPORT

16                                     Date:      August 19, 2025
                                       Time:      10:00 a.m.
17                                     Ctrm:      Courtroom 1668
                                       Location:  255 E. Temple Street
18                                                Los Angeles, CA 90012

19

20 TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE

21 OFFICE OF THE UNIED STATES TRUSTEE, DEBTOR, AND ALL INTERESTED PARTIES:

22        Wesley H. Avery, the duly appointed Chapter 7 Trustee ("Trustee Avery") for the

23 bankruptcy estate ("Mitra Estate") of Mitra Sara Zall ("Mitra"), bankruptcy case no. 2:25-bk-15221-

24 BB ("Mitra Bankruptcy Case"), respectfully submits this Opposition ("Opposition") to the Motion

25 for Relief from the Automatic Stay under 11 U.S.C. § 362 ("Motion") regarding the real property

26 located at 155 North Anita Avenue, Los Angeles, CA 90049 ("Residence") filed by Arixa Capital

27 Corporation, servicer for Churchill MRA Funding I LLC ("Arixa") on July 22, 2025, as Docket No.

28 10.

                                       1
            OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

## 1.      Summary of Argument

Arixa seeks relief from the automatic stay regarding its wish to exercise its nonbankruptcy remedies against collateral, which is residential real property that is currently listed for sale on the Multiple Listing Service. Both the debtor in the above-captioned case, Sasha Zall, and his mother, the debtor in the Mitra Bankruptcy Case, have fractional interests in the limited liability company that holds title to the collateral, with the Mitra Estate holding a 98% supermajority of the ownership interest in the LLC. At this stage of the case, there appears to be an equity cushion in the property and insufficient cause stated to grant relief from the automatic stay. To permit Trustee Avery sufficient time to further investigate the value and benefit of administering the property, Trustee Avery respectfully requests that this Motion be continued for approximately sixty days.

## 2.      Factual Background

On June 20, 2025 ("Petition Date"), Sasha Zall ("Debtor") filed a voluntary petition under Chapter 7 of Title 11, commencing Case No. 2:25-bk-15218-BR ("Bankruptcy Case"). Brad D. Krasnoff is the trustee for the Bankruptcy Case.

In his Schedules, Debtor disclosed a property owned by 155 N. Anita LLC ("Anita LLC"), of which Debtor owns a 2% interest, which real property is located at 155 N. Anita Ave., Los Angeles, CA 90049 ("Residence"), with an estimated value of $12,300,000. No exemption was claimed in the Residence. The Residence was originally purchased on February 26, 2009, for $2,750,000.

On the same date, Mitra also filed a voluntary petition under Chapter 7 of Title 11, commencing bankruptcy case no. 2:25-bk-15221-BB (previously defined as "Mitra Bankruptcy Case"). Wesley H. Avery is the Chapter 7 trustee for the Mitra Bankruptcy Case. Mitra listed a 98% interest in Anita LLC in her schedules.[1]

On July 22, 2025, as Dk. No. 10, Arixa filed the Motion. As set forth in the Motion, the basis for the debt owed to Arixia is a loan in the original principal amount of $6,200,000 made from Crosswind Mortgage REIT, L.P. on July 15, 2021, which is less than four years prior to the Petition Date. Although the original principal balance of the loan was $6,200,000, the principal amount was

---

[1] A true and correct copy of Mitra's bankruptcy petition and schedules is attached to the Declaration of Wesley H. Avery ("Avery Declaration") as Exhibit "1."

1   "increased" to $8,000,000 on November 1, 2023 (an increase of $1,800,000 in less than 16 months),

2   and further increased to $9,000,000 on or about February 20, 2024 (a further increase of $1,000,000

3   in three months). Arixia now represents that the outstanding balance owed is $10,905,978.18, which

4   is substantially less than the scheduled value of the Residence.

5       The Residence has been listed for sale for a number of months, and has been listed for sale at

6   $12,395,000 since March 2025.

7 **3.**    **Legal Argument**

8     **A.**    **The Motion fails to demonstrate adequate cause for relief from stay**

9         **under 11 U.S.C. § 362(d)(1).**

10       Section 362(d)(1) authorizes relief from stay "for cause" and provides that:

11
12         [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest.
13

14   11 U.S.C. § 362(d)(1). "In any hearing under subsection (d) or (e) of this section concerning relief

15   from the stay… (1) the party requesting such relief has the burden of proof on the issue of the

16   debtor's equity in property…" 11 U.S.C. § 362(g)(1). "[T]he existence of an equity cushion,

17   standing alone, can provide adequate protection… A sufficient equity cushion has been found to

18   exist although not a single mortgage payment had been made." *In re Mellor*, 734 F.2d 1396, 1400

19   (9th Cir. 1984); *In re Avila*, 311 B.R. 81, 84 (Bankr. N.D. Cal. 2004) ("Where a creditor is

20   adequately protected by a large equity cushion, the debtor would suffer a substantial loss in the event

21   of foreclosure, and no economic harm to the creditor would result, relief from stay should not

22   automatically follow a default in payment.").

23       The Motion inaccurately calculates the amount of the equity cushion in the Residence: Arixia

24   states that the fair market value of the Residence is $12,300,000, which is the scheduled value. *See*

25   Motion, pg. 8, ¶ 11(d). Then, Arixia represents that the total debt against the Residence is

26   $11,137,836.97. *See id.*, ¶ 11(e). Subtracting the fair market value that Arixia agrees to, from the

27   total debt owed, the equity cushion is $1,162,163.03 (approximately 9.5% of the FMV); however,

28   Arixia states that the equity cushion is $0 and 0%. *See id.*, ¶ 11(g). This is plainly inaccurate. No

<div align="center">3</div>

<div align="center">OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY</div>

1    other basis for relief from stay, including that the fair market value is declining, is selected in the

2    Motion. Therefore, the Motion fails to demonstrate that there is good cause for relief from stay based

3    on the record before the Court. Furthermore, even if this Motion were granted, the greatest economic

4    beneficiary of the Residence through the value of Anita LLC is not this Debtor, but his mother in a

5    separate bankruptcy case who owns 98% of Anita LLC, and Arixia has not sought relief from the

6    automatic stay in the related case, which is arguably more impacted by the relief requested.

**B.     If Arixia does not stipulate to a continuance, the Court should grant a continuance to permit the Trustees to investigate the value of the Residence, if any.**

10        As set forth above, there appears to be substantial value over and above the asserted secured

11    debt against the Residence. In addition to the potential non-encumbered value of the Residence,

12    Trustee Avery is investigating whether there is a basis to seek a reduction in the amount of principal,

13    interest, and penalties, including default interest, purportedly charged by Arixia. *See East West Bank*

14    *v. Altadena Lincoln Crossing, LLC*, 598 B.R. 633, 641 (C.D. Cal. 2019). Indeed, Trustee Avery is

15    informed that there were a number of loan modifications including a fourth modification agreement

16    which provided that a balloon payment of **$9,097,500** was due on ***February 1, 2025***, which is only

17    around four months prior to the Petition Date. The Motion does not provide a methodology for

18    calculating a $2 million addition from the $9,000,000 principal balance, especially, over a matter of

19    months.

20        While Trustee Avery (in coordination with Trustee Krasnoff in this case) investigates the

21    validity and enforceability of this loan, and also explores whether the market value of the Residence

22    is sufficient to generate value in a sale, he respectfully requests that the Motion be continued for

23    approximately sixty days, during which time he can make a determination of whether there is

24    administrable value in Anita LLC, including whether to file litigation against secured creditors to

25    determine the validity, priority, and enforceable extent of the secured claims asserted. Furthermore,

26    because the value of the Residence increased from $2,750,000 to over $11-12 million since 2009,

27    there is a concern over whether there is any taxable gain liability that could arise from the sale of the

28

4

OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1  Residence; Trustee Avery has employed accountants to provide a tax opinion.

2  **4.      Conclusion**

3        For the reasons stated above, Trustee requests that the Court enter an order continuing the

4  hearing for approximately sixty days for Trustee Avery to further investigate the value of this

5  property.

6

7  Dated:  August 5, 2025                    MARSHACK HAYS WOOD LLP

8                                            By:  */s/ David A. Wood*
                                                  DAVID A. WOOD
9                                                 TINHO MANG
                                                  Attorneys for Chapter 7 Trustee,
10                                                WESLEY H. AVERY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<center>5</center>
OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

## Declaration of Wesley H. Avery

I, WESLEY H. AVERY, declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      I am the Chapter 7 Trustee of the Bankruptcy Estate of Mitra Sara Zall ("Debtor"), bankruptcy case no. 2:25-bk-15221-BB, which is a related case to this case. The debtor in my case stated in her schedules that she owned 98% of the membership interest in 155 N. Anita, LLC ("Anita LLC") which in turn owns the real property commonly known as 155 N. Anita Ave., Los Angeles, CA ("Residence"), a real property in which I am informed the debtor and her family lived.

3.      I make this Declaration in support of my Opposition ("Opposition") to the Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Real Property) filed by Arixa Capital Corporation, servicer for Churchill MRA Funding I LLC ("Arixa") on July 22, 2025, as Docket No. 10 in the bankruptcy case of Sasha Zall.

4.      A true and correct copy of the Debtor's Schedules are attached as **Exhibit "1."**

5.      I have been in contact with Brad D. Krasnoff, the Chapter 7 trustee of this instant bankruptcy case, and also Debtor's counsel Sanaz Bereliani, and have engaged counsel to investigate the validity, extent, and enforceability of the secured debt against the Residence. I require additional time to further investigate the history of the loan, disbursements, and loan modifications, and also determine whether the Debtor accurately scheduled the value of the Residence, which is currently listed for sale. If the Residence sells for the scheduled value, there appears to be over $1 million of unencumbered value just based on the numbers provided by Arixia, of which my bankruptcy estate would receive 98% for the benefit of creditors.

6.      I respectfully request that the Court grant a continuance of 60 days to permit me sufficient time to further investigate the value of this Residence.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 5, 2025.

_____
WESLEY H. AVERY

6

OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

# EXHIBIT 1

EXHIBIT 3, PAGE 127

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 131 of 205
Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 8 of 74
Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 1 of 66

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)* _____

Chapter you are filing under:

■ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- |
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or  passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Mitra**<br>First name<br><br>**Sara**<br>Middle name<br><br>**Zall**<br>Last name and Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br><br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | **FKA Mitra Mohammadi** | |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | **xxx-xx-5645** | |

EXHIBIT 1, PAGE 7

EXHIBIT 3, PAGE 128

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 132 of 205
Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 9 of 74
Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 2 of 66

Debtor 1    **Mitra Sara Zall**                                              Case number *(if known)*

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4.** **Your Employer Identification Number (EIN), if any.** | EIN | EIN |
| **5.** **Where you live** | **625 S. Barrington Ave #401 Los Angeles, CA 90049** Number, Street, City, State & ZIP Code  **Los Angeles** County  **If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.  **149 S Barrington Ave, #151 Los Angeles, CA 90049** Number, P.O. Box, Street, City, State & ZIP Code | If Debtor 2 lives at a different address:  Number, Street, City, State & ZIP Code  County  **If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.  Number, P.O. Box, Street, City, State & ZIP Code |
| **6.** **Why you are choosing *this district* to file for bankruptcy** | *Check one:*  ■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.  ☐ I have another reason. Explain. (See 28 U.S.C. § 1408.) | *Check one:*  ☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.  ☐ I have another reason. Explain. (See 28 U.S.C. § 1408.) |

EXHIBIT 1, PAGE 8
EXHIBIT 3, PAGE 129

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 133 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document    Page 10 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document    Page 3 of 66

Debtor 1    **Mitra Sara Zall**                                    Case number *(if known)* _____

---

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |

**7.** **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)*). Also, go to the top of page 1 and check the appropriate box.

- ☑ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

---

**8.** **How you will pay the fee**

- ☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

- ☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

- ☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9.** **Have you filed for bankruptcy within the last 8 years?**

- ☑ No.
- ☐ Yes.

| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

---

**10.** **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

- ☑ No
- ☐ Yes.

| | Debtor _____ | | Relationship to you _____ |
| | District _____ | When _____ | Case number, if known _____ |
| | Debtor _____ | | Relationship to you _____ |
| | District _____ | When _____ | Case number, if known _____ |

---

**11.** **Do you rent your residence?**

- ☐ No.    Go to line 12.
- ☑ Yes.    Has your landlord obtained an eviction judgment against you?

   - ☑ No. Go to line 12.

   - ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with your bankruptcy petition.

---

EXHIBIT 1, PAGE 9

EXHIBIT 3, PAGE 130

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document        Page 134 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document        Page 11 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document        Page 4 of 66

Debtor 1    **Mitra Sara Zall**                                        Case number *(if known)*

---

**Part 3:**    Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☒ No.    Go to Part 4.

☐ Yes.    Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

---

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor?***
For a definition of *small business debtor,* see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes.    I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

---

**Part 4:**    Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☒ No.

☐ Yes.    What is the hazard?

_____

If immediate attention is needed, why is it needed?

_____

Where is the property?

_____
Number, Street, City, State & Zip Code

---

EXHIBIT 1, PAGE 10

EXHIBIT 3, PAGE 131

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document       Page 135 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document       Page 12 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document       Page 5 of 66

Debtor 1    **Mitra Sara Zall**                                    Case number *(if known)* _____

**Part 5:**    Explain Your Efforts to Receive a Briefing About Credit Counseling

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**15.    Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

EXHIBIT 1, PAGE 11
EXHIBIT 3, PAGE 132

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 136 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 13 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 6 of 66

Debtor 1    **Mitra Sara Zall**                                  Case number *(if known)*

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16. What kind of debts do you have?**

16a.  **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17.

16b.  **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

16c.  State the type of debts you owe that are not consumer debts or business debts

_____

**17. Are you filing under Chapter 7?**

☐ No.  I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

■ Yes.  I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

■ No

☐ Yes

**18. How many Creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

EXHIBIT 1, PAGE 12

EXHIBIT 3, PAGE 133

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 137 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 14 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 7 of 66

| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)*

Chapter you are filing under:

■ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this is an amended filing

## Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy                    06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| **Mitra Sara Zall** | Signature of Debtor 2 |
| Signature of Debtor 1 | |
| Executed on **June 19, 2025** | Executed on |
| MM / DD / YYYY | MM / DD / YYYY |

Official Form 101                    Voluntary Petition for Individuals Filing for Bankruptcy                    page 1

EXHIBIT 1, PAGE 13

EXHIBIT 3, PAGE 134

Debtor 1    **Mitra Sara Zall**                                                                          Case number *(if known)*

| For your attorney, if you are represented by one. | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |
| --- | --- |

If you are not represented by an attorney, you do not need to file this page.

_____        Date _____
Signature of Attorney for Debtor                                       MM / DD / YYYY

**Sanaz Sarah Bereliani, Esq. 256465**
Printed name

**Bereliani Law Firm, PC**
Firm name

**12100 Wilshire Blvd., 8th Floor**
**Los Angeles, CA 90025**
Number, Street, City, State & ZIP Code

Contact phone   **310-882-5482**              Email address    berelianilaw@gmali.com

**256465 CA**
Bar number & State

EXHIBIT 1, PAGE 14

**EXHIBIT 3, PAGE 135**

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 139 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 16 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 9 of 66

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
   **Debtor's son has contemporaneously filed chapter 7 bankruptcy in CDCA as they are both joint on similar debt.**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
   n/a

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
   n/a

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
   n/a

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at  **Los Angeles, CA**              , California.

Date:  **June 19, 2025**

Mitra Sara Zall
Signature of Debtor 1


Signature of Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2018                          Page 1           F 1015-2.1.STMT.RELATED.CASES

EXHIBIT 1, PAGE 15

EXHIBIT 3, PAGE 136

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 140 of 205
Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 17 of 74
Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 10 of 66

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Mitra Sara Zall** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

|  | | **Your assets**<br>Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B)<br>1a. Copy line 55, Total real estate, from Schedule A/B.......................................................... | $    **12,054,000.00** |
| | 1b. Copy line 62, Total personal property, from Schedule A/B.................................................. | $    **12,962.94** |
| | 1c. Copy line 63, Total of all property on Schedule A/B........................................................... | $    **12,066,962.94** |

### Part 2:    Summarize Your Liabilities

|  | | **Your liabilities**<br>Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)<br>2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D...* | $    **10,741,462.45** |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)<br>3a. Copy  the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................. | $    **0.00** |
| | 3b. Copy  the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $    **280,375.40** |
| | **Your total liabilities** | $   **11,021,837.85** |

### Part 3:    Summarize Your Income and Expenses

| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*.................................................................. | $    **7,342.36** |
|---|---|---|
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*........................................................................... | $    **8,261.24** |

### Part 4:    Answer These Questions for Administrative and Statistical Records

6.    **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐    No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

■    Yes

7.    **What kind of debt do you have?**

■    **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐    **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

EXHIBIT 1, PAGE 16
EXHIBIT 3, PAGE 137

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 141 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 18 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 11 of 66

Debtor 1    **Mitra Sara Zall**      Case number *(if known)* _____

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

$ _____ **4,000.00**

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ 0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ _____ 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ _____ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ _____ 0.00 |

EXHIBIT 1, PAGE 17

EXHIBIT 3, PAGE 138

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 142 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 19 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 12 of 66

**Fill in this information to identify your case and this filing:**

Debtor 1    **Mitra Sara Zall**
First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)    First Name          Middle Name          Last Name

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number

☐ Check if this is an
amended filing

## Official Form 106A/B
# Schedule A/B: Property                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.
■ Yes. Where is the property?

1.1

**155 N Anita Ave**
Street address, if available, or other description

**What is the property?** Check all that apply
■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $12,300,000.00 | $12,054,000.00 |

**Los Angeles    CA    90049-0000**
City          State          ZIP Code

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Los Angeles**
County

Other information you wish to add about this item, such as local property identification number:

☐ **Check if this is community property**
(see instructions)

**Property is owned by 155 N Anita, LLC, (listed herein) of which the debtor owns 98% of.**
**There is a notice of default recorded on this property.**
**Value listed is based on the MLS value, however, there has been no interest shown at this value.**

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...........................................................=>**

| $12,054,000.00 |
|---|

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

EXHIBIT 1, PAGE 18

EXHIBIT 3, PAGE 139

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 143 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 20 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 13 of 66

Debtor 1    **Mitra Sara Zall**                                              Case number *(if known)*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

■ No
☐ Yes

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
   pages you have attached for Part 2. Write that number here..............................................................=>

| | |
|---|---|
| | **$0.00** |

**Part 3:** Describe Your Personal and Household Items

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes. Describe.....

| Household goods and furnishings | $2,000.00 |
|---|---|

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ■ Yes. Describe.....

| Cell phone, TV, computer, etc | $1,500.00 |
|---|---|

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ■ No
   ☐ Yes. Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ☐ No
   ■ Yes. Describe.....

| Debtor paints as a hobby, she has not sold any of her paintings. | $5,000.00 |
|---|---|

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes. Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ■ Yes. Describe.....

EXHIBIT 1, PAGE 19

EXHIBIT 3, PAGE 140

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document        Page 144 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document        Page 21 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document        Page 14 of 66

Debtor 1    **Mitra Sara Zall**                                      Case number *(if known)*

| | |
|---|---|
| Clothing, shoes, and other apparel | $750.00 |

**12. Jewelry**
   *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
   ☐ No
   ■ Yes.  Describe.....

| | |
|---|---|
| Real & costume jewelry | $3,500.00 |

**13. Non-farm animals**
   *Examples:* Dogs, cats, birds, horses
   ■ No
   ☐ Yes.  Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
   ■ No
   ☐ Yes.  Give specific information.....

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
   for Part 3. Write that number here .................................................................................    | $12,750.00 |

| Part 4: | Describe Your Financial Assets |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**
   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
   ☐ No
   ■ Yes..............................................................................................................

|  | |
|---|---|
| **Cash on hand** | $200.00 |

**17. Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar
   institutions. If you have multiple accounts with the same institution, list each.
   ☐ No
   ■ Yes........................        Institution name:

| 17.1. | **Checking x7622** | **Joint Commercial Bank of California** | $8.89 |
|---|---|---|---|
| 17.2. | **Checking and Savings x2462** | **Wells Fargo Bank** | $4.05 |

**18. Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
   ■ No
   ☐ Yes.................        Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and**
   **joint venture**
   ☐ No
   ■ Yes.  Give specific information about them....................
         Name of entity:                                      % of ownership:

EXHIBIT 1, PAGE 20

EXHIBIT 3, PAGE 141

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 145 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 22 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 15 of 66

Debtor 1   **Mitra Sara Zall**                                             Case number *(if known)*

---

**155 Anita LLC**

**Business was created by Debtor's deceased spouse in order to house the property listed herein (155 Anita). This property was purchased for approximately $2,750,000 on or about 2009. Debtor's deceased spouse started developing this property to sell it for more than $15MM. After he died, and with financial difficulties, the LLC was not able to support the development. They decided to sell this property, however, the fireplace duct caught on fire and caused them to lose their buyer and the ability to fix the home for sale. Value of the LLC is based solely on the value of the property listed above.**

| | 98% | % | $0.00 |

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
   ■ No
   ☐ Yes. Give specific information about them
      Issuer name:

21. **Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
   ■ No
   ☐ Yes. List each account separately.
      Type of account:          Institution name:

22. **Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
   ■ No
   ☐ Yes. .....................          Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
   ■ No
   ☐ Yes.............      Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
   ■ No
   ☐ Yes.............      Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
   ■ No
   ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   ■ No
   ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   ■ No
   ☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |

EXHIBIT 1, PAGE 21

EXHIBIT 3, PAGE 142

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 146 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document    Page 23 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document    Page 16 of 66

Debtor 1    **Mitra Sara Zall**                                                    Case number *(if known)*

28. **Tax refunds owed to you**
- ■ No
- ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

_____

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
- ■ No
- ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else
- ■ No
- ☐ Yes. Give specific information..

31. **Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
- ■ No
- ☐ Yes. Name the insurance company of each policy and list its value.

Company name:                         Beneficiary:                    Surrender or refund
                                                                       value:

32. **Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
- ■ No
- ☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue
- ■ No
- ☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
- ■ No
- ☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list**
- ■ No
- ☐ Yes. Give specific information..

36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.................................................................................................

| $212.94 |

**Part 5:** Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
- ■ No. Go to Part 6.
- ☐ Yes. Go to line 38.

**Part 6:** Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
- ■ No. Go to Part 7.
- ☐ Yes.  Go to line 47.

**Part 7:**    Describe All Property You Own or Have an Interest in That You Did Not List Above

Official Form 106A/B                         Schedule A/B: Property                              page 5

EXHIBIT 1, PAGE 22

EXHIBIT 3, PAGE 143

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document        Page 147 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document        Page 24 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document        Page 17 of 66

Debtor 1    **Mitra Sara Zall**                                                      Case number *(if known)*

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership

    ■ No
    ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** .....................................

| | $0.00 |

| **Part 8:** | List the Totals of Each Part of this Form |

55. **Part 1: Total real estate, line 2** ...........................................................................................    $12,054,000.00

56. **Part 2: Total vehicles, line 5**                                        $0.00

57. **Part 3: Total personal and household items, line 15**                   $12,750.00

58. **Part 4: Total financial assets, line 36**                               $212.94

59. **Part 5: Total business-related property, line 45**                      $0.00

60. **Part 6: Total farm- and fishing-related property, line 52**             $0.00

61. **Part 7: Total other property not listed, line 54**            +         $0.00

62. **Total personal property.** Add lines 56 through 61...        $12,962.94    Copy personal property total    $12,962.94

63. **Total of all property on Schedule A/B.** Add line 55 + line 62           $12,066,962.94

EXHIBIT 1, PAGE 23
EXHIBIT 3, PAGE 144

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 148 of 205
Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 25 of 74
Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 18 of 66

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Mitra Sara Zall** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt                    4/25

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

**Part 1:    Identify the Property You Claim as Exempt**

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☒ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **155 N Anita Ave Los Angeles, CA 90049  Los Angeles County Property is owned by 155 N Anita, LLC, (listed herein) of which the debtor owns 98% of.**<br>**There is a notice of default recorded on this property.**<br>**Value listed is based on the MLS value, however, th**<br>Line from *Schedule A/B*: **1.1** | $12,054,000.00 | ☒              $32,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Household goods and furnishings**<br>Line from *Schedule A/B*: **6.1** | $2,000.00 | ☒              $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(3) |
| **Cell phone, TV, computer, etc**<br>Line from *Schedule A/B*: **7.1** | $1,500.00 | ☒              $1,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(3) |
| **Debtor paints as a hobby, she has not sold any of her paintings.**<br>Line from *Schedule A/B*: **9.1** | $5,000.00 | ☒              $5,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

EXHIBIT 1, PAGE 24
EXHIBIT 3, PAGE 145

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 149 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 26 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 19 of 66

| Debtor 1   **Mitra Sara Zall** | | Case number (if known) _____ | |
|---|---|---|---|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Clothing, shoes, and other apparel**<br>Line from *Schedule A/B*: **11.1** | $750.00 | ■ $750.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(3) |
| **Real & costume jewelry**<br>Line from *Schedule A/B*: **12.1** | $3,500.00 | ■ $2,175.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(4) |
| **Real & costume jewelry**<br>Line from *Schedule A/B*: **12.1** | $3,500.00 | ■ $1,325.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Cash on hand**<br>Line from *Schedule A/B*: **16.1** | $200.00 | ■ $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Checking x7622: Joint Commercial Bank of California**<br>Line from *Schedule A/B*: **17.1** | $8.89 | ■ $8.89<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Checking and Savings x2462: Wells Fargo Bank**<br>Line from *Schedule A/B*: **17.2** | $4.05 | ■ $4.05<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |

3. **Are you claiming a homestead exemption of more than $214,000?**
   (Subject to adjustment on 4/01/28 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☐ No

       ☐ Yes

EXHIBIT 1, PAGE 25

EXHIBIT 3, PAGE 146

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document        Page 150 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document        Page 27 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document        Page 20 of 66

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Mitra Sara Zall** |
| | First Name / Middle Name / Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name / Middle Name / Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 106D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ■ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|---|
| **2.1** **Air Plus HVAC** | Describe the property that secures the claim: | $32,019.33 | $12,300,000.00 | $0.00 |
| Creditor's Name | **155 N Anita Ave Los Angeles, CA 90049  Los Angeles County Property is owned by 155 N Anita, LLC, (listed herein) of which the debtor owns 98% of.**<br>**There is a notice of default recorded on this property.**<br>**Value listed is based on the MLS va** | | | |

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**7344 Hinds Avenue**
**Panorama City, CA 91402**
Number, Street, City, State & Zip Code

Nature of lien. Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)

**Who owes the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Mechanic's Lien**

Date debt was incurred    **2025**    Last 4 digits of account number    **8145**

EXHIBIT 1, PAGE 26
EXHIBIT 3, PAGE 147

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document        Page 151 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document        Page 28 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document        Page 21 of 66

Debtor 1   **Mitra Sara Zall**                                              Case number (if known) _____
            First Name    Middle Name        Last Name

| 2.2 | **Allied Design & Remodeling, Inc.** | | $46,585.22 | $12,300,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

**155 N Anita Ave Los Angeles, CA 90049  Los Angeles County Property is owned by 155 N Anita, LLC, (listed herein) of which the debtor owns 98% of.
There is a notice of default recorded on this property.
Value listed is based on the MLS va**

**14111 S. Main St. Unit B
Los Angeles, CA 90061**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

**Nature of lien.** Check all that apply.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Mechanic's Lien**

Date debt was incurred   **2025**        Last 4 digits of account number   **5330**

| 2.3 | **Arixa Capital** | | $10,509,603.66 | $12,300,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

**155 N Anita Ave Los Angeles, CA 90049  Los Angeles County Property is owned by 155 N Anita, LLC, (listed herein) of which the debtor owns 98% of.
There is a notice of default recorded on this property.
Value listed is based on the MLS va**

**10960 Wilshire Blvd, #1050
Los Angeles, CA 90024**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

**Nature of lien.** Check all that apply.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)

Date debt was incurred   **2020**        Last 4 digits of account number

EXHIBIT 1, PAGE 27
EXHIBIT 3, PAGE 148

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 152 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document    Page 29 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document    Page 22 of 66

Debtor 1    **Mitra Sara Zall**

First Name        Middle Name        Last Name        Case number (if known) _____

| | | | | |
|---|---|---|---|---|
| **2.4** | **H.R.L. Painting Services, LLC** | Describe the property that secures the claim: | $16,840.00 | $12,300,000.00 | $0.00 |

Creditor's Name

**155 N Anita Ave Los Angeles, CA 90049  Los Angeles County Property is owned by 155 N Anita, LLC, (listed herein) of which the debtor owns 98% of.
There is a notice of default recorded on this property.
Value listed is based on the MLS va**

**15204 Marson St.
Panorama City, CA 91402**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)    **Mechanic's Lien**

**Date debt was incurred**  **2025**    **Last 4 digits of account number**  **0981**

| | | | | |
|---|---|---|---|---|
| **2.5** | **Intex Design and Construction Inc.** | Describe the property that secures the claim: | $13,474.31 | $12,300,000.00 | $0.00 |

Creditor's Name

**155 N Anita Ave Los Angeles, CA 90049  Los Angeles County Property is owned by 155 N Anita, LLC, (listed herein) of which the debtor owns 98% of.
There is a notice of default recorded on this property.
Value listed is based on the MLS va**

**15021 Ventura Blvd., Ste 520
Sherman Oaks, CA 91403**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)    **Mechanic's Lien**

**Date debt was incurred**  **2024**    **Last 4 digits of account number**  **1890**

---

Official Form 106D    Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**    page 3 of 6

EXHIBIT 1, PAGE 28
EXHIBIT 3, PAGE 149

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document        Page 153 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document        Page 30 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document        Page 23 of 66

Debtor 1  **Mitra Sara Zall**                                              Case number (if known) _____
_____
First Name    Middle Name    Last Name

| 2.6 | **Law office of Steven A. Booska** | | $22,573.96 | $12,300,000.00 | $0.00 |
| --- | --- | --- | --- | --- | --- |

Creditor's Name

**Describe the property that secures the claim:**

**155 N Anita Ave Los Angeles, CA 90049  Los Angeles County Property is owned by 155 N Anita, LLC, (listed herein) of which the debtor owns 98% of. There is a notice of default recorded on this property. Value listed is based on the MLS va**

**PO Box 2169**
**Oakland, CA 94621**
Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☑ Judgment lien from a lawsuit
☑ Other (including a right to offset)  **mechanis lien & judgment lien**

Date debt was incurred  **2025**        Last 4 digits of account number  **2217**

---

| 2.7 | **Los Angeles County Treasurer -** | | $60,000.00 | $12,300,000.00 | $0.00 |
| --- | --- | --- | --- | --- | --- |

Creditor's Name

**Describe the property that secures the claim:**

**155 N Anita Ave Los Angeles, CA 90049  Los Angeles County Property is owned by 155 N Anita, LLC, (listed herein) of which the debtor owns 98% of. There is a notice of default recorded on this property. Value listed is based on the MLS va**

**Tax Collector**
**PO Box 54110**
**Los Angeles, CA 90054-0110**
Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)  _____

Date debt was incurred  **2023-2024**      Last 4 digits of account number  _____

---

Official Form 106D        Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**        page 4 of 6

EXHIBIT 1, PAGE 29

EXHIBIT 3, PAGE 150

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 154 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document    Page 31 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document    Page 24 of 66

Debtor 1  **Mitra Sara Zall**

First Name        Middle Name        Last Name

Case number (if known) _____

| | | | | |
|---|---|---|---|---|
| **2.8** | **Lyons Plastering & Stucco, Inc** | Describe the property that secures the claim: | $16,129.42 | $12,300,000.00 | $0.00 |

**Lyons Plastering & Stucco, Inc**
Creditor's Name

Describe the property that secures the claim:

**155 N Anita Ave Los Angeles, CA 90049  Los Angeles County**
**Property is owned by 155 N Anita, LLC, (listed herein) of which the debtor owns 98% of.**
**There is a notice of default recorded on this property.**
**Value listed is based on the MLS va**

**23638 Lyons Ave., #204**
**Newhall, CA 91321**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Mechanic's Lien**

Date debt was incurred  **2024**        Last 4 digits of account number  **4424**

| | | | | |
|---|---|---|---|---|
| **2.9** | **Roberts Home Audio & Video, Inc** | Describe the property that secures the claim: | $24,236.55 | $12,300,000.00 | $0.00 |

**Roberts Home Audio & Video, Inc**
Creditor's Name

Describe the property that secures the claim:

**155 N Anita Ave Los Angeles, CA 90049  Los Angeles County**
**Property is owned by 155 N Anita, LLC, (listed herein) of which the debtor owns 98% of.**
**There is a notice of default recorded on this property.**
**Value listed is based on the MLS va**

**Attn: Derek Eitel, VP**
**1611 S. La Cienega Blvd**
**Los Angeles, CA 90035**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred  **2025**        Last 4 digits of account number  _____

Add the dollar value of your entries in Column A on this page. Write that number here:  **$10,741,462.45**

If this is the last page of your form, add the dollar value totals from all pages. Write that number here:  **$10,741,462.45**

**Part 2:**  **List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

EXHIBIT 1, PAGE 30

EXHIBIT 3, PAGE 151

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 155 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 32 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 25 of 66

Debtor 1   **Mitra Sara Zall**                                                    Case number (if known)  _____
     First Name       Middle Name       Last Name

[ ]   Name, Number, Street, City, State & Zip Code           On which line in Part 1 did you enter the creditor?  **2.8**
**Law Offices of Roland R. Tijerina**
**2000 E 4th Street, Suite 120**                       Last 4 digits of account number ___
**Santa Ana, CA 92705**

[ ]   Name, Number, Street, City, State & Zip Code           On which line in Part 1 did you enter the creditor?  **2.6**
**SBW Inc**
**8267 Marmay Pl**                              Last 4 digits of account number ___
**Sun Valley, CA 91352**

[ ]   Name, Number, Street, City, State & Zip Code           On which line in Part 1 did you enter the creditor?  **2.8**
**Superior Court of CA - Santa Monica**
**1725 Main St**
**Case 24SMCV06349**                      Last 4 digits of account number ___
**Santa Monica, CA 90401**

EXHIBIT 1, PAGE 31
EXHIBIT 3, PAGE 152

Case 2:25-bk-15221-BB   Doc 32   Filed 08/19/25   Entered 08/19/25 21:00:30   Desc
Main Document      Page 156 of 205
Case 2:25-bk-15218-BR   Doc 17   Filed 08/05/25   Entered 08/05/25 18:26:28   Desc
Main Document      Page 33 of 74
Case 2:25-bk-15221-BB   Doc 1   Filed 06/20/25   Entered 06/20/25 22:16:28   Desc
Main Document      Page 26 of 66

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Mitra Sara Zall** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an
amended filing

## Official Form 106E/F
### Schedule E/F: Creditors Who Have Unsecured Claims                         12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:   List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**

   ☐ No. Go to Part 2.

   ☐ Yes.

### Part 2:   List All of Your NONPRIORITY Unsecured Claims

3. **Do any creditors have nonpriority unsecured claims against you?**

   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

   ☐ Yes.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | Total claim |
|---|---|---|
| | | |

| 4.1 | **Amex** | Last 4 digits of account number | **9623** | **$10,026.00** |
|---|---|---|---|---|

Nonpriority Creditor's Name

**Correspondence/Bankruptcy**
**Po Box 981535**
**El Paso, TX 79998**

When was the debt incurred?     **Opened 11/24  Last Active**
**5/14/25**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☐ No

☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Other. Specify   **Credit Card**

EXHIBIT 1, PAGE 32
EXHIBIT 3, PAGE 153

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
                    Main Document        Page 157 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
                    Main Document        Page 34 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
                    Main Document        Page 27 of 66

Debtor 1    **Mitra Sara Zall**                                              Case number (if known) _____

| 4.2 | **Anahita Mohammadi** | Last 4 digits of account number _____ | $19,000.00 |

Nonpriority Creditor's Name

**5410 Residencia**
**Newport Beach, CA 92660**
Number Street City State Zip Code

When was the debt incurred?    **2025**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

**Is the claim subject to offset?**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

■ No
☐ Yes

■ Other. Specify    **Family Loan**

---

| 4.3 | **Chase Card Services** | Last 4 digits of account number **1484** | $28,064.00 |

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**P.O. 15298**
**Wilmington, DE 19850**
Number Street City State Zip Code

When was the debt incurred?    **Opened 05/14 Last Active 3/26/25**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

**Is the claim subject to offset?**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

■ No
☐ Yes

■ Other. Specify    **Credit Card**

---

| 4.4 | **Citibank** | Last 4 digits of account number **3915** | $76,274.00 |

Nonpriority Creditor's Name

**Attn: Bankruptcy Department**
**P.O.Box 790046**
**St. Louis, MO 63179**
Number Street City State Zip Code

When was the debt incurred?    **Opened 04/05 Last Active 9/07/24**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

**Is the claim subject to offset?**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

■ No
☐ Yes

■ Other. Specify    **Credit Card**

---

EXHIBIT 1, PAGE 33
EXHIBIT 3, PAGE 154

Case 2:25-bk-15221-BB   Doc 32   Filed 08/19/25   Entered 08/19/25 21:00:30   Desc
Main Document    Page 158 of 205

Case 2:25-bk-15218-BR   Doc 17   Filed 08/05/25   Entered 08/05/25 18:26:28   Desc
Main Document    Page 35 of 74

Case 2:25-bk-15221-BB   Doc 1   Filed 06/20/25   Entered 06/20/25 22:16:28   Desc
Main Document    Page 28 of 66

Debtor 1   **Mitra Sara Zall** _____   _____
                                                        Case number (if known)

| 4.5 | **Comenitycapital/saksmc** | Last 4 digits of account number   **0985** | **$18,908.00** |

Nonpriority Creditor's Name

**Po Box 182120**
**Columbus, OH 43218**

When was the debt incurred?   **Opened 11/11  Last Active 3/26/25**

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card**

---

| 4.6 | **Ervin Cohen & Jessup, LLP** | Last 4 digits of account number   **7595** | **$46,234.25** |

Nonpriority Creditor's Name

**9401 Wilshire Blvd. 12th Floor**
**Beverly Hills, CA 90212**

When was the debt incurred?   **2021-2023**

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Collection Account**

---

| 4.7 | **Leib Solutions, LLC** | Last 4 digits of account number   **1644** | **$4,000.00** |

Nonpriority Creditor's Name

**P.O. Box 22**
**Maple Shade, NJ 08052**

When was the debt incurred?

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Collection Account**

---

EXHIBIT 1, PAGE 34
EXHIBIT 3, PAGE 155

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 159 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 36 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 29 of 66

Debtor 1  **Mitra Sara Zall**                                    Case number (if known) _____

| | | |
|---|---|---|

**4.8**  **Levinson Arshonsky Kurtz & Komsky,**          Last 4 digits of account number  **8550**          **$947.15**
Nonpriority Creditor's Name
**15303 Ventura Blvd. Suite 165**            When was the debt incurred?  **2025**
**Sherman Oaks, CA 91403**
Number Street City State Zip Code              As of the date you file, the claim is: Check all that apply
Who incurred the debt? Check one.

■ Debtor 1 only                    ☐ Contingent
☐ Debtor 2 only                    ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only             ☐ Disputed
☐ At least one of the debtors and another      Type of NONPRIORITY unsecured claim:
☐ **Check if this claim is for a community**      ☐ Student loans
**debt**
Is the claim subject to offset?              ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
■ No
☐ Yes                          ☐ Debts to pension or profit-sharing plans, and other similar debts
                              ■ Other. Specify  **Collection Account**

---

**4.9**  **Lobat Shabanpour**                Last 4 digits of account number  _____          **$5,000.00**
Nonpriority Creditor's Name
**4872 El-Grande Place**              When was the debt incurred?  **2024**
**El Sobrante, CA 94803**
Number Street City State Zip Code              As of the date you file, the claim is: Check all that apply
Who incurred the debt? Check one.

■ Debtor 1 only                    ☐ Contingent
☐ Debtor 2 only                    ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only             ☐ Disputed
☐ At least one of the debtors and another      Type of NONPRIORITY unsecured claim:
☐ **Check if this claim is for a community**      ☐ Student loans
**debt**
Is the claim subject to offset?              ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
■ No
☐ Yes                          ☐ Debts to pension or profit-sharing plans, and other similar debts
                              ■ Other. Specify  **Family Loan**

---

**4.10**  **Marjon Shabanpour**                Last 4 digits of account number  _____          **$25,000.00**
Nonpriority Creditor's Name
**1676 Olympus Loop Dr.**              When was the debt incurred?  **2025**
**Vista, CA 92081**
Number Street City State Zip Code              As of the date you file, the claim is: Check all that apply
Who incurred the debt? Check one.

■ Debtor 1 only                    ☐ Contingent
☐ Debtor 2 only                    ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only             ☐ Disputed
☐ At least one of the debtors and another      Type of NONPRIORITY unsecured claim:
☐ **Check if this claim is for a community**      ☐ Student loans
**debt**
Is the claim subject to offset?              ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
■ No
☐ Yes                          ☐ Debts to pension or profit-sharing plans, and other similar debts
                              ■ Other. Specify  **Family Loan**

EXHIBIT 1, PAGE 35
EXHIBIT 3, PAGE 156

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 160 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document    Page 37 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document    Page 30 of 66

Debtor 1    **Mitra Sara Zall**                                                 Case number *(if known)*

---

| 4.1 1 | **RFNR, LLP** | | 0880,2345,4 | |
|---|---|---|---|---|

**RFNR, LLP**
Nonpriority Creditor's Name
**5757 Wilshire Blvd., Suite 937**
**Los Angeles, CA 90036**
Number Street City State Zip Code

Last 4 digits of account number    **427**                          **$7,145.00**

When was the debt incurred?    **2021**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Collection Account**

---

| 4.1 2 | **RFNR, LLP** | | | |
|---|---|---|---|---|

**RFNR, LLP**
Nonpriority Creditor's Name
**5757 Wilshire Blvd, Suite 937**
**Los Angeles, CA 90036**
Number Street City State Zip Code

Last 4 digits of account number    **5792**                          **$8,520.00**

When was the debt incurred?    **2025**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **accounting bill**

---

| 4.1 3 | **Synchrony Bank/Care Credit** | | | |
|---|---|---|---|---|

**Synchrony Bank/Care Credit**
Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 965060**
**Orlando, FL 32896**
Number Street City State Zip Code

Last 4 digits of account number    **0316**                          **$1,257.00**

When was the debt incurred?    **Opened 06/23  Last Active 3/26/25**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Charge Account**

---

EXHIBIT 1, PAGE 36

EXHIBIT 3, PAGE 157

Case 2:25-bk-15221-BB   Doc 32   Filed 08/19/25   Entered 08/19/25 21:00:30   Desc
Main Document      Page 161 of 205

Case 2:25-bk-15218-BR   Doc 17   Filed 08/05/25   Entered 08/05/25 18:26:28   Desc
Main Document      Page 38 of 74

Case 2:25-bk-15221-BB   Doc 1   Filed 06/20/25   Entered 06/20/25 22:16:28   Desc
Main Document      Page 31 of 66

Debtor 1 __Mitra Sara Zall__                                      Case number (if known)_____

| 4.1 4 | **Zoya Shakarami** | | | | $30,000.00 |

Nonpriority Creditor's Name

**6255 Woodland Dr**
**Dallas, TX 75225**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**Last 4 digits of account number** _____

**When was the debt incurred?**   __2023__

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   __Family Loan__

---

**Part 3:**   **List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address
**Amex**
**P.o. Box 981537**
**El Paso, TX 79998**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.1** of (Check one):   ☐ Part 1: Creditors with Priority Unsecured Claims
                               ■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number _____

Name and Address
**Chase Card Services**
**Po Box 30281**
**Salt Lake City, UT 84130**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.3** of (Check one):   ☐ Part 1: Creditors with Priority Unsecured Claims
                               ■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number _____

Name and Address
**Citibank**
**Po Box 6217**
**Sioux Falls, SD 57117**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.4** of (Check one):   ☐ Part 1: Creditors with Priority Unsecured Claims
                               ■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number _____

Name and Address
**Hunt & Henriques**
**7017 Realm Drive**
**San Jose, CA 95119**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.4** of (Check one):   ☐ Part 1: Creditors with Priority Unsecured Claims
                               ■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number   __3475__

Name and Address
**Synchrony Bank/Care Credit**
**Po Box 71757**
**Philadelphia, PA 19176**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.13** of (Check one):   ☐ Part 1: Creditors with Priority Unsecured Claims
                                ■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number _____

---

**Part 4:**   **Add the Amounts for Each Type of Unsecured Claim**

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|  | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 0.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |

Official Form 106 E/F          Schedule E/F: Creditors Who Have Unsecured Claims          Page 6 of 7

EXHIBIT 1, PAGE 37

EXHIBIT 3, PAGE 158

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 162 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 39 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 32 of 66

Debtor 1    **Mitra Sara Zall**                                    Case number (if known)

|  |  |  |  |  |
|---|---|---|---|---|
|  | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 0.00 |
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | Total Claim $ 0.00 |
|  | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
|  | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
|  | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 280,375.40 |
|  | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ 280,375.40 |

Official Form 106 E/F            **Schedule E/F: Creditors Who Have Unsecured Claims**            Page 7 of 7

EXHIBIT 1, PAGE 38
EXHIBIT 3, PAGE 159

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 163 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 40 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 33 of 66

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Mitra Sara Zall** | |
| | First Name        Middle Name        Last Name | |
| Debtor 2 | | |
| (Spouse if, filing) | First Name        Middle Name        Last Name | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | |
| Case number | | |
| (if known) | | |

☐ Check if this is an
amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases            12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).**

1. **Do you have any executory contracts or unexpired leases?**
   ■ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1 | |
| Name | |
| Number    Street | |
| City        State        ZIP Code | |
| 2.2 | |
| Name | |
| Number    Street | |
| City        State        ZIP Code | |
| 2.3 | |
| Name | |
| Number    Street | |
| City        State        ZIP Code | |
| 2.4 | |
| Name | |
| Number    Street | |
| City        State        ZIP Code | |
| 2.5 | |
| Name | |
| Number    Street | |
| City        State        ZIP Code | |

EXHIBIT 1, PAGE 39
EXHIBIT 3, PAGE 160

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document        Page 164 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document        Page 41 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document        Page 34 of 66

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Mitra Sara Zall** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | | | |

☐ Check if this is an
   amended filing

Official Form 106H

# Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.

■ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No. Go to line 3.
■ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

   ☐ No
   ■ Yes.

   In which community state or territory did you live?    **California**    . Fill in the name and current address of that person.
   **Bahman J. Zall**                                            **[Deceased February 2021]**

   Name of your spouse, former spouse, or legal equivalent
   Number, Street, City, State & Zip Code

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| *Column 1:* **Your codebtor** Name, Number, Street, City, State and ZIP Code | *Column 2:* **The creditor to whom you owe the debt** Check all schedules that apply: |
|---|---|
| **3.1** _____<br>Name<br><br>_____<br>Number    Street<br>_____<br>City            State          ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.2** _____<br>Name<br><br>_____<br>Number    Street<br>_____<br>City            State          ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

EXHIBIT 1, PAGE 40
EXHIBIT 3, PAGE 161

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 165 of 205
Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 42 of 74
Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 35 of 66

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Mitra Sara Zall** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Employment**

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ☐ Employed<br>☑ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | | **Retired** | |
| Employer's name | | | |
| Employer's address | | | |
| How long employed there? | | | |

**Part 2:    Give Details About Monthly Income**

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2. | $ 0.00 | $ N/A |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ 0.00 | +$ N/A |
| 4. | **Calculate gross income.**  Add line 2 + line 3. | 4. | $ 0.00 | $ N/A |

EXHIBIT 1, PAGE 41

EXHIBIT 3, PAGE 162

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 166 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document    Page 43 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document    Page 36 of 66

Debtor 1    **Mitra Sara Zall**                                        Case number (if known) _____

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here | 4. | $ 0.00 | $ N/A |

5.  List all payroll deductions:

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ N/A |
| 5e. | Insurance | 5e. | $ 0.00 | $ N/A |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ N/A |
| 5g. | Union dues | 5g. | $ 0.00 | $ N/A |
| 5h. | Other deductions. Specify: _____ | 5h.+ | $ 0.00 | + $ N/A |

6.  **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.    $ 0.00    N/A

7.  **Calculate total monthly take-home pay.** Subtract line 6 from line 4.    7.    $ 0.00    $ N/A

8.  List all other income regularly received:

8a.  **Net income from rental property and from operating a business, profession, or farm**
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.    8a.    $ 0.00    $ N/A

8b.  **Interest and dividends**    8b.    $ 0.00    $ N/A

8c.  **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.    8c.    $ 0.00    $ N/A

8d.  **Unemployment compensation**    8d.    $ 0.00    $ N/A

8e.  **Social Security**    8e.    $ 3,342.36    $ N/A

8f.  **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: _____    8f.    $ 0.00    $ N/A

8g.  **Pension or retirement income**    8g.    $ 0.00    $ N/A

8h.  **Other monthly income.** Specify:  **Contribution from son**    8h.+    $ 4,000.00    + $ N/A

9.  **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.    $ 7,342.36    $ N/A

10.  **Calculate monthly income.** Add line 7 + line 9.    10.    $ 7,342.36    + $ N/A    = $ 7,342.36
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11.  **State all other regular contributions to the expenses that you list in** *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____    11.    + $ 0.00

12.  **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies    12.    $ 7,342.36

**Combined monthly income**

13.  **Do you expect an increase or decrease within the year after you file this form?**
☑  No.
☐  Yes. Explain: _____

EXHIBIT 1, PAGE 42

EXHIBIT 3, PAGE 163

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 167 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document    Page 44 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document    Page 37 of 66

**Fill in this information to identify your case:**

Debtor 1    **Mitra Sara Zall**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter
   13 expenses as of the following date:

   _____
   MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Your Household**

1.    **Is this a joint case?**

☐ No. Go to line 2.
☐ Yes. **Does Debtor 2 live in a separate household?**

  ☐ No
  ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.    **Do you have dependents?**    ☐ No

Do not list Debtor 1 and    ☐ Yes.  Fill out this information for
Debtor 2.                              each dependent..............

Do not state the
dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3.    **Do your expenses include expenses of people other than yourself and your dependents?**    ☐ No  ☐ Yes

**Part 2:    Estimate Your Ongoing Monthly Expenses**

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  | Your expenses |
|---|---|

4.    The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.    4. $    5,290.00

If not included in line 4:

4a.    Real estate taxes    4a. $    0.00
4b.    Property, homeowner's, or renter's insurance    4b. $    0.00
4c.    Home maintenance, repair, and upkeep expenses    4c. $    125.00
4d.    Homeowner's association or condominium dues    4d. $    0.00
5.    **Additional mortgage payments for your residence,** such as home equity loans    5. $    0.00

EXHIBIT 1, PAGE 43
EXHIBIT 3, PAGE 164

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 168 of 205
Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 45 of 74
Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 38 of 66

Debtor 1    __Mitra Sara Zall__                                    Case number (if known) _____

| | | | |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. $ | **140.00** |
| | 6b. Water, sewer, garbage collection | 6b. $ | **55.00** |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | **0.00** |
| | 6d. Other. Specify:  **Cell Phone** | 6d. $ | **45.00** |
| | **Internet** | $ | **56.24** |
| 7. | **Food and housekeeping supplies** | 7. $ | **500.00** |
| 8. | **Childcare and children's education costs** | 8. $ | **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $ | **100.00** |
| 10. | **Personal care products and services** | 10. $ | **150.00** |
| 11. | **Medical and dental expenses** | 11. $ | **40.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ | **100.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | **100.00** |
| 14. | **Charitable contributions and religious donations** | 14. $ | **10.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. $ | **0.00** |
| | 15b. Health insurance | 15b. $ | **650.00** |
| | 15c. Vehicle insurance | 15c. $ | **0.00** |
| | 15d. Other insurance. Specify: | 15d. $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. $ | **0.00** |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. $ | **850.00** |
| | 17b. Car payments for Vehicle 2 | 17b. $ | **0.00** |
| | 17c. Other. Specify: | 17c. $ | **0.00** |
| | 17d. Other. Specify: | 17d. $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. $ | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| | 20a. Mortgages on other property | 20a. $ | **0.00** |
| | 20b. Real estate taxes | 20b. $ | **0.00** |
| | 20c. Property, homeowner's, or renter's insurance | 20c. $ | **0.00** |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. $ | **0.00** |
| | 20e. Homeowner's association or condominium dues | 20e. $ | **0.00** |
| 21. | **Other:** Specify:  **Exigent Circumstances** | 21. +$ | **50.00** |

22. **Calculate your monthly expenses**

| | | |
|---|---|---|
| 22a. Add lines 4 through 21. | $ | **8,261.24** |
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| 22c. Add line 22a and 22b.  The result is your monthly expenses. | $ | **8,261.24** |

23. **Calculate your monthly net income.**

| | | |
|---|---|---|
| 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | **7,342.36** |
| 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | **8,261.24** |
| 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | **-918.88** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes.    Explain here: **Debtor's daughter has a leased vehicle, which Debtor and her son are in possession of and pay the lease of, for use.**

EXHIBIT 1, PAGE 44

EXHIBIT 3, PAGE 165

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document       Page 169 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document       Page 46 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document       Page 39 of 66

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Mitra Sara Zall** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☐ No

☐ Yes. Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _____    X _____

Mitra Sara Zall
Signature of Debtor 1                                   Signature of Debtor 2

Date **June 19, 2025**                                Date _____

Official Form 106Dec                    Declaration About an Individual Debtor's Schedules

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document         Page 170 of 205
Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document        Page 47 of 74
Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document         Page 40 of 66

**Fill in this information to identify your case:**

Debtor 1    **Mitra Sara Zall**
First Name            Middle Name            Last Name

Debtor 2
(Spouse if, filing)    First Name            Middle Name            Last Name

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number
(if known)

☐ Check if this is an amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy                04/25

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Give Details About Your Marital Status and Where You Lived Before**

1.    **What is your current marital status?**

☐ Married
■ Not married

2.    **During the last 3 years, have you lived anywhere other than where you live now?**

■ No
☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | | |

3.    **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

☐ No
■ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2    Explain the Sources of Your Income**

4.    **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **For the calendar year before that:**<br>(January 1 to December 31, 2023 ) | ☐ Wages, commissions, bonuses, tips | **$33,366.00** | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

EXHIBIT 1, PAGE 46
EXHIBIT 3, PAGE 167

Case 2:25-bk-15221-BB   Doc 32   Filed 08/19/25   Entered 08/19/25 21:00:30   Desc
Main Document      Page 171 of 205

Case 2:25-bk-15218-BR   Doc 17   Filed 08/05/25   Entered 08/05/25 18:26:28   Desc
Main Document      Page 48 of 74

Case 2:25-bk-15221-BB   Doc 1   Filed 06/20/25   Entered 06/20/25 22:16:28   Desc
Main Document      Page 41 of 66

Debtor 1    **Mitra Sara Zall**                                                                    Case number *(if known)*

---

**5.    Did you receive any other income during this year or the two previous calendar years?**

Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐   No

■   Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income<br>Describe below. | Gross income from each source<br>(before deductions and exclusions) | Sources of income<br>Describe below. | Gross income<br>(before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | **Social Security Benefits** | **$20,054.16** | | |
| For last calendar year:<br>(January 1 to December 31, 2024 ) | **Social Security Benefits** | **$40,108.40** | | |
| For the calendar year before that:<br>(January 1 to December 31, 2023 ) | **Social Security Benefits** | **$38,831.00** | | |

---

**Part 3:**   **List Certain Payments You Made Before You Filed for Bankruptcy**

**6.    Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐   No.   **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $8,575* or more?

   ☐   No.   Go to line 7.

   ☐   Yes   List below each creditor to whom you paid a total of $8,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

      * Subject to adjustment on 4/01/28 and every 3 years after that for cases filed on or after the date of adjustment.

■   Yes.   **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

   ■   No.   Go to line 7.

   ☐   Yes   List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| | | | | |

**7.    Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**

*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

■   No

☐   Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| | | | | |

---

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

EXHIBIT 1, PAGE 47

EXHIBIT 3, PAGE 168

Case 2:25-bk-15221-BB   Doc 32   Filed 08/19/25   Entered 08/19/25 21:00:30   Desc
Main Document      Page 172 of 205

Case 2:25-bk-15218-BR   Doc 17   Filed 08/05/25   Entered 08/05/25 18:26:28   Desc
Main Document      Page 49 of 74

Case 2:25-bk-15221-BB   Doc 1   Filed 06/20/25   Entered 06/20/25 22:16:28   Desc
Main Document      Page 42 of 66

Debtor 1   **Mitra Sara Zall**                                                        Case number (*if known*)

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
    Include payments on debts guaranteed or cosigned by an insider.

    ■ No
    ☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
|---|---|---|---|---|

| **Part 4:** | Identify Legal Actions, Repossessions, and Foreclosures |
|---|---|

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
    List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

    ■ No
    ☐ Yes. Fill in the details.

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
    Check all that apply and fill in the details below.

    ■ No. Go to line 11.
    ☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
|---|---|---|---|

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

    ■ No
    ☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

    ■ No
    ☐ Yes

| **Part 5:** | List Certain Gifts and Contributions |
|---|---|

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

    ■ No
    ☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

    ■ No
    ☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that  total more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

| **Part 6:** | List Certain Losses |
|---|---|

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster,**

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

EXHIBIT 1, PAGE 48

EXHIBIT 3, PAGE 169

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document         Page 173 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document        Page 50 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document       Page 43 of 66

Debtor 1    **Mitra Sara Zall**                                                      Case number *(if known)*

or gambling?

☐ No
■ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
|---|---|---|---|
| **155 N. Anita Ave., Los Angeles, CA 90049**<br><br>**155 N Anita Ave., Los Angeles, CA 90049**<br><br>**The approximate structural damage from the fire is estimated at $250,000.00. This figure does not include the loss of the buyer and escrow valued at $12.2 million, which fell through as a direct result of the fire.** | **At the time of the loss, there was no property insurance in place, as it had become unaffordable to maintain. However, the responsible fireplace subcontractor did carry general liability insurance, although they deny any liability for the incident.** | **January 31, 2025** | **$250,000.00** |

---

| **Part 7:** | List Certain Payments or Transfers |
|---|---|

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Bereliani Law Firm, PC**<br>**12100 Wilshire Blvd., 8th Floor**<br>**Los Angeles, CA 90025**<br>**berelianilaw@gmail.com** | **Attorney Fees** | **June 2025** | **$2,850.00** |

17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?
Do not include any payment or transfer that you listed on line 16.

☐ No
■ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Levinson Arshonsky Kurtz & Komsky,**<br>**15303 Ventura Blvd. Suite 165**<br>**Sherman Oaks, CA 91403** | **03/21/25 - $500.00**<br>**12/23/24 - $500.00**<br>**05/01/25 - $500.00**<br>**11/27/24 - $500.00**<br>**02/05/25 - $500.00**<br>**08/31/24 - $531.00** | **2024-2025** | **$3,000.00** |

---

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

EXHIBIT 1, PAGE 49
EXHIBIT 3, PAGE 170

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 174 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 51 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 44 of 66

Debtor 1    **Mitra Sara Zall**                                    Case number *(if known)*

---

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:** List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ No
☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

**Part 9:** Identify Property You Hold or Control for Someone Else

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■ No
☐ Yes. Fill in the details.

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

**Part 10:** Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or

---

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

EXHIBIT 1, PAGE 50
EXHIBIT 3, PAGE 171

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document         Page 175 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document         Page 52 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document         Page 45 of 66

Debtor 1    **Mitra Sara Zall**                                       Case number *(if known)*

toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

**Report all notices, releases, and proceedings that you know about, regardless of when they occurred.**

24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

■ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

25. Have you notified any governmental unit of any release of hazardous material?

■ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

■ No
☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|
| | | | |

**Part 11:**  Give Details About Your Business or Connections to Any Business

27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ No. None of the above applies.  Go to Part 12.

■ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| 155 N Anita, LLC<br>155 N Anita Ave<br>Los Angeles, CA 90049 | real estate | EIN:    85-3749971<br><br>From-To  10/30/2020 - Present |
| Indigo Construction Corp.<br>11628 Santa Monica Blvd, Suite 203<br>Los Angeles, CA 90025 | construction (labor force) | EIN:    20-0390524<br><br>From-To  2004 - 2022 |

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

EXHIBIT 1, PAGE 51
EXHIBIT 3, PAGE 172

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document       Page 176 of 205
Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document       Page 53 of 74
Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document       Page 46 of 66

Debtor 1    **Mitra Sara Zall**                                                 Case number *(if known)*

28.  **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial
     institutions, creditors, or other parties.**

■ **No**
☐ **Yes. Fill in the details below.**

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
| --- | --- |
|  |  |

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

EXHIBIT 1, PAGE 52
EXHIBIT 3, PAGE 173

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 177 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 54 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 47 of 66

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Mitra Sara Zall** |
| | First Name      Middle Name      Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | ☐ Check if this is an amended filing |

## Official Form 107

### Statement of Financial Affairs for Individuals Filing for Bankruptcy     04/25

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 12:   Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| ✗ _[signature]_ | |
| **Mitra Sara Zall** | Signature of Debtor 2 |
| Signature of Debtor 1 | |
| Date   June 19, 2025 | Date |

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
■ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

EXHIBIT 1, PAGE 53

EXHIBIT 3, PAGE 174

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document         Page 178 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document         Page 55 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document         Page 48 of 66

**Fill in this information to identify your case:**

Debtor 1    **Mitra Sara Zall**
First Name        Middle Name        Last Name

Debtor 2
(Spouse if, filing)    First Name        Middle Name        Last Name

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number
(if known)

☐ Check if this is an
    amended filing

## Official Form 108
# Statement of Intention for Individuals Filing Under Chapter 7    12/15

**If you are an individual filing under chapter 7, you must fill out this form if:**

■ creditors have claims secured by your property, or

■ you have leased personal property and the lease has not expired.
**You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form**

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

**Part 1:    List Your Creditors Who Have Secured Claims**

1. **For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.**

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name:<br><br>Description of property securing debt: | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | ☐ No<br><br>☐ Yes |
| Creditor's name:<br><br>Description of property securing debt: | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | ☐ No<br><br>☐ Yes |
| Creditor's name:<br><br>Description of property securing debt: | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | ☐ No<br><br>☐ Yes |
| Creditor's | ☐ Surrender the property. | ☐ No |

Official Form 108            **Statement of Intention for Individuals Filing Under Chapter 7**            page 1

EXHIBIT 1, PAGE 54

EXHIBIT 3, PAGE 175

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 179 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document    Page 56 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document    Page 49 of 66

| Debtor 1 | **Mitra Sara Zall** | | Case number *(if known)* | |

| name: | | ☐ Retain the property and redeem it. | | |
| Description of property securing debt: | | ☐ Retain the property and enter into a *Reaffirmation Agreement.* | ☐ Yes | |
| | | ☐ Retain the property and [explain]: | | |

---

| **Part 2:** | **List Your Unexpired Personal Property Leases** |

**For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).**

| **Describe your unexpired personal property leases** | **Will the lease be assumed?** |
|---|---|
| Lessor's name:<br>Description of leased Property: | ☐ No<br>☐ Yes |
| Lessor's name:<br>Description of leased Property: | ☐ No<br>☐ Yes |
| Lessor's name:<br>Description of leased Property: | ☐ No<br>☐ Yes |
| Lessor's name:<br>Description of leased Property: | ☐ No<br>☐ Yes |
| Lessor's name:<br>Description of leased Property: | ☐ No<br>☐ Yes |
| Lessor's name:<br>Description of leased Property: | ☐ No<br>☐ Yes |
| Lessor's name:<br>Description of leased Property: | ☐ No<br>☐ Yes |

EXHIBIT 1, PAGE 55

EXHIBIT 3, PAGE 176

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 180 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 57 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 50 of 66

| Fill in this information to identify your case: | |
| --- | --- |
| Debtor 1 | **Mitra Sara Zall** |
| | First Name        Middle Name        Last Name |
| Debtor 2 (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | ☐ Check if this is an amended filing |

## Official Form 108
## Statement of Intention for Individuals Filing Under Chapter 7        12/15

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.

X _Mitra Sara Zall signature_          X _____
**Mitra Sara Zall**                        Signature of Debtor 2
Signature of Debtor 1

Date    **June 19, 2025**                Date _____


Official Form 108                Statement of Intention for Individuals Filing Under Chapter 7                page 1

EXHIBIT 1, PAGE 56

EXHIBIT 3, PAGE 177

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document        Page 181 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document        Page 58 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document        Page 51 of 66

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

This notice is for you if:

You are an individual filing for bankruptcy, and

Your debts are primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $78 | administrative fee |
| + $15 | trustee surcharge |
| $338 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their non-exempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

EXHIBIT 1, PAGE 57

EXHIBIT 3, PAGE 178

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 182 of 205
Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document    Page 59 of 74
Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document    Page 52 of 66

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

---

**Chapter 11: Reorganization**

---

|  | $1,167 | filing fee |
|---|---|---|
| + | $571 | administrative fee |
|  | $1,738 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

EXHIBIT 1, PAGE 58

EXHIBIT 3, PAGE 179

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 183 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 60 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 53 of 66

## Read These Important Warnings

**Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.**

**Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.**

**You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.**

**Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Chapter 12: Repayment plan for family farmers or fishermen

|   |       |                    |
|---|-------|--------------------|
|   | $200  | filing fee         |
| + | $78   | administrative fee  |
|   | $278  | total fee          |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

---

### Chapter 13: Repayment plan for individuals with regular income

|   |       |                    |
|---|-------|--------------------|
|   | $235  | filing fee         |
| + | $78   | administrative fee  |
|   | $313  | total fee          |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

    domestic support obligations,

    most student loans,

    certain taxes,

    debts for fraud or theft,

    debts for fraud or defalcation while acting in a fiduciary capacity,

    most criminal fines and restitution obligations,

    certain debts that are not listed in your bankruptcy papers,

    certain debts for acts that caused death or personal injury, and

    certain long-term secured debts.

EXHIBIT 1, PAGE 59

EXHIBIT 3, PAGE 180

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 184 of 205
Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document    Page 61 of 74
Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document    Page 54 of 66

<div style="border:1px solid #000; background:#e0e0e0; padding:8px;">

**Warning: File Your Forms on Time**

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/forms/bankruptcy-forms

</div>

**Bankruptcy crimes have serious consequences**

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from:
http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

In Alabama and North Carolina, go to:
http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

EXHIBIT 1, PAGE 60
EXHIBIT 3, PAGE 181

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document        Page 185 of 205
Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document        Page 62 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document        Page 55 of 66

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Central District of California

In re **Mitra Sara Zall**                                          Case No. _____

_____ Debtor(s)      Chapter    **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **2,850.00** |
| Prior to the filing of this statement I have received | $ | **2,850.00** |
| Balance Due | $ | **0.00** |

2. The source of the compensation paid to me was:

   ■ Debtor        ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor        ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

   **The following services fall outside the scope of the standard representation agreement for a normal and ordinary bankruptcy filing and will be billed at the attorney's hourly rate disclosed in the Attorney-Client Representation Agreement:**

   **Any Adversary Proceeding**
   **Any Deposition and/or Rule 2004 Examination**
   **Any Dischargeability Actions**
   **Any Judicial Lien Avoidances**
   **Any Motion for Relief from Stay Actions**
   **Any Motion to Extend Deadlines**
   **Any lien avoidance of on real and/or personal property**
   **Any preparation and filing of reaffirmation agreements and applications as needed**
   **Any negotiations with secured creditors to reduce the market value**
   **Any exemption planning**

EXHIBIT 1, PAGE 61
EXHIBIT 3, PAGE 182

In re    **Mitra Sara Zall**                                    Case No.

                                    Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
### (Continuation Sheet)

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_____
Date

Sanaz Sarah Bereliani, Esq. 256465
*Signature of Attorney*
Bereliani Law Firm, PC
12100 Wilshire Blvd., 8th Floor
Los Angeles, CA 90025
310-882-5482   Fax: 888-876-0896
berelianilaw@gmail.com
*Name of law firm*

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document        Page 187 of 205
Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document        Page 64 of 74
Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document        Page 57 of 66

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Mitra Sara Zall** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California |
| Case number (if known) | |

**Check one box only as directed in this form and in Form 122A-1Supp:**

- ■ 1. There is no presumption of abuse
- ☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A-2).
- ☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

## Official Form 122A - 1
## Chapter 7 Statement of Your Current Monthly Income
12/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.

| **Part 1:** | Calculate Your Current Monthly Income |
|---|---|

1. **What is your marital and filing status?** Check one only.
   - ■ **Not married.** Fill out Column A, lines 2-11.
   - ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.
   - ☐ **Married and your spouse is NOT filing with you.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under
     - ☐ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.
     - ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C § 707(b)(7)(B).

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|
| 2. **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 0.00 | $ |
| 3. **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ |
| 4. **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | $ |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | | |
| Ordinary and necessary operating expenses | -$ 0.00 | | |
| Net monthly income from a business, profession, or farm | $ 0.00 | Copy here -> $ 0.00 | $ |

6. **Net income from rental and other real property**

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | | |
| Ordinary and necessary operating expenses | -$ 0.00 | | |
| Net monthly income from rental or other real property | $ 0.00 | Copy here -> $ 0.00 | $ |

| 7. **Interest, dividends, and royalties** | $ 0.00 | $ |
|---|---|---|

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

EXHIBIT 1, PAGE 63
EXHIBIT 3, PAGE 184

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document        Page 188 of 205
Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document        Page 65 of 74
Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document        Page 58 of 66

Debtor 1    **Mitra Sara Zall**                                                    Case number (*if known*)

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 8. **Unemployment compensation** | $ 0.00 | $ |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

| | | |
|---|---|---|
| For you | $ | 0.00 |
| For your spouse | $ | |

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title.

|  | Column A | Column B |
|---|---|---|
| 9. | $ 0.00 | $ |

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below..

| | Column A | Column B |
|---|---|---|
| Contribution from Son | $ 4,000.00 | $ |
|  | $ 0.00 | $ |
| Total amounts from separate pages, if any. | + $ 0.00 | $ |

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ **4,000.00** + $ _____ = $ **4,000.00**
Total current monthly income

---

**Part 2:**    **Determine Whether the Means Test Applies to You**

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11    Copy line 11 here=>    $ **4,000.00**

Multiply by 12 (the number of months in a year)    x 12

12b. The result is your annual income for this part of the form    12b. $ **48,000.00**

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.    CA

Fill in the number of people in your household.    1

Fill in the median family income for your state and size of household.    13. $ **76,190.00**
To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

14a. ■ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
      Go to Part 3. Do NOT fill out or file Official Form 122A-2.

14b. ☐ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.*
      Go to Part 3 and fill out Form 122A-2.

EXHIBIT 1, PAGE 64
EXHIBIT 3, PAGE 185

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
                    Main Document        Page 189 of 205

Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
                    Main Document        Page 66 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
                    Main Document        Page 59 of 66

| Fill in this information to identify your case: | Check one box only as directed in this form and in Form 122A-1Supp. |
|---|---|
| Debtor 1 **Mitra Sara Zall** | ■ 1. There is no presumption of abuse |
| Debtor 2 (Spouse, if filing) | ☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A-2). |
| United States Bankruptcy Court for the: Central District of California | ☐ 3. The Means Test does not apply now because of qualified military service but it could apply later. |
| Case number (if known) | ☐ Check if this is an amended filing |

## Official Form 122A - 1
## Chapter 7 Statement of Your Current Monthly Income                    12/19

| Part 3: | Sign Below |
|---|---|

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X _Mitra Sara Zall_
   **Mitra Sara Zall**
   Signature of Debtor 1

Date **June 19, 2025**
     MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 122A-2.

If you checked line 14b, fill out Form 122A-2 and file it with this form.

EXHIBIT 1, PAGE 65

EXHIBIT 3, PAGE 186

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document        Page 190 of 205
Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document        Page 67 of 74
Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document        Page 60 of 66

Debtor 1    **Mitra Sara Zall**_____    Case number (*if known*) _____

### Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **12/01/2024** to **05/31/2025**.

**Line 10 - Income from all other sources**
Source of Income: **Contribution from Son**
Constant income of **$4,000.00** per month.

**Non-CMI - Social Security Act Income**
Source of Income: **Social Security Income**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | **12/2024** | **$3,342.36** |
| 5 Months Ago: | **01/2025** | **$3,342.36** |
| 4 Months Ago: | **02/2025** | **$3,342.36** |
| 3 Months Ago: | **03/2025** | **$3,342.36** |
| 2 Months Ago: | **04/2025** | **$3,342.36** |
| Last Month: | **05/2025** | **$3,342.36** |
| | Average per month: | **$3,342.36** |

EXHIBIT 1, PAGE 66
EXHIBIT 3, PAGE 187

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 191 of 205
Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 68 of 74
Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 61 of 66

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Sanaz Sarah Bereliani, Esq. 256465**<br>**12100 Wilshire Blvd., 8th Floor**<br>**Los Angeles, CA 90025**<br>310-882-5482 Fax: 888-876-0896<br>California State Bar Number: **256465 CA**<br>berelianilaw@gmail.com | |

☐  *Debtor(s) appearing without an attorney*

■  *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>    **Mitra Sara Zall** | CASE NO.:<br>CHAPTER: **7** |
|---|---|
| | **VERIFICATION OF MASTER<br>MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(a)]** |
|                                                                Debtor(s). | |

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __**5**__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: **June 19, 2025** _____

Signature of Debtor 1

Date: _____

Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: **June 19, 2025** _____

Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                       **F 1007-1.MAILING.LIST.VERIFICATION**

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document    Page 192 of 205
Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document    Page 69 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document    Page 62 of 66

```
Mitra Sara Zall
149 S Barrington Ave, #151
Los Angeles, CA 90049


Sanaz Sarah Bereliani, Esq.
Bereliani Law Firm, PC
12100 Wilshire Blvd., 8th Floor
Los Angeles, CA 90025


Air Plus HVAC
7344 Hinds Avenue
Panorama City, CA 91402


Allied Design & Remodeling, Inc.
14111 S. Main St. Unit B
Los Angeles, CA 90061


Amex
Correspondence/Bankruptcy
Po Box 981535
El Paso, TX 79998


Amex
P.o. Box 981537
El Paso, TX 79998


Anahita Mohammadi
5410 Residencia
Newport Beach, CA 92660


Arixa Capital
10960 Wilshire Blvd, #1050
Los Angeles, CA 90024
```

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
                    Main Document        Page 193 of 205
Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
                    Main Document        Page 70 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
                    Main Document        Page 63 of 66

Bahman J. Zall


Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850


Chase Card Services
Po Box 30281
Salt Lake City, UT 84130


Citibank
Attn: Bankruptcy Department
P.O.Box 790046
St. Louis, MO 63179


Citibank
Po Box 6217
Sioux Falls, SD 57117


Comenitycapital/saksmc
Po Box 182120
Columbus, OH 43218


Ervin Cohen & Jessup, LLP
9401 Wilshire Blvd. 12th Floor
Beverly Hills, CA 90212


H.R.L. Painting Services, LLC
15204 Marson St.
Panorama City, CA 91402

Case 2:25-bk-15221-BB    Doc 32    Filed 08/19/25    Entered 08/19/25 21:00:30    Desc
Main Document      Page 194 of 205
Case 2:25-bk-15218-BR    Doc 17    Filed 08/05/25    Entered 08/05/25 18:26:28    Desc
Main Document      Page 71 of 74

Case 2:25-bk-15221-BB    Doc 1    Filed 06/20/25    Entered 06/20/25 22:16:28    Desc
Main Document      Page 64 of 66

Hunt & Henriques
7017 Realm Drive
San Jose, CA 95119


Intex Design and Construction Inc.
15021 Ventura Blvd., Ste 520
Sherman Oaks, CA 91403


Law office of Steven A. Booska
PO Box 2169
Oakland, CA 94621


Law Offices of Roland R. Tijerina
2000 E 4th Street, Suite 120
Santa Ana, CA 92705


Leib Solutions, LLC
P.O. Box 22
Maple Shade, NJ 08052


Levinson Arshonsky Kurtz & Komsky,
15303 Ventura Blvd. Suite 165
Sherman Oaks, CA 91403


Lobat Shabanpour
4872 El-Grande Place
El Sobrante, CA 94803


Los Angeles County Treasurer -
Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

Case 2:25-bk-15221-BB   Doc 32   Filed 08/19/25   Entered 08/19/25 21:00:30   Desc
Main Document      Page 195 of 205
Case 2:25-bk-15218-BR   Doc 17   Filed 08/05/25   Entered 08/05/25 18:26:28   Desc
Main Document      Page 72 of 74

Case 2:25-bk-15221-BB   Doc 1   Filed 06/20/25   Entered 06/20/25 22:16:28   Desc
Main Document      Page 65 of 66

Lyons Plastering & Stucco, Inc
23638 Lyons Ave., #204
Newhall, CA 91321


Marjon Shabanpour
1676 Olympus Loop Dr.
Vista, CA 92081


RFNR, LLP
5757 Wilshire Blvd., Suite 937
Los Angeles, CA 90036


RFNR, LLP
5757 Wilshire Blvd, Suite 937
Los Angeles, CA 90036


Roberts Home Audio & Video, Inc
Attn: Derek Eitel, VP
1611 S. La Cienega Blvd
Los Angeles, CA 90035


SBW Inc
8267 Marmay Pl
Sun Valley, CA 91352


Superior Court of CA - Santa Monica
1725 Main St
Case 24SMCV06349
Santa Monica, CA 90401


Synchrony Bank/Care Credit
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896

```
Synchrony Bank/Care Credit
Po Box 71757
Philadelphia, PA 19176


Zoya Shahkarami
6255 Woodland Dr
Dallas, TX 75225
```

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): LIMITED OPPOSITION AND REQUEST FOR
CONTINUANCE RE: MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL
PROPERTY); DECLARATION OF WESLEY H. AVERY IN SUPPORT will be served or was served **(a)** on the judge in
chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**August 5, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Wesley H Avery (TR)**    wes@averytrustee.com,
  C117@ecfcbis.com;lucy@averytrustee.com;lupe@averytrustee.com
- **Sanaz Sarah Bereliani**    berelianilaw@gmail.com, chris@berelianilaw.com;r48595@notify.bestcase.com
- **Brad D Krasnoff (TR)**    bdktrustee@lnbyg.com, bkrasnoff@ecf.axosfs.com;bdktrustee@lnbyg.com
- **Michael S Myers**    myersm@ballardspahr.com,
  BKTDocket_West@ballardspahr.com;PHXLitLAAs@ballardspahr.com
- **Sara Shahbazi**    shahbazis@ballardspahr.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **August 5, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

DEBTOR
SASHA ZALL
149 S BARRINGTON #151
LOS ANGELES, CA 90049

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 5, 2025**, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Via Personal Delivery
Honorable Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 5, 2025   Layla Buchanan | /s/ Layla Buchanan |
|---|---|
| Date    Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT 3, PAGE 194

**EXHIBIT 4**

1 | Michael S. Myers, SBN 305011
Sara Shahbazi, SBN 351498
2 | **BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
3 | Los Angeles, CA 90067-2915
Telephone: 424.204.4400
4 | Facsimile: 424.204.4350
E-mail: myersm@ballardspahr.com
5 |        shahbazis@ballardspahr.com

6 | *Attorneys for Arixa Capital Corporation*, servicer for *Churchill MRA Funding I LLC*

7 | **UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
8 | **LOS ANGELES DIVISION**

9 | In re:                         Case No.: 2:25-bk-15218-BR

10 | Sasha Zall,                Chapter 7

11 |             Debtor.       **REPLY IN SUPPORT OF MOTION FOR**
**RELIEF FROM THE AUTOMATIC STAY**

12 |

13 |

14 |      Arixa Capital Corporation ("Servicer"), on behalf of Churchill MRA Funding I LLC

15 | ("Lender"), by and through its attorneys, hereby respectfully submits this reply (the "Reply") in

16 | support of its *Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (with supporting*

17 | *declarations) (REAL PROPERTY)* (the "Motion"), and states as follows:

18 | **I.**
**INTRODUCTION**

19 |      Only two "Limited Oppositions" were filed in response to the Motion – one by Debtor

20 | Sasha Zall ("Debtor") and the other by Wesley H. Avery, the chapter 7 trustee of the estate of

21 | Mitra Zall ("Avery").  Debtor and Avery ask this Court for a continuance of the Motion[1] based

22 | on Debtor's efforts to sell the Property and Avery's wish to investigate the value of the Property.[2]

23 | Avery also asserts that Lender is protected by an equity cushion, while Debtor claims that a brief

24 | continuance will allow him to complete discussions regarding a potential sale.[3]

25 | [1]     Debtor suggests 45 days while Avery asks for 60 days.

26 | [2]     All capitalized terms not otherwise defined herein shall take the meaning ascribed to
them in the Motion.

27 |

28 | [3]     Debtor states that the Property was "listed for sale *just six months ago* at approximately
$12,000,000."  Debtor Opposition, ¶ 11 (emphasis added).  That the Property has been

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

1    Debtor and Avery do anything but address the central basis for Lender's Motion: Debtor

2    does not have an interest in the Property. Rather, Debtor owns a 2% interest in a limited liability

3    company that owns the Property. Avery is the trustee of the bankruptcy estate of Mitra Zall ("Ms.

4    Zall"), who owns the other 98% of the limited liability company. That entity, Lender's Borrower,

5    owns the Property. Neither Debtor nor Ms. Zall (or her bankruptcy trustee, Avery) have any

6    interest in the Property personally. As Debtor does not have an ownership interest in the Property,

7    the automatic stay in this case does not extend to the Property. As such, Lender seeks an order

8    confirming that the stay does not apply such that Lender may proceed with its applicable state

9    law rights and remedies. Lender has also filed a stay relief motion in Ms. Zall's bankruptcy case.

10    (Case No. 2:25-bk-15221-BB, ECF No. 29).

**II.**

**REPLY**

**A.    THE STAY DOES NOT APPLY TO PROPERTY OWNED SOLELY BY A NON-DEBTOR LIMITED LIABILITY COMPANY.**

The stay operates as to all legal or equitable interests *of the debtor* in property as of the

commencement of the case and it does not operate as to property that is not part of the estate. 11

U.S.C. §§ 362(a), 541(a). Property of the estate is comprised of all legal or equitable interests of

the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). Real property

owned by a third-party, such as a limited liability company in which the debtor has an ownership

interest, is not property in which the debtor has a legal or equitable interest. *See In re Schaefers*,

623 B.R. 777, 783 (B.A.P. 9th Cir. 2020) ("[U]nder California law a limited liability company is

a separate and distinct legal entity from its owners or members. Consequently, limited liability

company members have no interest in the company's assets."); *In re Coenen*, 487 B.R. 539, 541

(Bankr. W.D. Wis. 2012) ("Assets that are owned by a non-debtor third party, even a solely-

owned business entity, do not become property of estate."). Debtor's interest is limited to

25    listed for that long without a sale should tell all interested parties that the Property is not
26    worth the list price. Moreover, upon information and belief, the Property has been listed
several times dating back to April 2024. To the extent the Court considers Debtor's sale
27    efforts to be a salient fact, and in the interest of full candor to the Court, Lender would
request that Debtor's counsel to clarify how long Debtor has actually been marketing the
28    Property.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915

2

**REPLY IN SUPPORT OF MOTION**
**FOR RELIEF FROM THE AUTOMATIC STAY**

distributions from Borrower. *In re Brittain*, 435 B.R. 318, 322 (Bankr. D.S.C. 2010) ("[A] member's bankruptcy estate has no interest in property of an LLC and that the estate's property interest is limited to the member's distributional interest."). *See also Fowler v. Shadel*, 400 F.3d 1016, 1019 (7th Cir. 2005) ("The corporate assets of Fowler Trucking, Inc. are not property of the debtor and therefore cannot become property of Fowler's bankruptcy estate."). Stay relief may be granted for "cause", which is not defined and is instead determined on a case-by-case basis. *See In re Delaney-Morin*, 304 B.R. 365, 369 (B.A.P. 9th Cir. 2003).

Here, Debtor and Avery do not contest the fact that Borrower is the sole owner of the Property. *See* ECF No. 10, Exhibit B (Deed of Trust). Debtor merely holds a 2% ownership interest in Borrower, 155 North Anita, LLC, while Ms. Zall holds the other 98% ownership in that entity. Debtor and Ms. Zall have muddied the waters by scheduling the Property as real property in which they hold an interest in their respective schedules, thereby hindering Lender's attempts to foreclose on the Property. Debtor has doubled down on his hindrance of Lender's enforcement rights, and now Avery has joined in that futile endeavor. Debtor claims that a continuance would allow him to "complete discussions regarding a potential sale or refinancing," [Debtor Opp. ¶ 11] despite the fact that he had been marketing it for at least six months without success. Meanwhile, Avery asserts that he needs to "investigate the value of the Residence, if any." [Avery Opp. P. 4]. Debtor and Avery do not need more time to market the Property or to investigate its value to the bankruptcy estate of Debtor or Ms. Zall. The answer is simple: the Property has zero value to either estate because neither Debtor nor Ms. Zall have any interest in the Property.

Because Debtor has no interest in the Property, the Court should enter an order confirming that no stay from this case applies to the Property.

**B.      FAILURE TO INSURE THE PROPERTY CONSTITUTES CAUSE FOR RELIEF FROM THE AUTOMATIC STAY.**

To the extent that the stay applies to the Property, there is an independent basis to grant relief from the stay, aside from Debtor's lack of interest in the Property. The failure to insure property, thereby causing its value to decline, constitutes lack of adequate protection. *See* 11

**REPLY IN SUPPORT OF MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915

U.S.C. § 362(d)(1); *see also In re Ellis*, 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985); *In re Russell*, 567 B.R. 833, 840 (Bankr. D. Mont. 2017) (finding lack of adequate protection where debtor had failed to pay property taxes and insurance); *In re Delaney-Morin*, 304 B.R. 365, 370 n.3 (B.A.P. 9th Cir. 2003); *Matter of Holly's, Inc.*, 140 B.R. 643, 696 (Bankr. W.D. Mich. 1992) ("[A]s adequate protection, courts require that the debtor maintain adequate insurance. Property insurance coverage is required because of the *foreseeable risk* to the secured creditor—the possible jeopardy to the collateral while it is under the control of a debtor.") (emphasis in original).

Borrower has failed to maintain insurance coverage on the Property and continues to fail to do so. Debtor concedes this issue, stating that he "understand[s] the urgency of addressing the property condition and insurance issues." Declaration of Sasha Zall (attached to Debtor's Opp.), ¶ 10. Indeed, "Debtor acknowledges that the Property sustained fire damage in January 2025." Debtor Opp., ¶ 9. Nevertheless, Debtor has the audacity to claim that Lender "will not be prejudiced by a brief forty-five (45) day continuance." Debtor Opp., ¶ 18. As the case law recognizes, the failure to insure the Property constitutes lack of adequate protection because it jeopardizes Lender's collateral. Thus, even if Borrower—the owner of the Property—were in bankruptcy, there would be sufficient grounds to grant relief from the automatic stay under 11 U.S.C. § 362(d)(1).

**III.**
**CONCLUSION**

Based on the foregoing, Lender respectfully requests that this Court enter an order confirming that the automatic stay does not apply or, grant stay relief to the extent the stay applies, so that Lender may utilize remedies available under applicable state law and the Loan Documents, and granting such other and further relief as this Court deems just and proper.

//
//
//
//

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915

4
**REPLY IN SUPPORT OF MOTION**
**FOR RELIEF FROM THE AUTOMATIC STAY**



Dated: August 12, 2025

By: _/s/ Michael S. Myers_

Michael S. Myers, SBN 305011
Sara Shahbazi, SBN 351498
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350
E-mail: myersm@ballardspahr.com
        shahbazis@ballardspahr.com

*Attorneys for Arixa Capital Corporation,
servicer for Churchill MRA Funding I LLC*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

5

**REPLY IN SUPPORT OF MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 601 SW Second Avenue, Suite 2100, Portland, Oregon 97204.


A true and correct copy of the foregoing document entitled **REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 12, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Sanaz Sarah Bereliani berelianilaw@gmail.com, chris@berelianilaw.com; r48595@notify.bestcase.com
- Brad D Krasnoff (TR) bdktrustee@lnbyg.com, bkrasnoff@ecf.axosfs.com; bdktrustee@lnbyg.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- Wesley H Avery (TR) wes@averytrustee.com, C117@ecfcbis.com, lucy@averytrustee.com, lupe@averytrustee.com

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

N/A

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 12, 2025,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

***Via Email***
Sanaz Sarah Bereliani berelianilaw@gmail.com, chris@berelianilaw.com;
Wesley H Avery (TR) wes@averytrustee.com;
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

***Via Overnight Mail***
**The Honorable Barry Russell**, Suite #1660, LOS ANGELES DIVISION, U.S. Bankruptcy Court, Roybal Federal Building, 255 E. Temple Street, Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 12, 2025 | Stuart Wylen | /s/ Stuart Wylen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |


---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **LIMITED OPPOSITION AND REQUEST FOR CONTINUANCE RE: MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY); DECLARATION OF WESLEY H. AVERY IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  **August 19, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Wesley H Avery (TR)**    wes@averytrustee.com, C117@ecfcbis.com;lucy@averytrustee.com;
  lupe@averytrustee.com
- **Sanaz Sarah Bereliani**    berelianilaw@gmail.com, chris@berelianilaw.com;r48595@notify.bestcase.com
- **Byron Z Moldo**    bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- **ATTORNEY FOR MOVANT CREDITOR ARIXA CAPITAL CORPORATION, SERVICER FOR CHURCHILL MRA FUNDING I LLC: Michael S Myers**    myersm@ballardspahr.com,
  BKTDocket_West@ballardspahr.com;PHXLitLAAs@ballardspahr.com
- **Sara Shahbazi**    shahbazis@ballardspahr.com
- **Jeffrey L Sumpter**    jsumpter1@cox.net
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **David Wood**    dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;
  spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com

☐ Service information continued on attached page

**2**. **SERVED BY UNITED STATES MAIL**: On **August 19, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

 **DEBTOR**: Mitra Sara Zall, 149 S. Barrington Ave #151, Los Angeles, CA 90049

☐ Service information continued on attached page

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  **August 19, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Sheri Bluebond – via personal delivery
U.S. Bankruptcy Court, Suite 1534
Roybal Federal Building
255 E. Temple Street
Los Angeles, CA  90012-3332

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 19, 2025 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**